UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PATH AMERICA, LLC; PATH AMERICA SNOCO LLC; PATH AMERICA FARMER'S MARKET, LP; PATH AMERICA KINGCO LLC; PATH AMERICA TOWER, LP; PATH TOWER SEATTLE, LP; POTALA TOWER SEATTLE, LLC; and LOBSANG DARGEY,<br><br>Defendants, and<br><br>POTALA SHORELINE, LLC; and POTALA VILLAGE KIRKLAND, LLC,<br><br>Relief Defendants. | Civil Action No. _____<br><br>COMPLAINT |

Plaintiff Securities and Exchange Commission ("Commission" or "SEC") alleges:

**SUMMARY OF ACTION**

1. Since February 2012, defendants Lobsang Dargey; Path America, LLC; Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo LLC; Path America Tower, LP; Path Tower Seattle, LP; and Potala Tower Seattle, LLC (collectively,

1  "Defendants") have exploited a federal visa program to defraud investors seeking investment
2  returns and a path to United States residency. To date, Defendants have fraudulently raised at
3  least $125 million through their sales of securities to 250 investors and collected at least $11
4  million in additional fees.

5      2.    Most of the direct victims of this fraud are foreign nationals seeking residency
6  in the United States. Defendants Dargey, Path America, Path America SnoCo, Path America
7  Farmer's Market, Path America KingCo, Path America Tower, and Path Tower Seattle
8  (collectively, the "Offering Defendants") solicited the investments predominantly from
9  Chinese citizens, claiming the investments would qualify under the EB-5 Program
10 administered by United States Citizenship and Immigration Services ("USCIS"), which
11 provides that foreign nationals may qualify for United States residency if they make a
12 qualified investment of $500,000 or more in a specified project that is determined to have
13 created or preserved at least 10 jobs for United States workers.

14     3.    Using this lure, and the promise of investment returns, Defendants have
15 targeted and continue to target Chinese investors in a scheme to sell securities to finance two
16 different real estate projects, a skyscraper in downtown Seattle and a mixed-use commercial
17 and residential development containing a farmer's market in Everett, Washington. However,
18 rather than use the money solely for the projects for which it was purportedly raised,
19 Defendants have misappropriated approximately $17.6 million. For example, Defendant
20 Dargey misappropriated approximately $2.5 million of investor funds to purchase a residence
21 in Bellevue, Washington. Further, Dargey made cash withdrawals of investor funds totaling
22 approximately $350,000, including more than $200,000 withdrawn at 14 different casinos in
23 Washington, Nevada, California, and British Columbia, Canada. Defendants have also
24 misappropriated approximately $14.7 million of investor funds for use in real estate projects
25 under Dargey's control through relief defendants Potala Shoreline, LLC and Potala Village
26 Kirkland, LLC, which are unrelated to the projects for which the funds were raised.

27
28

4.      The Offering Defendants have also made materially false and misleading statements and omissions of material facts to solicit investors for the real estate projects. Investors were provided with a Private Placement Memorandum ("PPM") that describes the securities offering and states that the offering is designed to provide investors with a path to residency in the United States through the EB-5 Program. However, the Offering Defendants knew, or were reckless in not knowing, at the time investors were provided the PPMs that Defendants' use of funds contrary to what was disclosed in filings to USCIS put in jeopardy the investors' EB-5 petitions and ability to obtain residency in the United States.

5.      Through this action, the Commission seeks to protect the interests of current and future investors. As the fraud described is ongoing and likely to continue, and millions of dollars of investor funds remain at risk of dissipation, the Commission seeks emergency *ex parte* relief in this action to enjoin violations of the anti-fraud provisions of the federal securities laws, freeze assets, and secure other equitable relief.

## JURISDICTION AND VENUE

6.      The Commission brings this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77t(d), and 77v(a)], and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa]. Defendants, directly or indirectly, made use of the means and instrumentalities of interstate commerce or of the mails in connection with the acts, transactions, practices, and courses of business alleged in this Complaint.

7.      Venue is proper in this District pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)]. During the period described in this Complaint, defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, and Potala Tower Seattle have maintained their principal places of business in Everett, Washington. Defendant Dargey also resides in this District. In addition, acts, practices, and

courses of business that form the basis for the violations alleged in this Complaint occurred in this District.

8. Assignment to the Seattle Division is appropriate pursuant to Local Rule 3(d)(1) because a substantial part of the events that give rise to the claims occurred in Snohomish County and King County. In addition, defendant Dargey resides in King County and defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, and Potala Tower Seattle maintain their principal places of business in Snohomish County.

**DEFENDANTS**

9. Defendant Lobsang Dargey, age 41, of Bellevue, Washington, is the controlling owner and sole member of Dargey Development, LLC, which is the owner and controlling member of defendant Path America, LLC. Dargey, through Path America, also controls each of the other defendants. Dargey also controls the bank accounts for each of the entities through which investor money flowed.

10. Defendant Path America, LLC is a Washington limited liability company registered with the Washington Secretary of State since 2010 that maintains its principal place of business in Everett, Washington. Dargey is the controlling owner and sole member of Dargey Development, the owner and controlling member of Path America. Path America is the parent and managing member of defendants Path America SnoCo and Path America KingCo.

11. Defendant Path America SnoCo LLC is a Washington limited liability company registered with the Washington Secretary of State since 2010 that maintains its principal place of business in Everett, Washington. Defendant Path America is the owner and sole member of Path America SnoCo. On or about August 8, 2011, Path America SnoCo obtained designation as a "Regional Center" from USCIS, which authorized it to sponsor EB-5 Program investment offerings.

SEC V. PATH AMERICA, LLC, ET AL.
COMPLAINT
-4-
SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE: 415-705-2500

12. Defendant <u>Path America Farmer's Market, LP</u> is a Washington limited partnership that maintains its principal place of business in Everett, Washington. Path America Farmer's Market is the issuer for an EB-5 Program investment offering sponsored by Path America SnoCo, and maintains a bank account into which proceeds raised from defrauded investors are deposited.

13. Defendant <u>Path America KingCo LLC</u> is a Washington limited liability company registered with the Washington Secretary of State since 2010 that maintains its principal place of business in Everett, Washington. Defendant Path America is the owner and sole member of Path America KingCo. On or about June 6, 2013, Path America KingCo obtained designation as a "Regional Center" from USCIS, which authorized it to sponsor EB-5 Program investment offerings.

14. Defendant <u>Path America Tower, LP</u> is a Washington limited partnership that maintains its principal place of business in Everett, Washington. Path America Tower is the issuer for an EB-5 Program investment offering sponsored by Path America KingCo, and maintains a bank account into which proceeds raised from defrauded investors are deposited.

15. Defendant <u>Path Tower Seattle, LP</u> is Washington limited partnership that maintains its principal place of business in Everett, Washington. Path Tower Seattle is the issuer for an EB-5 Program investment offering sponsored by Path America KingCo, and maintains a bank account into which proceeds raised from defrauded investors are deposited.

16. Defendant <u>Potala Tower Seattle, LLC</u> is a Delaware limited liability company that maintains its principal place of business in Everett, Washington. Potala Tower Seattle maintains a bank account into which proceeds raised from defrauded investors are deposited. Potala Tower Seattle also owns property purchased with funds raised from defrauded investors.

## RELIEF DEFENDANTS

17. The following entities are named as Relief Defendants in this action for the purpose of assuring complete relief. Each received investor money or property that was obtained in violation of the federal securities laws.

18. <u>Potala Shoreline, LLC</u> is a Delaware limited liability company that maintains its principal place of business in Everett, Washington. Potala Shoreline maintains a bank account into which proceeds raised from defrauded investors are deposited. Potala Shoreline also owns property purchased with funds raised from defrauded investors.

19. <u>Potala Village Kirkland, LLC</u> is a Washington limited liability company that maintains its principal place of business in Everett, Washington. Potala Village Kirkland maintains a bank account into which proceeds raised from defrauded investors are deposited. Potala Village Kirkland also owns property purchased with funds raised from defrauded investors.

## FACTUAL ALLEGATIONS

**A.    The Tower Project**

20. From November 2013 to the present, Defendants Dargey, Path America, and Path America KingCo, through Defendants Path America Tower and Path Tower Seattle, raised approximately $85 million from 170 Chinese nationals as investments in a real estate development project in downtown Seattle (referred to herein as the "Tower Project").

21. Whether through Path America Tower or Path Tower Seattle, Defendants Dargey, Path America, and Path America KingCo solicit investments as limited partnership interests which are sold for $500,000 each, plus an administrative fee of $45,000 per investor.

22. The PPMs for both Path America Tower and Path Tower Seattle contain substantially the same information, including the statement that an investment in the project is intended to qualify under the EB-5 Program. The PPMs seek to raise a combined $122 million from 244 investors and are provided to investors by Defendants Path America, Path

America KingCo, Path America Tower, Path Tower Seattle, and Dargey, and/or individuals or entities acting under their direction.

23. According to the PPMs, the proceeds of the offerings are to be loaned to an operating company controlled by Dargey, Potala Tower Seattle, for the construction and development of a 40-story tower on the real property located at 2116 Fourth Avenue, Seattle, Washington. Specifically, Potala Tower Seattle is to use the money "to acquire, construct, manage and operate a new mixed-use facility to include [a hotel] …, a restaurant and wine bar, residential apartment units, a variety of amenities for the hotel guests and residents, and underground parking."

24. In addition to providing investors with the PPMs, Defendants Path America, Path America KingCo, Path America Tower, Path Tower Seattle, and Dargey also provide subscription agreements which direct investors to send $500,000, by wire, to an escrow account in the United States. The subscription agreements also direct investors to send a $45,000 administrative fee, by wire, to an account in Hong Kong.

25. Investors are told in both the PPMs and subscription agreements that upon confirmation that the investor has filed an EB-5 visa petition with USCIS, $400,000 is released from escrow, with the remaining $100,000 released from escrow upon confirmation that USCIS has approved the investor's EB-5 visa petition.

**B.    The Farmer's Market Project**

26. From February 2012 through approximately April 2014, Defendants Dargey, Path America, and Path America SnoCo, through Path America Farmer's Market, raised approximately $41 million from 82 Chinese nationals as investments in a real estate development project in Everett, Washington (referred to herein as the "Farmer's Market Project").

27. Defendants Dargey, Path America, Path America SnoCo, and Path America Farmer's Market solicited money for the Farmer's Market Project from investors through the sale of limited partnership interests in Path America Farmer's Market. The limited

partnership interests were sold for $500,000 each, plus an administrative fee of $45,000 per investor.

28. The PPM for Path America Farmer's Market states that an investment in the security is intended to qualify under the EB-5 Program. The PPM, which sought to raise $40 million from 80 investors, was provided to investors by defendants Path America, Path America SnoCo, Path America Farmer's Market, and Dargey, and/or individuals or entities acting under their direction.

29. According to the PPM, the proceeds from the offering were to be used to (1) invest in Path Farmer's Market, LLC, an entity that "intends to develop, construct, manage and operate" a real estate project with residential apartments and retail stores in Everett, Washington, and (2) invest in Everett Hospitality Company, LLC, an entity that "intends to develop, construct, manage, and operate a hotel project" on a parcel of land immediately adjacent to the Path America Farmer's Market parcel.

30. In addition to providing investors with the PPM, Defendants Path America, Path America SnoCo, Path America Farmer's Market, and Dargey also provided a subscription agreement which directs investors to send $500,000, by wire, to an escrow account in the United States. The subscription agreement also directs investors to send a $45,000 administrative fee, by wire, to an account in Hong Kong.

31. Investors were told in both the PPM and subscription agreement that, upon confirmation that the investor has filed an EB-5 visa petition with USCIS, $400,000 is released from escrow, with the remaining $100,000 released from escrow upon confirmation that USCIS has approved the investor's EB-5 visa petition.

**C.  Defendants' Misappropriation of Investor Funds**

32. Defendants have misappropriated approximately $17.6 million of investor funds. As described above, the funds invested in both the Tower Project and the Farmer's Market Project were originally deposited into accounts under the control of an escrow agent in California. The escrow agent followed the instructions provided in the escrow agreements

signed by, or at the direction of, the Offering Defendants, which describe how investor funds are to be released to the Offering Defendants.

33.     For investments in the Tower Project, after the escrow agent released funds from escrow into accounts held in the names of the two issuers, Path America Tower and Path Tower Seattle, Defendant Dargey transferred the funds to an account held in the name of Potala Tower Seattle (the "Tower Account").  For investments in the Farmer's Market Project, the escrow agent released funds from escrow into an account held in the name of Path America Farmer's Market (the "Farmer's Market Account").

34.     On September 9, 2014, Dargey transferred $1.5 million from the Tower Account to an account held in the name of Dargey Development, LLC, another entity he controls.  The next day, Dargey transferred the $1.5 million from Dargey Development into an account held in his name and that of his wife.  On September 10, 2014, Dargey also transferred $1 million from the Tower Account directly into the account held in his name and that of his wife.  On September 19, 2014, Dargey used $2,473,500 from the account in his and his wife's name to fund the purchase of a residential property in Bellevue, Washington by Bellewood Farms Trust, the beneficiaries of which are Dargey and his wife.

35.     Between approximately October 2012 and June 2015, Defendant Dargey withdrew approximately $350,000 in cash from the Tower Account and the Farmer's Market Account, in most instances through a debit card or at a bank teller.  Defendant Dargey made more than $200,000 of those withdrawals at 14 different gambling establishments in Washington, Nevada, California, and British Columbia, Canada.

36.     On October 7, 2014, Dargey transferred $200,000 from the Tower Account for use as earnest money on the purchase of property in Shoreline, Washington.  The Shoreline property was not part of the Tower Project and is located more than seven miles away.  On January 14, 2015, Dargey transferred an additional $350,000 from the Tower Account for use as earnest money on the purchase of the Shoreline property.

SEC V. PATH AMERICA, LLC, ET AL.
COMPLAINT
-9-
SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE: 415-705-2500

37.     From January 2015 through approximately May 2015, Dargey transferred $6,675,000 from the Tower Account to an account held in the name of Potala Shoreline, an entity Dargey owns and controls and which is unrelated to the Tower Project. On May 13, 2015, Dargey transferred approximately $5.9 million from the Potala Shoreline account to complete the purchase of the property in Shoreline, Washington. Together with the prior transfers of $550,000 for use as earnest money, Dargey thus diverted a total of $7,225,000 from the Tower Project for the benefit of Potala Shoreline, of which he used approximately $6,450,000 to purchase the Shoreline property.

38.     From July 2012 through approximately August 2014, on approximately 40 occasions Defendant Dargey transferred a total of approximately $7.5 million from the Tower Account and Farmer's Market Account to an account held in the name of Potala Village Kirkland, an entity Dargey owns and controls and which is unrelated to either the Tower Project or the Farmer's Market Project. In August 2014, Dargey used approximately $4.25 million of those funds to purchase property in Kirkland, Washington.

**D.    Defendants' Material Misrepresentations and Omissions in the PPMs**

39.     The Offering Defendants made materially false and misleading statements and omissions of material facts in the PPMs used to solicit investors in the Tower Project and Farmer's Market Project.

40.     The PPMs for both the Tower Project and Farmer's Market Project state that the offerings are intended to allow for an investment to qualify under the EB-5 Program. Moreover, the Tower Project PPMs state that defendant Path America KingCo takes on the responsibility of "maintenance and compliance … under USCIS guidelines."

41.     In particular, the Tower Project PPMs state that an investor's permanent residency petition may be denied by USCIS if the funds are used for a project that is a "material departure from the business plan presented to USCIS in obtaining the investor's initial EB-5 petition approval." The Offering Defendants' statements are false and misleading because at the time they made the statements acknowledging the importance of adhering to

the project plans, Defendants had transferred or were then transferring millions of dollars of investor funds for purposes contrary to those set forth in the business plans provided to USCIS. Thus, while stating in a business plan provided to USCIS that Defendants would use the Tower Project funds solely for the Tower Project, Defendants siphoned millions of dollars of investor funds from the Tower Project for Dargey's personal use.

**E.    Defendants' Fraudulent Conduct Is Ongoing**

42.    Defendants' fraud is ongoing. First, the PPMs for the Tower Project set forth Defendants' intention to raise an additional approximately $35 million for that project. Defendant Dargey also has recently submitted new materials with USCIS stating his intention to raise an additional $95 million from foreign investors, also via the EB-5 Program.

43.    Second, Defendants continue to misappropriate investor funds and to use them contrary to the purposes stated in PPMs provided to solicit new investments. In June 2015 alone, Defendant Dargey withdrew cash from investor funded bank accounts, including $12,000 withdrawn at gambling establishments. Defendants also continue to use investor funds for unrelated real estate projects. As recently as May 2015, Defendants Path America, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey used approximately $5.9 million of investor funds for the purchase of property in Shoreline, Washington as described above.

44.    Defendants also have transferred substantial funds to foreign bank accounts. From September 2013 through May 2015, Defendants transferred over $3 million from the Tower Account and Farmer's Market Account to a Hong Kong account held in the name of Path America Asia, Ltd., over which Dargey has sole control.

45.    Defendants engaged in the scheme to defraud through the misappropriation of investor funds knowingly or recklessly. Further, the Offering Defendants made false and misleading statements, and material omissions of fact to investors, knowingly or recklessly.

**FIRST CLAIM FOR RELIEF**

*Violations of Section 10(b) of the Exchange Act and Rule 10b-5 by Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey*

*(Securities Fraud)*

46. The Commission realleges and incorporates by reference paragraphs 1 through 45.

47. By engaging in the conduct described above, Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey, in connection with the purchase and sale of securities, by the use of the means and instrumentalities of interstate commerce and by the use of the mails, directly and indirectly: used and employed devices, schemes and artifices to defraud; and engaged in acts, practices and courses of business which operated as a fraud and deceit upon purchasers and sellers and prospective purchasers and sellers of securities.  Further, Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

48. Defendants knew, or were reckless in not knowing, of the facts and circumstances described above.

49. By reason of the foregoing, Defendants violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

## SECOND CLAIM FOR RELIEF

*Violations of Section 17(a)(1) and Section 17(a)(3) of the Securities Act by Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey*

*(Securities Fraud)*

50. The Commission realleges and incorporates by reference paragraphs 1 through 45.

51. By engaging in the conduct described above, defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey, by use of means and instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, have employed devices, schemes and artifices to defraud.

52. As detailed above, Defendants intentionally or recklessly made the untrue statements and omissions and engaged in the devices, schemes, artifices, transactions, acts, practices and courses of business described above.

53. By reason of the foregoing, Defendants violated Sections 17(a)(1) and (a)(3) of the Securities Act [15 U.S.C. § 77q(a)(1), 15 U.S.C. § 77q(a)(3)].

## THIRD CLAIM FOR RELIEF

*Violations of Section 17(a)(2) of the Securities Act by Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, and Dargey*

*(Securities Fraud)*

54. The Commission realleges and incorporates by reference paragraphs 1 through 45.

55. By engaging in the conduct described above, Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, and Dargey, acting at least negligently, in the offer and sale of

securities, by the use of the means and instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, have obtained money or property by means of untrue statements of material fact or by omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

56. As detailed above, Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, and Dargey have made false and misleading statements in the PPMs to investors.

57. By reason of the foregoing, Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, and Dargey violated Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)].

## FOURTH CLAIM FOR RELIEF

*(Relief Defendants)*

58. The Commission realleges and incorporates by reference paragraphs 1 through 45.

59. Relief Defendants Potala Shoreline and Potala Village Kirkland received and may continue to hold investors funds and/or assets purchased with investors funds that were obtained through violations of the federal securities laws, as alleged above.

60. As set forth above, investor funds were transferred into bank accounts held in the names of Relief Defendants Potala Shoreline and Potala Village Kirkland.

61. As set forth above, investor funds were used by Relief Defendants Potala Shoreline and Potala Village Kirkland to purchase property unrelated to the projects for which the investor funds were raised.

62. Relief Defendants do not have a legitimate claim to the funds thus obtained.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

I.

Enter an order restraining and enjoining Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey, temporarily, preliminarily and permanently from, directly or indirectly, violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j] and Exchange Act Rule 10b-5 [17 CFR 240.10b-5] thereunder.

II.

Enter an order restraining and enjoining Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey, temporarily, preliminarily and permanently from, directly or indirectly, soliciting any person or entity to purchase or sell any security.

III.

Enter an order restraining and enjoining Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey, temporarily, preliminarily and permanently from, directly or indirectly, participating in the issuance, offer, or sale of any security of any entity controlled by, or under joint control with, any of them.

IV.

Enter an order freezing the assets of Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey; enter an order freezing all assets currently held in escrow that are associated with investments in Defendants Path America Farmer's Market, Path America Tower, and Path Tower Seattle; and enter an order freezing the assets pending

SEC V. PATH AMERICA, LLC, ET AL. COMPLAINT                -15-                SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE: 415-705-2500

further order of Relief Defendants Potala Shoreline and Potala Village Kirkland in specified assets or accounts obtained through the violations alleged herein.

V.

Enter an order requiring Defendant Path America to prepare a sworn accounting of all money obtained from investors, including (1) a report on the disposition and current location of the money, and (2) disclosure of all bank, brokerage, escrow, and financial accounts where investor money was deposited.

VI.

Enter an order prohibiting the movement, alteration, and destruction of books and records to protect the books and records showing the location of assets and the disposition of investors' money and to protect all remaining documents necessary for full discovery in this matter.

VII.

Enter an order requiring Defendant Dargey to return to the United States any investors' funds that have been transferred abroad and subjecting those assets to the order freezing assets.

VIII.

Enter an order requiring Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey, and Relief Defendants Potala Shoreline and Potala Village Kirkland, to disgorge the ill-gotten gains received as a result of the violations alleged herein, plus prejudgment interest thereon.

IX.

Enter an order requiring Defendants Path America, Path America SnoCo, Path America Farmer's Market, Path America KingCo, Path America Tower, Path Tower Seattle, Potala Tower Seattle, and Dargey to pay civil monetary penalties pursuant to Section 20(d) of

the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

X.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

XI.

Grant such other and further relief as this Court may determine to be just, equitable, and necessary.

Dated: August 24, 2015        Respectfully submitted,


                              s/ Bernard B. Smyth
                              Bernard B. Smyth

                              Attorney for Plaintiff
                              SECURITIES AND EXCHANGE
                              COMMISSION