1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PATH AMERICA, LLC, et al.,<br><br>Defendants. | CASE NO. C15-1350JLR<br><br>ORDER |

Before the court is Defendants Path America, LLC, Path America Snoco, LLC, Path America Farmer's Market, LP, Path America Kingco, LLC, Path America Tower, LP, Path Tower Seattle, LP, Potala Tower Seattle, LLC, and Lobsang Dargey, (collectively "Defendants') and Relief Defendants Potala Shoreline, LLC, and Potala Village Kirkland, LLC's (collectively "Relief Defendants") motion to modify the court's temporary restraining order.  (Mot. (Dkt. # 33).)  Defendants and Relief Defendants also filed a memorandum in support of their motion (Def. Mem. (Dkt. # 34)), which

ORDER- 1

simultaneously serves as their response to Plaintiff Securities and Exchange Commission's ("SEC") motion for a preliminary injunction (PI Mot. (Dkt. # 10)).[1]  In response, the SEC filed a "notice" of its "intent to oppose Defendants' and Relief Defendants' Motion to Modify Temporary Restraining Order."  (Notice (Dtk. # 42).)  For the reasons stated herein, the court declines to hear Defendants and Relief Defendants' motion to modify the temporary restraining order prior to the date presently scheduled for hearing on the SEC's motion for preliminary injunction.

Defendants and Relief Defendants filed their motion to modify the court's temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b)(4).  (*See* Mot. at 1 (citing Fed. R. Civ. P. 65(b)(4)).)  This Rule permits Defendants and Relief Defendants "[o]n 2 days' notice . . . to move to dissolve or modify the order."  Fed. R. Civ. P. 65(b)(4).  "The court must then hear and decide the motion as promptly as justice requires."  *Id.*  This order addresses only the timing of the court's consideration of Defendants' and Relief Defendants' motion.  The court concludes, based on its analysis below, that justice does not require that it hear and decide the motion to amend the

---

[1] The court notes that Defendants and Relief Defendants' memorandum in opposition to the SEC's motion for a preliminary injunction was due on September 21, 2015.  (*See* Min. Entry dated 9/11/15 ("The response brief shall be filed by Monday, September 21, 2015 and the reply brief shall be filed by Friday, September 25, 2015.").)  Defendants and Relief Defendants did not file their memorandum until Tuesday, September 22, 2015, at approximately 12:15 a.m.  Defendants and Relief Defendants' response to the SEC's motion for preliminary injunction was, therefore, untimely.  The court's deadlines are not optional.  Nevertheless, Defendants and Relief Defendants failed to meet the deadline by only approximately 15 minutes in this case, and the SEC has not indicated it has suffered any prejudice by this minor delay.  In the future, however, the court expects that parties to adhere to Federal Rule of Civil Procedure 6(b) regarding the extension of deadlines.  *See* Fed. R. Civ. P. 6(b)(1)(A), (B).  Further failure to adhere to the Federal Rules of Civil of Procedure and the court's local rules by any party or any party's counsel may result in the court's imposition of sanctions.

temporary restraining order prior to its hearing of the SEC's motion for preliminary injunction.

The court received the SEC's motion for a temporary restraining order on August 24, 2015, and entered a temporary restraining order later that same day. (*See* Mot. for TRO (Dkt. # 2); TRO (Dkt. # 9).) At that time the court set the hearing on the SEC's motion for a preliminary injunction for September 14, 2015. (*See* TRO § XII at 10; *see also* 8/24/15 Min. Entry ("A preliminary injunction hearing is scheduled for Monday, September 14, 2015 at 1:00 p.m.").) The SEC filed its motion for a preliminary injunction on August 27, 2015. (PI Mot.)

On September 4, 2015, the parties filed a stipulation with the court seeking a number of modifications to the temporary restraining order. (9/4/15 Stip. (Dkt. # 19).) The parties stipulated to striking the September 14, 2015, hearing date for the SEC's motion for preliminary injunction and also stipulated to extending the duration of the temporary restraining order until the court heard the SEC's motion for preliminary injunction. (*Id.* ¶¶ 4-5, at 4.) The court entered the parties' stipulation as an order later that same day. (9/4/15 Order (Dkt. ## 20 (sealed), 21 (redacted)).) The hearing on the SEC's motion for preliminary injunction was then set for October 6, 2015, pursuant to the parties' stipulation and the court's order. (*See id.* ¶ 5 ("[T]he parties are instructed to contact the Clerk of Court to reschedule the hearing on Plaintiff's motion for preliminary injunction."); *see also* 9/4/15 Stip. (same); 9/11/15 Min. Entry (setting the date for the hearing on October 6, 2015).)

ORDER- 3

Defendants and Relief Defendants now move to modify the temporary restraining order on two days notice. (*See generally* Mot.) Specifically, they seek to lift the court's freeze on all bank accounts and investment accounts maintained or controlled by Defendants and Relief Defendants. (*See* Def. Mem. at 3 (citing TRO §§ VI.a, b).) Since the court's entry of the August 24, 2015, temporary restraining order, Defendants have sought and the SEC has stipulated to five alterations of the order, all of which the court has entered as modifications to its original order. (*See* Dkt. ## 17, 18, 20 (sealed), 21 (redacted), 24, 27 (sealed), 28 (redacted).) Four of these modifications permit Defendants and/or Relief Defendants to make selected payments on an item-by-item basis despite the imposition of a freeze on bank and investment accounts. (*See* Dkt. ## 18, 20 (sealed), 21 (redacted), 24, 27 (sealed), 28 (redacted).) Defendants and Relief Defendants acknowledge that the SEC "could not have been any more cooperative and responsive, and they have acted in good faith." (Def. Mem. at 3.) In addition, Defendants and Relief Defendants acknowledge that the court "has been extraordinary in its instantaneous review and issuance of orders consistent with the modifications." (*Id.*) Nevertheless, Defendants and Relief Defendants insist that "**this process is simply not working.**" (*Id.* (emphasis in original).) Defendants and Relief Defendants contend that the SEC lawyers are not "charged with managing day-to-day construction and management decisions," the court has been burdened by repeated requests to modify its orders, and harm to Defendants, Relief Defendants, and their affiliates "grows as payments are late or not made, and essential business and management activities grind to a halt." (*Id.*)

At the time that Defendants and Relief Defendants stipulated to an extension of the temporary restraining order and to rescheduling the hearing on the SEC's motion for preliminary injunction from September 14, 2015, to October 6, 2015, they had already been operating under the temporary restraining order for 11 days.  (*Compare* TRO (entered on August 24, 2015) *with* 9/4/15 Stip. (filed on September 4, 2015).)  The stipulation which requested the extension of the temporary restraining order and hearing for the motion for preliminary injunction was the third stipulation to modify the temporary restraining order requested by the parties and granted by the court.  (*See, e.g.*, Dkt. ## 17, 18, 20, 21.)  Thus, Defendants and Relief Defendants understood the realities of operating under the temporary restraining order and seeking approval for modifications as necessary.  Despite these realities, they sought an extension for the preliminary injunction hearing and the temporary restraining order until October 6, 2015.  If Defendants and Relief Defendants had not sought these extensions, the court would have already heard the SEC's motion for preliminary injunction on September 14, 2015, and the injunction would either be in place or the temporary restraining order would have been lifted.  Therefore, the fact that Defendants and Relief Defendants are still operating under the temporary restraining order and the bank account freeze is an issue largely of their own creation.

There are additional reasons, however, that the court declines to hear this motion prior to the hearing on the SEC's motion for preliminary injunction.  First, although Defendants and Relief Defendants dispute certain allegations in the SEC's complaint (*see* Def. Mem. at 7-11), for purposes of their motion seeking a modification of the temporary

At the time that Defendants and Relief Defendants stipulated to an extension of the temporary restraining order and to rescheduling the hearing on the SEC's motion for preliminary injunction from September 14, 2015, to October 6, 2015, they had already been operating under the temporary restraining order for 11 days.  (*Compare* TRO (entered on August 24, 2015) *with* 9/4/15 Stip. (filed on September 4, 2015).)  The stipulation which requested the extension of the temporary restraining order and hearing for the motion for preliminary injunction was the third stipulation to modify the temporary restraining order requested by the parties and granted by the court.  (*See, e.g.*, Dkt. ## 17, 18, 20, 21.)  Thus, Defendants and Relief Defendants understood the realities of operating under the temporary restraining order and seeking approval for modifications as necessary.  Despite these realities, they sought an extension for the preliminary injunction hearing and the temporary restraining order until October 6, 2015.  If Defendants and Relief Defendants had not sought these extensions, the court would have already heard the SEC's motion for preliminary injunction on September 14, 2015, and the injunction would either be in place or the temporary restraining order would have been lifted.  Therefore, the fact that Defendants and Relief Defendants are still operating under the temporary restraining order and the bank account freeze is an issue largely of their own creation.

There are additional reasons, however, that the court declines to hear this motion prior to the hearing on the SEC's motion for preliminary injunction.  First, although Defendants and Relief Defendants dispute certain allegations in the SEC's complaint (*see* Def. Mem. at 7-11), for purposes of their motion seeking a modification of the temporary

restraining order, Defendants and Relief Defendants "do not contest whether the SEC has met its *prima facie* burden on the merits." (*Id.* at 7.) Thus, for purposes of ruling on Defendants and Relief Defendants' motion to modify the temporary restraining order, the court treats the SEC's burden as met.

Second, Defendants and Relief Defendants have submitted testimony questioning the sufficiency of their own management structure and supporting corporate infrastructure. (*See* Kanner Decl. (Dkt. # 35) ¶¶ 2-3.) Indeed, the chief operating officer of Dargey Development testifies that Mr. Dargey's "rise, especially over the last five years, has been so fast that his supporting corporate infrastructure has just not grown nearly fast enough to keep up with the volume of business he is doing." (*Id.* ¶ 3.) To address this need, the current chief operating officer of Dargey Development joined Mr. Dargey "in September 2014 with the goal of bringing structure and process to [Mr. Dargey's] real estate development business." (*Id.*) Despite the addition of this new chief operating officer a year ago, Defendants and Relief Defendants admit that Path America, LLC, ("Path America") still lacks employees capable of performing the court-ordered accounting for the money and other assets held by Path America or the other affiliated Defendants.[2] (9/18/15 Stip. (Dkt. # 25) at 2 ("Path America LLC lacks employees or regular outside accountants with the capability to perform the accounting . . . .").) Thus,

---

[2] As a result, Path America retained Navigant Consulting to assist in performing the required accounting. (9/18/15 Stip. (Dkt. # 25) at 3.) The accounting performed by Navigant Consulting—based on information provided by Defendants and counsel—was timely filed with the court on September 21, 2015. (Accounting (Dkt. # 32) (sealed).)

in addition to the evidence of fraudulent activity that the SEC provided in conjunction with its motions for temporary restraining order and preliminary injunction, there is also substantial uncertainty over the total amount and location of Defendants' assets. This uncertainty is due to Defendants' and Relief Defendants' admitted insufficient corporate infrastructure and present inability to perform an in-house accounting. Under these circumstances, the freeze on bank accounts ensures that there is no additional waste pending the court's consideration of the SEC's motion for preliminary injunction.

Finally, as Defendants and Relief Defendants acknowledge, both the SEC and the court have been sensitive to the needs of the various entities at issue to make or receive certain payments. Accordingly, the SEC and the court have stipulated to and ordered, respectively, modifications to the temporary restraining order and freeze on bank accounts. On balance, the court concludes that the present system of seeking stipulated modifications to the temporary restraining order, as needed, strikes the appropriate balance between permitting certain business operations to continue and protecting innocent investors—at least until such time as the court can hear and decide the SEC's motion for preliminary injunction.

Based on the foregoing, the court concludes that there is good cause for the temporary restraining order to remain in effect, as amended to date, until such time as the SEC's motion for preliminary injunction is heard and decided by the court. As noted above, the hearing on the SEC's motion for preliminary injunction is presently scheduled for October 6, 2015. The court also concludes that justice does not require that it hear and decide Defendants and Relief Defendants' motion to modify the temporary

restraining order to lift the bank and investment account freeze prior to the court's hearing of the SEC's motion for preliminary injunction on October 6, 2014.  Both motions will be heard on October 6, 2015.  As has been its practice since it imposed the temporary restraining order, the court will continue to endeavor to review and act promptly on any stipulated amendments to the temporary restraining order submitted by the parties.

Dated this 24th day of September, 2015.

JAMES L. ROBART
United States District Judge