1

THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7                                UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
8                                          AT SEATTLE

9    SECURITIES AND EXCHANGE
     COMMISSION,                                   No. 2:15-cv-01350-JLR
10
                        Plaintiff,
11                                                 **PATH AMERICA TOWER
           v.                                      INVESTORS' MOTION TO
12                                                 INTERVENE**
     PATH AMERICA, LLC; PATH AMERICA
13   SNOCO LLC; PATH AMERICA FARMER'S               **Note for Hearing:  October 16, 2015**
     MARKET, LP; PATH AMERICA KINGCO
14   LLC; PATH AMERICA TOWER, LP; PATH              **Oral Argument Requested**
     TOWER SEATTLE, LP; POTALA TOWER
15   SEATTLE, LLC; and LOBSANG DARGEY,

16                      Defendants, and

17   POTALA SHORELINE, LLC and POTALA
     VILLAGE KIRKLAND, LLC,
18
                        Relief Defendants
19

20

21

22

23

24

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## I.    INTRODUCTION AND RELIEF REQUESTED

2  For the investors in the Path America projects at issue in this lawsuit, this case is about

3  much more than the individual $500,000 investments they have made or the alleged fraud that

4  the SEC has sued to rectify.  For these investors, this case presents a dire threat to their chance

5  at becoming permanent legal residents of the United States through the United States

6  Citizenship and Immigration Service's ("USCIS") EB-5 Immigrant Investor Program.

7  Specifically, for the eleven investors bringing the instant motion, this case threatens to tie up

8  their investment funds – which remain in individual escrow accounts and have not even been

9  released to a Path America entity – until the EB-5 law sunsets or is superseded by new

10 legislation, thus forever preventing them from getting a fair chance to invest the substantial

11 capital they have raised in a United States project; create the requisite full-time domestic jobs

12 to meet the EB-5 program's requirements; and obtain a green card.

13 Accordingly, the following investors in the Path America Tower Project hereby move

14 to intervene:  Yingli Sun, Jun Yan, Xifeng Zhu, Jian Zhao, Huannong Wang, Yan Xu, Kwok

15 Wah Chun, Io Hou Wu, Yu Zhen Ye, Caiyan Zhuang, and Xin Cao (the "Path America Tower

16 Investors").  To be clear, these investors do *not* seek to conduct an independent investigation

17 of Defendants' alleged fraud, to engage in additional discovery from Defendants, or to assert

18 independent claims for relief against Defendants.  These investors instead seek to intervene

19 solely for the limited purpose of moving to modify the Court's August 24, 2015 Temporary

20 Restraining Order, or any subsequent Order, to permit the release of their investment funds

21 from escrow.  Plaintiff the United States Securities and Exchange Commission ("SEC") has

22 been consulted with regard to the investors' requested relief and has represented that it will

23 not oppose the return of their funds.  Defendants have refused to stipulate to this relief.  For

24 the reasons stated below, the Path America Tower Investors should be permitted to intervene.

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 1
No. 2:15-cv-01350-JLR

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## II.      STATEMENT OF FACTS

As the Court is aware, this case involves the SEC's claims that Defendants fraudulently solicited investments from a number of foreign nationals pursuant to USCIS' EB-5 Immigrant Investor Program in support of two large-scale development projects in Seattle and Everett, Washington.  The Path America Tower Investors do not dispute the background factual allegations set forth in Paragraphs 20-31 of the SEC's Complaint, Dkt. No. 1, and accordingly incorporate those allegations by reference in the interest of brevity.

Each of the Path America Tower Investors listed above invested $500,000 in principal, along with a $45,000 "administrative fee," in the Path America Tower project in Seattle.[1] These investors retained Seattle immigration attorney Nelson Lee (who has also appeared in connection with this motion) to prepare materials for submission to USCIS in connection with their EB-5 petitions.[2]

Upon learning of this lawsuit and the SEC's allegations of Defendants' fraud upon which it was based, Mr. Lee communicated with Chinese agents of the Path America Tower Investors to apprise them of the SEC's allegations and their potential impact on the Path America Tower Investors' EB-5 petitions and to receive direction from them regarding how they would like to proceed.[3]  Mr. Lee's clients are in various stages of the EB-5 petition process: a number have received temporary permanent resident status and are awaiting job-creation documentation to file in support of their I-829 petitions for permanent resident status; a number have submitted I-526 petitions but have not yet received their two-year temporary

---

[1] Declaration of Nelson K. H. Lee (the "Lee Declaration") at ¶ 2.

[2] *Id.*

[3] *Id.* at ¶ 3.

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 2
No. 2:15-cv-01350-JLR

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

green cards; and a number have not yet submitted their I-526 petitions.[4]  The investment
funds belonging to Mr. Lee's clients in the latter category are still held in escrow.[5]  Mr. Lee
has received direction from agents for the eleven Path America Tower Investors identified
above (all of whose funds remain in escrow) that they wish to have their funds returned to
them so they may pursue the opportunity to reinvest those funds in a different EB-5 project.[6]

Upon receiving notice that the Path America Tower Investors wished to have their
funds released from escrow and returned to them, counsel sent letters to counsel for the SEC
and for Defendants requesting that they stipulate to a modification of the Court's Temporary
Restraining Order to permit the release of these funds.[7]  Counsel for the SEC indicated that
they would not oppose this proposal and would so stipulate.[8]  Defendants have indicated they
would not so stipulate.[9]

It is not clear why Defendants would refuse to permit the return of these innocent
investors' funds, especially in light of their earlier stipulation to release the funds of five
separate but identically-situated investors' funds less than one month ago.  *See* Dkt. No. 19
(stipulating to the return of funds to "five investors named below whose funds remain
suspended in escrow and who have not yet submitted I-526 applications for the Path America
Tower . . ."); Dkt. No. 21 (the Court's Order granting such stipulation).  It *is* clear, however,
that Defendants' refusal to stipulate to the release of these funds is disappointing, without a
good faith basis, and entirely inconsistent with their purported focus on "protecting the

---

[4] *Id.* at ¶ 4.

[5] *Id.*

[6] *Id.* at ¶ 5.

[7] *Id.* at ¶ 6.

[8] *Id.*

[9] *Id.*

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 3
No. 2:15-cv-01350-JLR

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

investors" as stated repeatedly throughout their recent memorandum in support of their motion to modify the Court's Temporary Restraining Order.  *See generally* Dkt. No. 34 at 2-7, 11-15.[10]  Defendants' refusal to stipulate to the release of these funds is also highly alarming given their prior representation (with no ostensible support, and which has proven demonstrably false) that investors in the Path America projects were "unlikely" to want their funds returned.  *See id.* at 6 ("The likelihood that the investors would *want* to surrender their realized interest in return for a disgorgement remedy is remote, at best . . ." (emphasis in original)); *see also id.* at 11-13 (subsection asserting that "The EB-5 Investors Have Unique Non-Financial Investment Objectives that Cannot Be Met with Disgorgement . . .").

Unable to convince Defendants to stipulate to the release of the Path America Tower Investors' funds from escrow, the Path America Tower Investors have no choice but to move to intervene and request relief directly from the Court.  In addition to the prejudice caused to these investors by the Court's asset freeze, there is a special urgency to the Path America Tower Investors' situation given the current legislative status of the EB-5 Immigrant Investor Program.  While the EB-5 law was originally slated to sunset on September 30, 2015, Congress recently approved a Continuing Resolution extending the EB-5 law in its current form to December 11, 2015; it is generally expected, however, that Congress will pass a new EB-5 law before then.[11]  In order for the Path America Tower Investors to be "grandfathered" into the existing EB-5 program, they will likely need to make their investments and file their I-526 petitions in new EB-5 projects before the current EB-5 law expires or is superseded by

---

[10] *See, e.g.*, *id.* at 2 (requesting modification to Temporary Restraining Order as "the best and only path to preserving the status quo and protecting investors during the pendency of this action"); *see also id.* at 13 ("Under the circumstances, the hardship being worked by the TRO goes far beyond preserving the status quo, and instead is threatening the immigration futures of the EB-5 investors who are intended to be protected by an injunction.").

[11] Lee Declaration at ¶ 7.

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 4
No. 2:15-cv-01350-JLR

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

new legislation.[12]  Because it can take several weeks or even months for an investor to locate, vet, and invest in a new project, it is critical that the Path America Tower Investors be returned their funds as soon as possible.  In order to do so, they must obtain an order from the Court modifying the asset freeze and directing Defendants to release their funds from escrow.

Accordingly, the Path America Tower Defendants file the instant Motion to Intervene. The Path America Tower Defendants file a companion Motion to Modify Temporary Restraining Order concurrently herewith.

## III.   ARGUMENT AND AUTHORITY

**A.   The Path America Tower Investors are Entitled to Intervene as of Right under Federal Rule of Civil Procedure 24(a)(2).**

Under Federal Rule of Civil Procedure 24, the Court is required to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  An applicant seeking to intervene as of right must thus meet four factors:

> (1) The applicant's motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (citation omitted).

---

[12] *Id.*

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 5
No. 2:15-cv-01350-JLR

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    In evaluating whether Rule 24(a)(2)'s requirements are met, courts within the Ninth

2    Circuit "normally follow practical and equitable considerations and construe the Rule broadly

3    in favor of proposed interveners." *Wilderness Soc. V. U.S. Forest Svc.*, 630 F.3d 1173, 1179

4    (9th Cir. 2011) (quotation omitted).   "We do so because a liberal policy in favor of

5    intervention serves both efficient resolution of issues and broadened access to the courts." *Id.*

6    (quotation omitted).

7         **i.      The Path America Tower Investors' motion is timely.**

8         The timeliness of intervention is generally determined by assessing the potential

9    prejudice of intervention on the parties. *See Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.

10   1994) ("[The] requirement of timeliness is not a tool of retribution to punish the tardy would-

11   be intervener, but rather a guard against prejudicing the original parties."); *see also Silver v.*

12   *Babbitt*, 166 F.R.D. 418, 424 (D. Ariz. 1994) ("The Court must consider all of the

13   circumstances in the particular case when making the determination [of whether a motion to

14   intervene is timely] and timeliness is to be construed broadly in favor of the party seeking

15   intervention." (citation omitted)).

16        Here, no prejudice to the Defendants will result from the Path America Tower

17   Investors' intervention.  The Path America Tower Investors seek to intervene for the limited

18   purpose of moving to modify the Temporary Restraining Order to permit the return of funds

19   that are currently held in escrow.  The Path America Tower Investors are not asserting novel

20   claims against the Defendants and do not seek any independent relief from the Defendants;

21   indeed, the Path America Tower Investors simply seek the return of funds that, under the

22   terms of the asset freeze imposed by the Court's Temporary Restraining Order, are currently

23   unavailable to the Defendants.  This action has been pending for less than two months and the

24   Court has yet to rule on the SEC's motion for a Preliminary Injunction.  Accordingly, no

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 6
No. 2:15-cv-01350-JLR

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

prejudice will result to the Defendants as a result of the Path America Tower Investors' intervention, and this motion is timely.[13]

### ii. The Path America Tower Investors have a significantly protectable interest in the subject of this action.

A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). "[A] prospective intervenor's asserted interest need not be protected by the statute under which the litigation is brought to qualify as 'significantly protectable' under Rule 24(a)(2)." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (citation omitted). "Rather, it is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id.* (quotation omitted). "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Fresno Cnty. v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (quotation omitted).

Here, the Path America Tower Investors clearly have a protected interest in this lawsuit. They have each invested $500,000 in one of the Path America projects from which Defendants are alleged to have misappropriated funds, and their investment principal is currently held in escrow accounts that are subject to the asset freeze imposed by the Court's Temporary Restraining Order. More fundamentally, their rights as foreign investors under the EB-5 program are jeopardized both by the fraud alleged by the SEC and the Temporary Restraining Order imposed by the Court because of the uncertainty surrounding the future of

---

[13] *See, e.g.*, *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (motion to intervene was timely when motion filed "four months after [plaintiff] filed the action" and "before any hearings or rulings on substantive matters").

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

the EB-5 program set forth above.  The Path America Tower Investors have a legally-cognizable interest in this litigation that easily meets the second prong of the Rule 24 test for intervention as of right.

### iii.  The disposition of this action may as a practical matter impair or impede the Path America Tower Investors' ability to protect their interest.

The Ninth Circuit applies the "impairment" element of Rule 24(a) loosely, following the guidance of the Rule 24 advisory committee that "if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).  As set forth above, the Path America Tower Investors' ability to protect their interests in their investment capital, as well as their EB-5 petitions, will be substantially affected by the disposition of this action in their absence.  Under any application of this standard – and especially a "practical" application as directed by the Ninth Circuit – the Path America Tower Investors easily meet this requirement.

### iv.  The Path America Tower Investors' interests are not sufficiently represented by the existing parties to this action.

In determining whether a would-be intervenor's interests will be adequately represented by an existing party, courts consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Sw. Ctr. for Biological Diversity*, 268 F.3d at 822 (quotation omitted).

Here, while the SEC's interests are superficially aligned with those of the Path America Tower Investors, they are not identical, and they do not meet the three-part test set forth in Ninth Circuit case law.  The SEC's stated interest in pursuing its securities fraud

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 8
No. 2:15-cv-01350-JLR

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    allegations against Defendants is to protect the investments of existing investors in the Path

2    America projects as well as those of potential future investors who could have been enticed by

3    Mr. Dargey to invest in these allegedly-fraudulent projects.  The SEC is <u>not</u> interested in

4    protecting the right of existing investors in the Path America projects to pursue their EB-5

5    petitions and/or reinvest their funds in different projects before the law is written out of

6    existence.  While the SEC has expressed a willingness to cooperate with the Path America

7    Tower Investors' wishes to have their funds returned in this instance, it has taken the position

8    in prior cases involving alleged EB-5 fraud that individual investors do *not* have a right to

9    continued pursuit of their EB-5 petitions and has opposed efforts by the investors to intervene

10   so that they may preserve those rights.  *See, e.g.*, *SEC v. A Chicago Convention Center, LLC,*

11   *et al.*, N.D. Ill. Civil Case No. 13-cv-983, Dkt. No. 34 (opposing investors' motion to

12   intervene in order to preserve EB-5 opportunities).  Because the SEC will not "undoubtedly"

13   make all argument the Path America Tower Investors wish to make, it does not adequately

14   represent the Path America Tower Investors' interests in this action and the Path America

15   Tower Investors should be permitted to intervene as of right.

16   **B.    In the Alternative, the Path America Tower Investors Should be Permitted to Intervene under Federal Rule of Civil Procedure 24(b)(1).**

17

18           In cases where a person is not permitted to intervene as of right, Rule 24 provides that

19   the Court may still permit that person to intervene upon a finding that the person "has a claim

20   or defense that shares with the main action a common question of law or fact."  Fed. R. Civ.

21   P. 24(b)(1)(B).  In the Ninth Circuit, an applicant seeking permissive intervention must prove

22   it meets three threshold requirements: (1) it shares a common question of law or fact with the

23   main action; (2) its motion is timely; and (3) the court has an independent basis for

24   jurisdiction over the applicant's claims.  *Freedom from Religion Found.*, 644 F.3d at 843.

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 9
No. 2:15-cv-01350-JLR

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1        As set forth above, the Path America Tower Investors's proposed claims

2   unquestionably share a common question of law or fact with the SEC's claims; are timely;

3   and are within the Court's jurisdiction under 28 U.S.C. § 1367(a) (granting supplemental

4   jurisdiction over "all other claims that are so related to claims in the action within such

5   original jurisdiction that they form part of the same case or controversy under Article III of

6   the United States Constitution," including "claims that involve the joinder or intervention of

7   additional parties").[14]   If the Court denies the Path America Tower Investors' motion to

8   intervene as of right, it should at a minimum grant the Path America Tower Investors leave to

9   intervene permissively under Rule 24(b).

10  **C.   The Path America Tower Investors are Not Statutorily Barred from Intervening.**

11       The Path America Tower Investors anticipate that Defendants may argue that they are

12  barred from intervening without the SEC's consent because "no action for equitable relief

13  instituted by the Commission pursuant to the securities laws shall be consolidated or

14  coordinated with other actions not brought by the Commission[.]"  15 U.S.C. § 78u(g).  The

15  plain language of that statute, however, says nothing about intervention and does not provide

16  a bar to intervention by a private party in an action initiated by the SEC.  *See S.E.C. v. Kings*

17  *Real Estate Inv. Trust*, 222 F.R.D. 660, 663 (D. Kan. 2004) (Section 78u(g) "does not, by its

18  plain language, prohibit intervention. Nor does the review of the Congressional history

---

[14] In the alternative, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) in that Plaintiff-Intervenors the Path America Tower Investors are citizens of China and Defendants are citizens of the State of Washington, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Also in the alternative, the Court has jurisdiction under 28 U.S.C. § 2201(a) because the Path America Tower Investors seek a declaratory judgment. Alternatively, pursuant to the Court's Temporary Restraining Order, Dkt. No. 20, and other related relief, the Court has jurisdiction over the $500,000 escrowed monies of the Path America Tower Investors that are held in escrow.  Further, consistent with Rule 8(a)(1) of the Federal Rules of Civil Procedure, the Court has already exercised jurisdiction over this matter and this Complaint in Intervention needs no additional jurisdictional support.

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 10
No. 2:15-cv-01350-JLR

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    suggest that prohibiting intervention was the goal behind the passage of this section"); *SEC v.*

2    *Credit Bancorp, Ltd.*, 194 F.R.D. 457, 468 (S.D. N.Y. 2000) (permitting defrauded customers

3    who had placed stock with defendant for investment purposes to intervene in SEC

4    enforcement action).  Indeed, "there is no persuasive authority which suggests that section

5    21(g)… bars intervention in all SEC enforcement actions." *SEC v. Prudential Secs.*, 171

6    F.R.D. 1, 3 (D. D.C. 1997). To the contrary, intervention is especially appropriate in cases

7    like this one, where the SEC has filed for and secured injunctive relief against the necessary

8    Defendants and assets in question.  In such cases, "the primary concern of the United States

9    Congress that led to the enactment of Section 21(g) is no longer implicated in this case.  Even

10   if intervention is allowed, no amount of additional discovery or litigation would permit the

11   defendants . . . to engage in further fraudulent conduct."  *Kings Real Estate Inv. Trust*, 222

12   F.R.D. at 666.

13          Here, the Path America Tower Investors do not seek any recovery separate and apart

14   from the SEC's complaint, and as such, are not seeking to "coordinate" or "consolidate" any

15   separate claims or actions against the Defendants with the SEC's action. Instead, the Path

16   America Tower Investors are merely seeking a different method of recovering the same

17   money: declaring that the Path America Tower Investors are the sole owners of the $500,000

18   they invested in the Path America Tower project and an order returning such funds to them,

19   thereby freeing the funds to be reinvested in another EB-5 approved investment.  The Path

20   America Tower Investors' intervention is not statutorily barred and should be permitted.

21   ///

22   ///

23   ///

24   ///

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 11
No. 2:15-cv-01350-JLR

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## IV.   CONCLUSION

2       For the reasons set forth above, the Path America Tower Investors respectfully request

3   that the Court grant this motion and permit them to intervene on a limited basis.  A proposed

4   order granting the relief requested is submitted herewith, and a proposed Complaint in

5   Intervention is attached hereto.

6       DATED this 1st day of October, 2015.

7

8                               CORR CRONIN MICHELSON
                                BAUMGARDNER FOGG & MOORE LLP

9

10                               s/ Steven W. Fogg
                                Steven W. Fogg, WSBA No. 23528
11                               Kelly H. Sheridan, WSBA No. 44746
                                CORR CRONIN MICHELSON
12                               BAUMGARDNER FOGG & MOORE LLP
                                1001 Fourth Avenue, Suite 3900
13                               Seattle, Washington 98154
                                (206) 625-8600 Phone
14                               (206) 625-0900 Fax
                                sfogg@corrcronin.com
15                               ksheridan@corrcronin.com

16                               LEE & LEE, PS

17

18                               s/ Nelson K. H. Lee
                                Nelson K. H. Lee, WSBA No. 23590
19                               1001 Fourth Avenue, Suite 4368
                                Seattle, Washington  98154-1192
20                               (206) 458-6986 Phone
                                nelson.lee@leeandlee-ps.com

21

22                               *Attorneys for Plaintiff-Intervenors*
                                *the Path America Tower Investors*

23

24

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 12
No. 2:15-cv-01350-JLR

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

**CERTIFICATE OF SERVICE**

2     I hereby certify on October 1, 2015, I caused the foregoing document to be

3 electronically filed with the Clerk of the U.S. District Court for the Western District of

4 Washington using the CM/ECF system, which will send notification of such filing to all

5 counsel of record.

6     DATED this 1st day of October, at Seattle, Washington.

7                                          CORR CRONIN MICHELSON
                                          BAUMGARDNER FOGG & MOORE LLP
8

9                                           *s/ Steven W. Fogg*
                                          Steven W. Fogg, WSBA No. 23528
10                                          1001 Fourth Avenue, Suite 3900
                                          Seattle, Washington 98154-1051
11                                          (206) 625-8600 Phone
                                          (206) 625-0900 Fax
12                                          sfogg@corrcronin.com

13

14

15

16

17

18

19

20

21

22

23

24

PATH AMERICA TOWER INVESTORS'
MOTION TO INTERVENE – Page 13
No. 2:15-cv-01350-JLR

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900