THE HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PATH AMERICA, LLC; PATH AMERICA SNOCO LLC; PATH AMERICA FARMER'S MARKET, LP; PATH AMERICA KINGCO LLC; PATH AMERICA TOWER, LP; PATH TOWER SEATTLE, LP; POTALA TOWER SEATTLE, LLC; and LOBSANG DARGEY,<br><br>Defendants, and<br><br>POTALA SHORELINE, LLC; and POTALA VILLAGE KIRKLAND, LLC,<br><br>Relief Defendants. | Civil Action No. C-15-1350-JLR<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |



[[PROPOSED] ORDER OF PRELIMINARY INJUNCTION
CASE NO. C-15-1350-JLR

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE: 415-705-2500

1  This matter came before the Court on the motion of plaintiff Securities and Exchange Commission (the "Commission") for an order of preliminary injunction and other ancillary relief, to restrain and enjoin Defendants Lobsang Dargey; Path America, LLC; Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo LLC; Path America Tower, LP; Path Tower Seattle, LP; and Potala Tower Seattle, LLC (collectively "Defendants") during the pendency of this case. On August 24, 2015, the Court granted the Commission's Motion for Temporary Restraining Order. *See* Docket No. 9. The current motion seeks orders: (1) Preliminarily enjoining Defendants from engaging in specified conduct; (2) Freezing Defendants' assets and specified assets of Relief Defendants Potala Shoreline, LLC and Potala Village Kirkland, LLC while this case is pending or until further order of the Court; (3) Freezing assets currently held in escrow in connection with investments in Path America Tower, LP and Path Tower Seattle, LP and Path America Farmer's Market, LP while this case is pending or until further order of the Court; (4) Requiring Defendant Dargey to repatriate assets; (5) Prohibiting the destruction of documents; and (6) Requiring Defendant Path America, LLC to prepare an accounting of all money obtained from investors.

The Court, having considered: (1) the complaint filed by the Commission in this case; (2) the Commission's Motion for Preliminary Injunction and the Memorandum of Law in support; (3) the Declarations of Michael D. Foley, Steven D. Buchholz, and Bernard B. Smyth, and all exhibits attached to those declarations; and any proceedings before the Court, finds that:

    1.  This Court has jurisdiction over the subject matter of this action, and as to all parties, Defendants and Relief Defendants, and venue properly lies in this District.

    2.  The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(b), by evidence establishing a prima facie case and a reasonable likelihood that Defendants have engaged in, are engaging in, are about to engage

in, and will continue to engage in, unless restrained and enjoined by order of this Court, transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5; and that Relief Defendants are in possession of the proceeds of those violations and have been unjustly enriched.

3. The Commission has demonstrated a likelihood of success on the merits of its action and that the balance of hardships weighs in its favor. With respect to the balance of hardships, the public interest weighs strongly in favor of issuance of injunctive relief.

4. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants and Relief Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action. It is therefore appropriate for the Court to convert the previously ordered freeze on the assets and accounts of Defendants and Relief Defendants into preliminary relief that remains in place while this action is pending, so that prompt service on appropriate financial institutions, and other persons, can be made, thus preventing the dissipation of assets and preserving the status quo.

5. Good cause exists to believe that an order requiring Defendant Lobsang Dargey to repatriate assets moved overseas that originated with investors associated with the Path America transactions, as described in Plaintiff's Complaint, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' and Relief Defendants' assets and accounts.

6. Good cause exists to believe that, unless restrained and enjoined by order of this Court, documents relevant to this action may be altered, destroyed or become unavailable for discovery.

7. Good cause exists to believe that an order requiring Defendant Path America to provide a verified accounting of all assets, money, and property obtained directly or indirectly from any investors associated with the Path America transactions, as described in the Plaintiff's Complaint, and received, spent, or held directly or indirectly by each of the

1  Defendants and Relief Defendants, or by others for their direct and indirect beneficial interest,
2  is necessary to effectuate and ensure compliance with the freeze imposed on their assets.

I.

4  THEREFORE IT IS HEREBY ORDERED that the SEC's Motion for Preliminary
5  Injunction is GRANTED.

II.

7  IT IS FURTHER ORDERED that Defendants Lobsang Dargey; Path America, LLC;
8  Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo LLC;
9  Path America Tower, LP; Path Tower Seattle, LP; and Potala Tower Seattle, LLC are
10 preliminarily restrained and enjoined until further order of the Court from, directly or
11 indirectly, in the offer or sale of any securities, by the use of any means or instruments of
12 transportation or communication in interstate commerce or by the use of the mails:

13      A.    Employing any device, scheme or artifice to defraud;

14      B.    Obtaining money or property by means of any untrue statement of a
15  material fact or any omission to state a material fact necessary in order to make the
16  statements made, in light of the circumstances under which they were made, not
17  misleading; or

18      C.    Engaging in any transaction, practice, or course of business which
19  operates or would operate as a fraud or deceit upon the purchaser;
20 in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

21  IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure
22  65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this
23  order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees,
24  and attorneys; and (b) other persons in active concert or participation with Defendants or with
25  anyone described in (a).

III.

27  IT IS FURTHER ORDERED that Defendants Lobsang Dargey; Path America, LLC;
28  Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo LLC;

Path America Tower, LP; Path Tower Seattle, LP; and Potala Tower Seattle, LLC are preliminarily restrained and enjoined until further order of the Court from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    Employing any device, scheme or artifice to defraud;

    B.    Making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    Engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED that Defendants Lobsang Dargey; Path America, LLC; Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo LLC; Path America Tower, LP; Path Tower Seattle, LP; and Potala Tower Seattle, LLC are preliminarily restrained and enjoined until further order of the Court from, directly or indirectly participating in the issuance, offer, or sale of any security of any entity controlled by, or under joint control with, any of them, including but not limited to securities of Path America, LLC; Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo LLC; Path America Tower, LP; and Path Tower Seattle, LP.

[PROPOSED] ORDER OF PRELIMINARY INJUNCTION   -5-   SECURITIES AND EXCHANGE COMMISSION
CASE NO. C-15-1350-JLR   44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE: 415-705-2500

1     IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## V.

    IT IS FURTHER ORDERED that Defendants Lobsang Dargey; Path America, LLC; Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo LLC; Path America Tower, LP; Path Tower Seattle, LP; and Potala Tower Seattle, LLC are preliminarily restrained and enjoined until further order of the Court from directly or indirectly soliciting any person or entity to purchase or sell any security.

    IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VI.

    IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on:

    a.     All monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Lobsang Dargey; Path America, LLC; Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo LLC; Path America Tower, LP; Path Tower Seattle, LP; and Potala Tower Seattle, LLC; and

[PROPOSED] ORDER OF PRELIMINARY INJUNCTION      -6-      SECURITIES AND EXCHANGE COMMISSION
CASE NO. C-15-1350-JLR      44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE: 415-705-2500

  b. Those monies and assets that constitute or are derived from the proceeds of, or are otherwise related to, the activities set forth in the Complaint in accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, including real or personal property, held in the name of, for the benefit of, or over which account authority is held by Relief Defendants Potala Shoreline, LLC and Potala Village Kirkland, LLC;

including but not limited to the accounts listed below:

| Account Name | Bank | Account Number |
|---|---|---|
| Path America, LLC | East West Bank | XXXXXX3648 |
| Path America Farmer's Market, LP | East West Bank | XXXXXX3663 |
| Potala Tower Seattle, LLC | East West Bank | XXXXXX2490 |
| Path America Tower, LP | East West Bank | XXXXXX3084 |
| Potala Shoreline, LLC | East West Bank | XXXXXX4785 |
| Path Tower Seattle, LP | East West Bank | XXXXXX5006 |
| Lobsang Dargey | Bank of America | XXXX1856 |
| Potala Village Kirkland, LLC | American West Bank | XXXXXXX0150 |

Any bank, financial institution or brokerage firm holding such monies and assets described above, that receives actual notice of this Order, by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, except as otherwise ordered by this Court.

VII.

IT IS FURTHER ORDERED that an immediate freeze shall be placed on all monies and assets held in accounts at any bank or financial institution in connection with escrow agreements relating to Path America Tower, LP; Path Tower Seattle, LP; or Path America Farmer's Market, LP; including but not limited to Central Escrow, Inc. escrow number 244000-MM (for Path America Tower, LP), escrow number 263000-MM (for Path Tower Seattle, LP), and escrow number 202000-MM (for Path America Farmer's Market, LP). Monies and assets held in such accounts shall not be released even if the conditions for release in the escrow agreements controlling the accounts are met, except as otherwise ordered by this Court.

[PROPOSED] ORDER OF PRELIMINARY INJUNCTION -7- SECURITIES AND EXCHANGE COMMISSION
CASE NO. C-15-1350-JLR  44 MONTGOMERY STREET, SUITE 2800
  SAN FRANCISCO, CA 94104
  TELEPHONE: 415-705-2500

VIII.

IT IS FURTHER ORDERED that, within seven (7) days from the entry of this Order, Defendant Lobsang Dargey shall transfer to the registry of this Court assets, funds and other property held in foreign locations in the name of any Defendant or any person acting in active concert or participation with any of them, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercises control or signatory authority, whether by wire transfer, third-party payment processor or otherwise, at the direction of either Defendants or any of their agents, representatives, advisors, or anyone acting in active concert or participation with any of them.

IX.

IT IS FURTHER ORDERED that Defendant Path America, LLC, within seven (7) days of receiving actual notice of this Order, by personal service or otherwise, unless it has previously provided the accounting as previously ordered, shall prepare and deliver to the SEC a detailed and complete accounting, which shall include:

1. A complete schedule of all transfers or payments of funds to Defendants, and to any other entity controlled by them, from investors in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2. A complete schedule, in detail, of the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

    a. the nature and results of any investment in which the funds were used;

    b. any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

  c. any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

  3. A complete schedule identifying, by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

  4. A complete schedule identifying assets of every type and description with a value of at least five hundred dollars ($500) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Defendants or Relief Defendants, whether in the United States or elsewhere; and,

  5. A complete schedule of all accounts in the name of Defendants or Relief Defendants, held at any bank, securities, and other financial institution, identified by institution, branch address and account number, from February 1, 2012 through the present.

Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of Susan F. LaMarca. After completion of the accounting, Defendant Path America, LLC shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying the accounting.

## X.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Lobsang Dargey; Path America, LLC; Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo LLC; Path America Tower, LP; Path Tower Seattle, LP; and Potala Tower Seattle, LP; and Relief Defendants Potala Shoreline, LLC and Potala Village Kirkland, LLC, are preliminarily restrained and enjoined until further order of the Court from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books,

[PROPOSED] ORDER OF PRELIMINARY INJUNCTION -9- SECURITIES AND EXCHANGE COMMISSION
CASE NO. C-15-1350-JLR  44 MONTGOMERY STREET, SUITE 2800
  SAN FRANCISCO, CA 94104
  TELEPHONE: 415-705-2500

records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Lobsang Dargey; Path America, LLC; Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo LLC; Path America Tower, LP; Path Tower Seattle, LP; and Potala Tower Seattle, LP.

Dated this 6th day of ~~September~~ October, 2015

_____
UNITED STATES DISTRICT JUDGE

Presented by:

s/ Susan F. LaMarca
Susan F. LaMarca
Bernard B. Smyth
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500