HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PATH AMERICA, LLC; et al.,<br><br>Defendants and Relief Defendants. | Civil Action No. C-15-1350-JLR<br><br>SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO VOYA INSURANCE AND ANNUITY COMPANY'S MOTION TO INTERVENE<br><br>NOTED ON CALENDAR:<br><br>November 27, 2015 |

SEC OPP'N TO VOYA MOTION TO INTERVENE
CASE NO. C-15-1530-JLR

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE: 415-705-2500

**INTRODUCTION**

The Securities and Exchange Commission ("SEC" or "Commission") hereby opposes Voya Insurance and Annuity Company's Motion to Intervene, as it is untethered to any action Voya currently asks the Court to take. Voya, a creditor of certain Path America-related entities, seeks to intervene either as of right or by permission, under Rule 24 of the Federal Rules of Civil Procedure. But Voya's current motion fails to describe any action it asks the Court to take. Instead, Voya essentially asks the Court to permit it to join this case so that it will not have to file another lawsuit in the future, should such a need arise. But Voya's request runs afoul of the federal statute limiting the consolidation of actions with SEC enforcement cases. It also fails to meet the standards for intervening in any federal case. Voya's motion thus fails and should be denied by the Court, for the reasons described below.

**ARGUMENT**

**1.    Voya's Motion Is Inadequate Under Rule 24(c)**

Voya seeks to join this action as a party, invoking intervention as of right under Rule 24(a), or in the alternative, permissive intervention under Rule 24(b). Voya's motion fails as Voya has not complied with Rule 24(c), which requires that a would-be intervenor's "motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. Proc. 24(c). Failure to comply with Rule 24(c) will result in the rejection of an intervention request, whether the movant invokes intervention as of right or permissive intervention. *See, e.g., Rhode Island Fed'n of Teachers, AFL-CIO v. Norberg*, 630 F.2d 850, 854 (1st Cir. 1980) (whether permissive or of right, intervention is conditioned on compliance with requirements of Rule 24(c)). "The purpose of requiring an intervenor to file a pleading is to place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor." *Dillard v. Foley*, 166 F.R.D. 503, 504 (M.D. Ala. 1996).

Here, the lack of pleading – or even a description of a claim or defense that Voya would assert – makes it impossible to determine whether Voya even meets any of the other requirements for intervention, as discussed more fully below.

### 2.  Voya May Not Intervene "As of Right"

Voya's current motion fails the test for intervention as of right under Rule 24(a). An applicant for intervention "as of right" has the burden of establishing four requirements: (1) that it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) that the application is timely; and (4) that the existing parties may not adequately represent the applicant's interest. *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). All four requirements must be met. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

At a minimum, Voya's current motion fails to demonstrate that Voya has a "significant protectable interest relating to the property or transaction that is the subject of the action," the first requirement. Voya argues that it has such an interest because it is a substantial creditor of one or more of the defendants.[1] But the Ninth Circuit has rejected creditors' claims that impairment to the ability of the creditor to collect judgments arising from past or future claims gives rise to a right of intervention. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *Hawaii-Pacific Venture Capital Corp. v. H.B. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977).

In *Alisal Water Corp.*, the Ninth Circuit upheld the district court's rejection of the creditor's application to intervene where the creditor's interest "was in the prospective collectability of a debt," which the court determined was "several degrees removed from the overriding public health and environmental policies" that were the focus of the United States' environmental enforcement action. 370 F.3d at 920. The Ninth Circuit held that the creditor was not entitled to intervene as of right because the prospective collectability of a debt secured by the defendant's property was "not sufficiently related to" the enforcement action. *Id.* at 920-21.

---

[1] However, Voya also states that its contract which gives rise to its claimed interest is with another entity that is not a defendant (or relief defendant) in this action. *See* Motion at 4, n.2.

"To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded." *Id.* at 920.

Here, Voya occupies an even more tenuous position for claiming intervention as of right than the creditor in *Alisal Water Corp.* Though Voya describes a substantial business relationship with persons related to the defendants, it does not even describe what legal claim it might assert against any party, let alone one that would be impaired or impeded by the disposition of this action. The SEC's enforcement case should not become a forum for persons to simply assert their status as potential creditors of the defendants.[2]

### 3. Voya's Current Motion Also Fails Permissive Intervention Requirements

The applicant seeking permissive intervention under to Rule 24(b), must demonstrate that it has met the threshold requirements, including (1) independent grounds for jurisdiction, (2) a timely motion, and (3) that the main action and the applicant's claim or defense have a question of law or a question of fact in common. *City of Los Angeles*, 288 F.3d at 403. Because Voya has not described the "claim or defense" it would present if it were permitted to intervene, it has not made the necessary showing that there are common questions of fact or law. Similarly, it is impossible to know whether there are independent grounds for federal jurisdiction.

### 4. Intervention in SEC Cases Is Conditioned on SEC Consent

Section 21(g) of the Securities Exchange Act bars consolidation, and thus intervention, in Commission enforcement actions absent the consent of the Commission. The statute provides:

> Notwithstanding the provisions of section 1407(a) of title 28, United States Code, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 77u(g).

---

[2] Voya cites to decisions in which courts have found the impairment prong satisfied by claims that the potential for impairment existed, including *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001). But Voya's motion, in contrast, requires that the parties guess at what interest of Voya's would be impaired, and how. Further, Voya points to the existence of the Receiver and to the Court's Order appointing the Receiver as potential cause for impairment, but Voya again fails to state what interest is impaired and how. It could well be that Voya's interests are aligned with the Receiver's but the parties cannot know that based on Voya's submission.

Numerous courts have interpreted the statute to prohibit intervention absent Commission consent, relying on a plain reading of the statute and its legislative history. *See SEC v. Homa*, 2000 WL 1468726, *1-2 (N.D. Ill. 2000); *SEC v. Wozniak*, 1993 WL 34702, *1–2 (N.D. Ill. 1993) (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 332 n.17 (1979) and Justice Blackmun's concurrence in *Aaron v. SEC,* 446 U.S. 680, 717 n.9 (1980) ). *But see SEC v. Flight Trans. Corp.*, 699 F.2d 943, 949 (8th Cir. 1983) (absence of the word "intervention" from text of statute led to opposite conclusion). *See generally SEC v. ABS Fund, LLC*, 2013 WL 3752119 (S.D. Cal. 2013) (explaining variation among courts and finding no Ninth Circuit precedent).

Recent district court decisions have attempted to resolve these differing outcomes by interpreting the statute as prohibiting, at a minimum, intervention where the movant's goal is essentially to "consolidate" a separate action with the SEC enforcement case. *See*, *e.g., SEC v. Benger*, 2010 WL 724416 (N.D. Ill. 2010). As the *Benger* court observed, even courts that have declined to interpret the statute as a blanket prohibition against intervention without consent have examined the intervenor's request to ensure that it would not result in combining a separate action with the SEC enforcement action, especially where the third party had another avenue to litigate its claims. *Id*. at *8-10.

Here, Voya should not be permitted to intervene based upon its current motion, as doing so would amount to consolidation (without consent), which is prohibited under the statute. From the broad description of Voya's interest, the claim that Voya might now assert would appear to be a claim as a creditor for damages. The existence of a Receiver in the case does not change that fact, and may even obviate any perceived need for Voya to appear in the main action. The Commission remains open to the possibility that Voya could present a "claim or defense" that would be appropriately addressed in this case, just as the Commission has been willing to consider other intervenors' requests. But until then, Voya's motion should be denied.[3]

---

[3] Voya's citation to *SEC v. Sunwest Mgmt., Inc.*, 2009 WL 3245879 (D. Ore. Oct. 2, 2009), in which certain creditors intervened is not elucidating. The record in *Sunwest* does not reflect any objection to the intervention.

SEC OPP'N TO VOYA MOTION TO INTERVENE
CASE NO. C-15-1530-JLR
-4-
SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE: 415-705-2500

**CONCLUSION**

For the reasons set forth above, the Commission respectfully requests that the Court deny Voya's Motion to Intervene.

Dated: November 23, 2015          Respectfully submitted,

 /s/ Susan F. LaMarca
Susan F. LaMarca
Bernard B. Smyth
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

**CERTIFICATE OF SERVICE**

I, Susan F. LaMarca, hereby certify that on <u>November 23, 2015</u> I caused the electronic filing of the foregoing:

SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO VOYA INSURANCE AND ANNUITY COMPANY'S MOTION TO INTERVENE

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Daniel J. Dunne, ddunne@orrick.com
    George E. Greer, ggreer@orrick.com
    David S. Keenan, dkeenan@orrick.com
    Charles J. Ha, charlesha@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    701 Fifth Avenue, Suite 5600
    Seattle, WA 98104-7097
    Attorneys for Defendant Lobsang Dargey

    Diana Kay Carey, dcarey@karrtuttle.com
    KARR TUTTLE CAMPBELL
    701 Fifth Avenue, Suite 3300
    Seattle, WA 98104
    Attorneys for Receiver

    David R Zaro, dzaro@allenmatkins.com
    Joshua A del Castillo, jdelcastillo@allenmatkins.com
    ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS (LA)
    515 S Figueroa Street, 7th Floor
    Los Angeles, CA 90071
    Attorneys for Receiver

    David W. Criswell, dcriswell@balljanik.com
    BALL JANIK LLP
    One Main Place
    101 Southwest Main Street, Suite 1100
    Portland, Oregon 97204-3219
    Attorneys for Voya Insurance and Annuity Company

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

                                                       /s/ Susan F. LaMarca
                                                      Susan F. LaMarca