UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PATH AMERICA, LLC, et al.,<br><br>Defendants. | CASE NO. C15-1350JLR<br><br>ORDER DENYING MOTION FOR RETURN OF INVESTMENT |

## I.    INTRODUCTION

Before the court is the motion of Intervenor-Plaintiff Yu Zhen Ye for clarification regarding the court's October 14, 2015, order (10/14/15 Order (Dkt. # 75)) modifying the preliminary injunction (PI (Dkt. # 68)) and for an order directing Receiver Michael A. Grassmueck ("the Receiver") to return $400,000.00 of Ms. Ye's investment to her. (Mot. (Dkt. # 184) at 1.)  Both the Receiver and Plaintiff Securities and Exchange Commission ("the SEC") oppose Ms. Ye's motion. (*See* Receiver Resp. (Dkt. # 206); SEC Resp.

ORDER- 1

(Dkt. # 210).) The court has reviewed the motion, all the parties' submissions related to the motion, the balance of the record, and the applicable law. Being fully advised,[1] the court CLARIFIES its prior order and DENIES Ms. Ye's motion for an order directing the Receiver to return Ms. Ye's $400,000.00 investment.

## II. BACKGROUND

On October 14, 2015, the court granted leave to intervene on a limited basis to a group of eleven (11) investors in the Path America Potala Tower Project. (Interv. Ord. (Dkt. # 74).) On the same day, the court also granted the eleven investors' motion to modify the preliminary injunction to permit the release of their investment funds from the Path America escrow account at Central Escrow and the return of those funds to the same eleven investors.[2] (10/14/15 Order.) Since that time, the funds of ten of the eleven intervening investors have been released from Central Escrow and returned. (*See* Mot. at 1.) However, unbeknownst to counsel for the eleven intervening investors, Central Escrow had prematurely released $400,000.00 of one of the eleven intervening investors, Ms. Ye. (*See id.*) Only after the court granted the eleven investors' motions did counsel for those investors learn that only approximately $100,000.00 of Ms. Ye's investment remained in Central Escrow. (Sheridan Decl. (Dkt. # 185) ¶¶ 3-4.)

---

[1] No party requested oral argument, and the court deems it to be unnecessary here. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The SEC consented to the limited intervention of these investors and to the return of these investors' funds from Central Escrow. (10/13/15 SEC Resp. (Dkt. # 72).)

Ms. Ye asserts that Central Escrow's release of $400,000.00 of her investment funds to Path America was error. (*See id.* ¶ 6, Ex. A; Mot. at 3.) Ms. Ye claims that because her I-526 petition had not yet been approved by the United States Citizenship and Immigration Services ("USCIS"), Central Escrow should not have released her funds. (*See* Sheridan Decl. ¶ 6, Ex. A.) According to Ms. Ye, on February 17, 2015, Path America Operations Manager Yujing Sun sent an email to Central Escrow stating that USICS had received Ms. Ye's I-526 petition. (*Id.* ¶¶ 7-8, Ex. B.) The email, however, did not state that USCIS had granted Ms. Ye's petition. (*Id.*) Nevertheless, Ms. Sun's email requested that Central Escrow release 80% of Ms. Ye's investment funds. (*Id.* Ex. B.) On February 18, 2015, Central Escrow wired $400,000.00 of Ms. Ye's investment to Path America Tower, LP. (*Id.* Ex. D.) Ms. Ye asserts that the transfer of her funds out of Escrow and into Path America's account was "*not legitimate*[]," but instead represented a conversion of those funds to Path America's use "as a result of Ms. Sun's wrongful request and Central Escrow's negligent release of [Ms. Ye's] funds." (Mot. at 7 (italics in original).)

After Ms. Ye's counsel learned that Central Escrow had released $400,000.00 of Ms. Ye's investment to Path America Tower, LP, Ms. Ye's counsel asked counsel for the SEC, the Receiver, and Defendants to stipulate to the refund of Ms. Ye's funds from Path America's account. (*Id.* ¶ 10, Ex. E.) The parties were unable to reach agreement, and this motion followed.

//

//

ORDER- 3

### III. ANALYSIS

Ms. Ye seeks an additional modification to the preliminary injunction (or "clarification" of the court's prior order modifying the preliminary injunction) to permit the return of Ms. Ye's investment—not from the Central Escrow account, as she originally requested (*see* 10/14/15 Order at 2), but from Path America's account (*see* Mot. at 5). The court has inherent authority to modify a preliminary injunction in consideration of new facts. *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (citing *Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647-48 (1961) (holding that a district court has "wide discretion" to modify an injunction based on changed circumstances or new facts)).

The Receiver opposes the motion, arguing that although the transfer of Ms. Ye's funds may have been "inconsistent with . . . representations to Ms. Ye, . . . she nevertheless finds herself in a very similar circumstance as those investors . . . whose funds were previously released [to Path America], regardless of the reason." (Receiver Resp. at 2.) Further, the Receiver notes that unlike some investors, Ms. Ye may have an alterative remedy against Central Escrow for its alleged negligence in releasing her funds. (*Id.* at 3.)

The SEC also opposes Ms. Ye's motion. (*See generally* SEC Resp.) Like the Receiver, the SEC argues that Ms. Ye "is in the same unfortunate position as numerous other Path America investors." (*Id.* at 1.) Indeed, the SEC points out that the court has already denied a motion to modify the preliminary injunction to require the Receiver to pay another Path America investor whose funds had been released out of escrow. (*Id.* at

ORDER- 4

1, 2 (citing 1/14/16 Order (Dkt. # 169)).) On the other hand, the court has granted other investors' requests for the return of complete investments that remained segregated in escrow, and the court has entered a stipulated order that permits all investors whose entire $500,000.00 investment currently sits in escrow to obtain the return of their investments. (*See* 11/10/15 Order (Dkt. # 128), 11/16/15 Order (Dkt. # 147).) Thus, the SEC argues that the court has effectively drawn "a bright line" between investors whose entire investment was never commingled with that of other investors, and investors whose investments were commingled in whole or in large part with other investor funds that Defendant Losbang Dargey and the various Path America entities used. (SEC Resp. at 2.) The SEC argues that this distinction makes sense because each investor whose funds were commingled in the Path America enterprises was subjected to the alleged fraud at issue here. (*Id.*)

The court agrees with the Receiver and the SEC. By her motion, Ms. Ye seeks to jump ahead of all other investors and creditors with respect to any future distribution by the Receivership estate. To the extent that the Receiver may eventually be able to make such a distribution to allegedly harmed investors and creditors, that time has not yet come. Equity does not permit Ms. Ye to receive preferential treatment at the expense of the Receivership estate. The facts upon which Ms. Ye previously moved to intervene in this proceeding and to obtain a refund of her investment from Central Escrow have proved to be incorrect. She now seeks a return of her investment not from Central Escrow but from the Receivership estate itself. The court declines to treat Ms. Ye preferentially to other similarly situated investors whose funds were also transferred from

Central Escrow to the Path America account and who have also allegedly been victimized by the fraud asserted in this action. The court agrees with the SEC that "there is no just or equitable reason to treat [Ms. Ye] differently than the other similarly-situated investors, even if she is accurate that her funds should not have been released by Central Escrow." (*See id.* at 1.) Although Ms. Ye may have been entitled to a modification of the preliminary injunction to permit the release of her investment funds if those funds had remained in the Central Escrow account (*see* 10/14/15 Order), she is not entitled to such a modification to permit the release of her funds from the Path America account. Accordingly, the court CLARIFIES its October 14, 2015, order by stating that Ms. Ye is not entitled to a modification of the preliminary injunction that would permit the release of her funds from the Path America account and DENIES Ms. Ye's motion for an order directing the Receiver to return $400,000.00 of her investment from the Path America account.

## IV.   CONCLUSION

Based on the foregoing analysis, the court CLARIFIES its previous October 14, 2015, order modifying the preliminary injunction as stated above and DENIES Ms. Ye's

//
//
//
//
//
//

1 motion for an order directing the Receiver to return $400,000.00 of her investment to her

2 (Dkt. # 184).

3     Dated this 6th day of April, 2016.

4

5

6 *[signature]*

    JAMES L. ROBART
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 7