UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PATH AMERICA, LLC, et al.,<br><br>　　　　　Defendants. | CASE NO. C15-1350JLR<br><br>ORDER DIRECTING FURTHER BRIEFING |

## I.　　INTRODUCTION

Before the court is Plaintiff Securities and Exchange Commission's ("SEC") motion to modify the order appointing a receiver to include additional Relief Defendants.[1] (Mot. (Dkt. # 244).) Specifically, the SEC moves to modify the court's order appointing a receiver to add as "Relief Receivership Defendants" the following

---

[1] The SEC's motion also sought leave to file a second amended complaint. (Mot. at 3-6.) The court already granted the portion of the SEC's motion seeking leave to amend because Defendants did not oppose it. (5/12/16 Order (Dkt. # 289).)

ORDER- 1

Relief Defendants: Dargey Development, LLC, Dargey Enterprises, LLC, Path Farmer's Market, LLC, and Dargey Holdings, LLC. (*Id.* at 7-9.) Defendant Losbang Dargey, Relief Defendants Dargey Development, LLC, Dargey Enterprises, LLC, and Path Othello, LLC (collectively, "Defendants") oppose the SEC's motion. (Resp. (Dkt. # 250).) On May 19, 2016, the court heard the argument of counsel concerning the SEC's motion. The court declines to rule on the SEC's motion at this time and instead directs the parties to submit additional briefing and, if appropriate, evidentiary materials concerning the SEC's motion as more fully described below.

## II.   BACKGROUND

The SEC filed this action on August 24, 2015, and sought a temporary restraining order ("TRO") against Defendant Lobsang Dargey and nine of the corporate entities that he controls: Defendants (1) Path America, LLC, (2) Path America SnoCo, LLC, (3) Path America Farmer's Market, LP, (4) Path America KingCo, LLC, (5) Path America Tower, LP, (6) Path Tower Seattle, LP, (7) Potala Tower Seattle, LLC, and Relief Defendants (8) Potala Shoreline, LLC, and (9) Potala Village Kirkland, LLC. (Compl. (Dkt. # 1); TRO Mot. (Dkt. # 2).) The court entered a TRO that same day (TRO (Dkt. # 9)) and converted the TRO into a preliminary injunction on October 6, 2015 (PI (Dkt. # 68)).

The SEC alleges that Defendants exploited a federal visa program to defraud investors seeking financial returns and a path to United States residency. (SAC (Dkt. # 307) ¶ 1.) Defendants allegedly raised at least $125 million through the sale of securities to 250 investors, along with at least $11 million in additional fees. (*Id.*) The SEC alleges that Defendants solicited investments predominantly from Chinese citizens,

claiming the investments would qualify under the EB-5 Program administered by the United States Citizenship and Immigration Services ("USCIS"). (*Id.* ¶ 2.) The EB-5 Program provides that foreign nationals may qualify for United States residency if they make a qualified investment of $500,000.00 or more in a specified project that is determined to have created or preserved at least 10 jobs in the United States. (*See id.*) The SEC further alleges that using the lure of the EB-5 Program and the promise of investment returns, Defendants targeted Chinese nationals in a scheme to sell securities to finance two different real estate development projects: (1) a skyscraper in downtown Seattle ("the Tower Project"), and (2) a mixed-use commercial and residential development containing a farmer's market in Everett, Washington ("the Farmer's Market Project"). (*Id.* ¶ 3.) The SEC alleges that rather than use the investor's money solely for these two projects, Mr. Dargey misappropriated or diverted millions of dollars from these investors for other projects or for his personal use. (*Id.*)

On September 21, 2015, in response to the court's TRO, Defendants filed an accounting with the court. (Accounting (Dkt. ## 31-32).) On September 22, 2015, the SEC moved to appoint a receiver over the nine Dargey-related corporate entities named in the complaint. (Rec. Mot. (Dkt. # 38).) On October 22, 2015, the court granted the SEC's motion. (Rec. Ord. (Dkt. # 88).)

On October 2, 2015, the SEC filed a first amended complaint adding three additional Relief Defendants that were identified in Defendants' accounting. (FAC (Dkt. # 59).) These new Relief Defendants, however, were not initially included in the Receivership. The SEC now seeks to add two of the Relief Defendants named in the first

ORDER- 3

amended complaint to the Receivership:  Dargey Development, LLC, and Dargey Enterprises, LLC.  (Mot. at 8.)  The SEC argues that these two entities were recipients of "substantial funds . . . transferred from Receivership Entities."  (*See* Receiver's Report (Dkt. # 148) at 12.)  Dargey Development, LLC, provided "management, bookkeeping and other services for virtually all affiliated real estate development projects, including the [Tower and Farmer's Market] Projects."  (*Id.*)  Indeed, the Receiver has reported that "[t]he fact that Dargey Development[, LLC,] is not a Receivership Entity has . . . hampered the Receiver's complete understanding of the business and financial activities of the Receivership Entities, in substantial part because he lacks sufficient access to certain records and key employees."  (*Id.*)  Thus, the SEC argues that the Receiver needs the information contained in Dargey Enterprises, LLC, and Dargey Development, LLC, to determine the fate of the EB-5 investor funds that were transferred from Receivership entities to Dargey Development, LLC, and Dargey Enterprises, LLC.

On May 16, 2016, the SEC filed a second amended complaint adding Path Farmer's Market, LLC, and Dargey Holdings, LLC, as additional Relief Defendants. (SAC (Dkt. # 307).)  The SEC also seeks to add Path Farmer's Market, LLC, and Dargey Holdings, LLC, to the Receivership.  (Mot. at 8.)  The SEC seeks to add these entities because they purport to either own outright or own controlling equity in title to the real estate that underlies the Tower Project and the Farmer's Market Project.  (*Id.*)  Although EB-5 investors provided the funds to purchase the real estate involved in the Farmer's Market Project, Mr. Dargey arranged for title to be held in the name of Path Farmer's Market, LLC.  (Receiver's Report Ex. C (Dkt # 148-1).)  In addition, although EB-5

ORDER- 4

investors' funds were also used to purchase the real property for the Tower Project, Defendants assert that Dargey Holdings, LLC, nevertheless "owns 80% of the equity in the Tower Project." (Def. Resp to Receiver's Mot. (Dkt. # 215) at 5.) Dargey Holdings, LLC's assertion of an 80% ownership interest in the Tower Project is based on its 80% interest in Defendant Potala Tower Seattle, LLC—the entity that holds title to the underlying real property for the Tower Project. (*See* Receiver's Report Ex. C.) Because Path Farmer's Market, LLC, and Dargey Holdings, LLC, claim to hold legal title to the real property underlying both the Tower and Farmer's Market Projects, the SEC seeks to add these two entities to the Receivership.

Defendants oppose adding these four Relief Defendants into the Receivership. Defendants argue that there is no need to place Dargey Holdings, LLC, or Path Farmer's Market, LLC, into the Receivership because all of the assets of these entities are already frozen by court order[2] and the Receiver already controls the two projects at issue without adding these entities to the Receivership. (*See* Resp. (Dkt # 250) at 10.) Defendants also argue that the SEC presents no evidence of any assets going missing or being misappropriated since the time the Receivership was established. (*See id.*) Indeed, the SEC's motion is unaccompanied by any evidentiary support other than the evidence the SEC previously filed in support of its previous motions for a preliminary injunction and for creation of the Receivership. (*See* Dkt. ## 3-4, 39-41.) Finally, Defendants further argue that there is no need to place Dargey Enterprises, LLC, and Dargey Development,

---

[2] (*See* Mot. at 5 n.1 (stating that Mr. Dargey's interest in Dargey Holdings, LLC "is subject to the asset freeze in the [c]ourt's Order Granting Preliminary Injunction").)

LLC, into the Receivership because the Receiver already has all the information that these two entities possess and has not presented any information that Defendants have withheld any information that either the Receiver or the SEC has requested. (*See generally* Resp.)

### III.   ANALYSIS

The Ninth Circuit counsels that "appointing a 'receiver is an extraordinary equitable remedy,' which should be applied with caution" *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). The Ninth Circuit lists seven factors that the court may consider when placing a company into receivership. *Id*. Those factors include: (1) "whether [the party] seeking the appointment has a valid claim"; (2) "whether there is fraudulent conduct or the probability of fraudulent conduct" by the defendant; (3) whether the property is in imminent danger of "being lost, concealed, injured, diminished in value, or squandered"; (4) whether legal remedies are inadequate; (5) whether the harm to the plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) "the plaintiff's probable success in the action and the possibility of irreparable injury to the plaintiff's interest in the property"; and (7) "whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership." *Id.*

Nevertheless, the Ninth Circuit recognizes "the broad nature of a court's equitable powers in determining whether or not to appoint a receiver." *Id.* at 845. Further, the Ninth Circuit cautions that "there is no precise formula for determining when a receiver may be appointed," and "federal courts consider a variety of factors in making this

determination." *Id*. at 844-45.  Indeed, the Ninth Circuit specifically "recognize[s] a court's authority to appoint a receiver regardless of these factors." *Id*. at 845.  Thus, the court is guided by the factors listed by the Ninth Circuit but will not necessarily consider each of those factors or limit its consideration to those factors alone.

Here, the parties have not yet provided sufficient information for the court to make a reasoned decision.  Ordinarily, because the SEC bears the burden of proof on its motion, the court would simply deny the motion if there was insufficient evidentiary support.  However, in this instance, the court considers more than the relative positions of the SEC and Defendants.  The court is also concerned about the circumstances of the EB-5 Investors.  Thus, the court will permit additional briefing on the SEC's motion so that the court can be confident that it has sufficient information to make an informed ruling.  Specifically, the court seeks evidence of asset dissipation or misallocation since the court initiated the Receivership.  In other words, is there any evidence that any of the Relief Defendants that the SEC seeks to add to the Receivership have continued to misappropriate EB-5 Investor or other investor funds since the advent of the asset freeze and the creation of the Receivership?  In addition, the court would like additional information or evidence concerning why the Receiver asserts that he is hampered in his understanding of the business and financial activities of the Receivership Entities due to the absence of the four Relief Defendants from the Receivership.  The parties may also provide any other evidence that they believe will aid the court in its determination.

The court ORDERS the SEC to provide additional briefing (limited to 10 pages) and evidence in support of its motion within 14 days of the filing date of this order.  If the

ORDER- 7

SEC fails to timely supplement the record as directed, the court will deny its motion. Defendants may provide additional briefing (limited to 10 pages) and evidence in response to the SEC's supplementation within 21 days of the filing date of this order. Finally, the SEC may file a reply memorandum (limited to five pages) within 28 days of the filing date of this order.

## IV. CONCLUSION

The court DEFERS RULING on the SEC's motion to modify the order appointing a Receiver to include additional Relief Defendants (Dkt. # 244) until the court has received supplemental briefing and evidence from the parties as ORDERED above. The court DIRECTS the Clerk to re-note this motion to 28 days from the date that this order is filed.

Dated this 24th day of May, 2016.

JAMES L. ROBART
United States District Judge