THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PATH AMERICA, LLC, et al.,<br><br>Defendants and Relief Defendants. | Civil Action No. C-15-1350-JLR<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT LOBSANG DARGEY AND RELIEF DEFENDANT PATH OTHELLO, LLC |

[PROPOSED] FINAL JUDGMENT AS TO DEF.
DARGEY AND REL. DEF. PATH OTHELLO, LLC
CASE NO. C-15-1350-JLR

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CALIFORNIA 94104
(415) 705-2500

1  The Securities and Exchange Commission ("SEC") having filed a complaint, as amended, and Defendant Lobsang Dargey ("Defendant") and Relief Defendant Path Othello, LLC ("Relief Defendant") having each entered a general appearance; consented to the Court's jurisdiction over Defendant and Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment pursuant to the Consent to Final Judgment as to Defendant Lobsang Dargey and Relief Defendant Path Othello, LLC ("Consent"); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, soliciting any person or entity to purchase or sell, or from participating in the issuance, offer, or sale, of any security of any entity controlled by him such that Defendant has the ability to direct the actions of the entity, including through participation in its management or ownership of the entity's securities, or through any contract or other arrangement regarding its securities; provided, however, that such injunction shall not prevent Defendant from purchasing securities for or selling securities from his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

[PROPOSED] FINAL JUDGMENT AS TO DEF.     2     SECURITIES AND EXCHANGE COMMISSION
DARGEY AND REL. DEF. PATH OTHELLO, LLC            44 MONTGOMERY STREET, SUITE 2800
CASE NO. C-15-1350-JLR                                          SAN FRANCISCO, CALIFORNIA 94104
                                                                       (415) 705-2500

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $17,600,000, as a result of the conduct alleged in the complaint, as amended, together with prejudgment interest thereon in the amount of $791,182, for a total of $18,391,182, but that this amount shall be deemed satisfied by: (1) Defendant's relinquishment of all legal and equitable right, title, and interest in all properties, businesses, funds and assets currently controlled by the Court Appointed Receiver in this action ("Receiver") as set forth in Annex B to the Consent; and (2) the order of restitution described in Paragraph 11 of the Plea Agreement (attached as Annex A to the Consent) in *United States v. Lobsang Dargey* (W.D. Wash.) (which shall not be altered or affected by this Final Judgment).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, within seven days of the entry of this Final Judgment, Defendant will execute a document reasonably suitable to the SEC conveying to the receivership estate in this action all right, title and interest in all properties, businesses, funds and assets over which the Receiver currently has control, as identified in Annex B to the Consent.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Order Granting Motion for Preliminary Injunction (ECF No. 68) (including all subsequent modifications to that Order) is hereby dissolved as to Defendant and Relief Defendant and is no longer of any force or effect as to either of them, including the provision freezing their assets. All banks, financial institutions, and brokerage firms are hereby notified that the asset freeze is no longer in effect as to the Defendant and as to the Relief Defendant.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant and Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint, as amended, are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED:

Dated: 3 March 2017

JAMES L. ROBART
United States District Judge

Presented by

Susan F. LaMarca
lamarcas@sec.gov
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2017, I caused the foregoing document ([Proposed] Final Judgment As To Defendant Lobsang Dargey And Relief Defendant Path Othello, LLC and accompanying Consent) to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

Dated: March 2, 2017

*/s/ Susan F. LaMarca*
Susan F. LaMarca

[PROPOSED] FINAL JUDGMENT AS TO DEF.
DARGEY AND REL. DEF. PATH OTHELLO, LLC
CASE NO. C-15-1350-JLR

6

SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CALIFORNIA 94104
(415) 705-2500