1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. C15-1350JLR |
| Plaintiff, | ORDER GRANTING RECEIVER'S MOTION REGARDING UPDATED BUDGET, PROPOSAL FOR FINANCING, AND CONSULTANT AGREEMENT FOR FARMER'S MARKET AND MOTION PRELIMINARILY APPROVING DISPOSITION OF RECEIVERSHIP ASSETS |
| v. | |
| PATH AMERICA, LLC, et al., | |
| Defendants, and | |
| POTALA SHORELINE, LLC, et al., | |
| Relief Defendants. | |

18

19

20

21

22

Before the court are two motions:  (1) Receiver Michael A. Grassmueck's motion for approval of (a) an updated budget for the development of the 40,000 square feet of commercial space ("the Marketplace Project") at the mixed use development currently known as Potala Marketplace, located at 2900 Grand Avenue, Everett, Washington ("Potala Marketplace"), (b) proposals for the financing for the Marketplace Project, and

ORDER - 1

1   (c) the agreement with The Carlin Company ("Carlin") to act as the development

2   manager for the Marketplace Project (1st Mot. (Dkt. # 454)); and (2) Mr. Grassmueck's

3   motion for preliminary approval of the proposed transaction by which Path America,

4   LLC ("Path America") will transfer its ownership interest in Path America SnoCo, LLC

5   ("SnoCo") and the distribution rights among partners in Path America Farmer's Market,

6   LP ("PAFM") will be restructured, among other things (2d Mot. (Dkt. # 487)).

7            Defendant Lobsang Dargey initially opposed Mr. Grassmueck's first motion and

8   cross-moved for preliminary approval of a restructuring plan for the Marketplace Project

9   described in a signed Letter of Intent ("LOI") with EB5 Group, LLC.[1]  (Dargey Resp. to

10  1st Mot. (Dkt. # 458).)  However, after the Receiver filed his second motion, which

11  requested preliminary approval of a proposal to restructure the Marketplace Project,

12  which was described in a new LOI from EB5 Group, LLC (*see* 2d Mot.), Mr. Dargey

13  withdrew his cross-motion and opposition to Mr. Grassmueck's first motion.[2]  A group of

14  EB-5 investors in the Marketplace Project also filed a response to the Receiver's first

15  motion.  (*See* EB-5 Resp. (Dkt. # 473*); see also* Not. of EB-5 Joinder (Dkt. # 478).)

16  Although the EB-5 investors expressed concerns about the Receiver's management of the

17  Marketplace Project, they ultimately supported granting the Receiver's first motion.  (*See*

18

19       [1] Mr. Dargey recently consented to the court's entry of final judgment against him.
    (Dargey Final Judgment (Dkt. # 509).)

20       [2] (*See* Dargey's Withdrawal of Cross-Mot. (Dkt. # 488) at 3 ("In light of the new [LOI]
21  signed by EB5 Group, LLC, Dargey hereby withdraws 'Dargey's Cross-Motion . . .' (ECF No.
    458)."); Dargey Resp. to 2d Mot. (Dkt. # 499) at 2 ("If no EB-5 investors file any objection to
22  the receiver's Carlin Plan by February 24, 2017, Dargey will withdraw his response (ECF No.
    458) [to the Receiver's first motion] . . . ."); Dargey's Withdrawal of Resp. (Dkt. # 505).)

ORDER - 2

1  EB5 Resp. at 12, 14.)  Plaintiff Securities and Exchange Commission ("the SEC") did not

2  file a response to Mr. Grassmueck's first motion.  (*See generally* Dkt.)

3          Mr. Dargey filed a response to the Receiver's second motion seeking approval of a

4  restructuring plan for the Marketplace Project.  (Dargey Resp. to 2d Mot. (Dkt. # 499).)

5  In his response, Mr. Dargey raises a number of concerns about the restructuring plan, but

6  he does not expressly oppose the Receiver's motion.  (*See generally id.*)  Rather, he asks

7  the court to require the Receiver "to provide further clarity" regarding the restructuring

8  plan, but does not provide a viable alternative transaction for disposition of the

9  Marketplace Project.  (*Id.* at 12.)  The SEC filed a "statement of non-opposition" to the

10  Receiver's second motion.  (SEC Resp. (Dkt. # 501).)  The SEC stated:  "The proposal

11  advanced by the Receiver appears to meet the objectives of permitting for completion of

12  the Project; transfer of management of the Project out of the receivership estate, with

13  responsibility assumed by the new manager to pursue immigration appeals; and

14  improvement of the financial terms of the Project for the benefit of EB-5 Program

15  investors."  (*Id.* at 2.)  No EB-5 investors filed any response to the Receiver's second

16  motion before the filing deadline.  (Receiver's Reply (Dkt. # 504) at 2 n.2; *see also* Dkt.)

17          A district court's power to administer an equity receivership is extremely broad.

18  *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986).  Indeed, the "primary purpose of

19  equity receiverships is to promote orderly and efficient administration of the estate by the

20  district court for the benefit of creditors."  *Id.* at 1038.  With these principles in mind, the

21  court has considered both of the Receiver's motions, all of the submissions of the parties

22  and the EB5 investors related to the motions, and the relevant portions of the record.

1   Being fully advised and finding good cause, the court GRANTS both of the Receiver's

2   motions (Dkt. ## 454, 487).

3       In addition, the court ORDERS as follows:

4       1.  The Receiver's Revised Budget for the Marketplace Project including the

5           development of the Marketplace "farms and market" café and retail

6           establishment for the Marketplace Project ("the Farms and Market Business"),

7           a copy of which is attached hereto as Exhibit A, is hereby APPROVED;

8       2.  The Receiver's proposed plan to finance the development of the Marketplace

9           Project through the use of funds from the Potala Marketplace, recoveries by

10          PAFM, and an inter-receivership loan from Path America is hereby

11          APPROVED on the terms specified in the loan documents, which are attached

12          hereto as Exhibit B;

13      3.  The Receiver's request for authority to engage Carlin as his consultant for the

14          development of the Marketplace Project is APPROVED, the Receiver is

15          AUTHORIZED to pledge the collateral as described in the agreement, and the

16          consulting agreement entered into between the Receiver and Carlin dated

17          November 2016, a copy of which is attached hereto as Exhibit C, is hereby

18          APPROVED;

19      4.  The Receiver's recommendation to select the restructuring proposal submitted

20          by EB5 Group, LLC ("the EB5 Group Proposal"), is hereby APPROVED; and

21

22

1      5.  The court sets the following deadlines with respect to the final approval and

2      closing of the transaction contemplated by the EB5 Group Proposal ("the

3      Restructuring Transaction"):

4      a.  By no later than March 31, 2017, the Receiver and EB5 Group, LLC

5      shall execute the final documents memorializing the Restructuring

6      Transaction;

7      b.  By no later than April 13, 2017, the Receiver shall submit a motion for

8      approval of the final terms of the Restructuring Transaction ("Motion

9      for Final Approval"), including the fully executed documents

10      memorializing the Restructuring Transaction and the agreement

11      between the parties; and

12      c.  If the Motion for Final Approval is granted, the Restructuring

13      Transaction shall be closed within five (5) business days of entry of the

14      order granting the Motion for Final Approval.

15      Dated this 8th day of March, 2017.

16

17                           JAMES L. ROBART
                              United States District Judge

18

19

20

21

22

ORDER - 5