UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff,<br>     v.<br><br>PATH AMERICA, LLC, et al.,<br><br>                     Defendants, and<br><br>POTALA SHORELINE, LLC, et al.,<br><br>                     Relief Defendants. | CASE NO. C15-1350JLR<br><br>ORDER GRANTING MOTION TO INTERVENE AND MOTION FOR AUTHORITY TO PURSUE CLAIMS AGAINST ZHOU YAN |

## I.     INTRODUCTION

Before the court are two motions: (1) the Receiver Michael A. Grassmueck's ("the Receiver") motion for authority to pursue certain claims against Ms. Zhou Yan (MFA (Dkt. # 512)), and (2) Ms. Zhou's motion to intervene in this action for the limited purpose of responding to the Receiver's motion (MTI (Dkt. # 519)). The court has

reviewed the Receiver's motion, all submissions filed in response to the Receiver's motion (*see* SEC Resp. (Dkt. # 518); Zhou Resp. (Dkt. # 520)), Ms. Zhou's motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the Receiver's motion and Ms. Zhou's motion as more fully described below.

## II. BACKGROUND & ANALYSIS

### A. Ms. Zhou's Motion to Intervene

The court first addresses Ms. Zhou's motion to intervene in these proceedings for the limited purpose of responding to the Receiver's motion for authority to bring suit against her. (*See* MTI.) No party filed an opposition to Ms. Zhou's motion. (*See generally* Dkt.) Indeed, both the SEC and the Receiver state that they do not oppose Ms. Zhou's motion to intervene. (*See* SEC Resp. at 1 n.1 (stating that the SEC does not oppose Ms. Zhou's intervention for the limited purpose of opposing the Receiver's motion); Resp. (Dkt. # 525) at 1 n.1 ("The Receiver takes no position on the Motion to Intervene and . . . assum[es] that the court will consider [Ms. Zhou's] Opposition.").) Further, the SEC expressly consents to Ms. Zhou's limited request pursuant to Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(g). (SEC Resp. at 1 n.1.) Accordingly, the court grants Ms. Zhou's motion to intervene in this action for the limited purpose of responding to the Receiver's motion, and the court considers her response to that motion.

//

//

## B. The Receiver's Motion for Authority to Sue

Next, the court considers the Receiver's motion for authority to pursue certain claims against Ms. Zhou. (*See* MFA.) On March 17, 2017, the Receiver filed a motion seeking the court's authorization to pursue claims against Ms. Zhou. (*Id.*) These claims include the fraudulent transfer of assets, aiding and abetting the breach of a fiduciary duty, and quieting title in certain assets. (*See id.*) The Receiver asserts that these potential claims arise from Defendant Lobsang Dargey's transfer of $1.4 million in investor funds from certain Receivership entities for the purpose of purchasing real property in Ms. Zhou's name. (*See id.* at 1.)

In his motion, the Receiver outlines the basis for his belief that substantial facts support his proposed claims against Ms. Zhou. (*See id.* at 1-5, 6-8.) In her response, Ms. Zhou argues not that the Receiver lacks the authority to bring suit against her, but rather that the Receiver's claims "are unsupported and should not be litigated any further." (Zhou Resp. at 2; *see also id.* at 2-5, 6-13.) The SEC, on the other hand, concludes that the Receiver's claims against Ms. Zhou "appear both appropriate and tailored to enhance the receivership estate." (SEC Resp. at 2.)

This is not the appropriate forum in which to resolve the substance of the Receiver's claims or Ms. Zhou's defenses. The court has already granted the Receiver the authority to pursue the claims at issue. In its Order Appointing Receiver, the court authorized the Receiver to "bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deem[ed] necessary or appropriate in discharging his duties as Receiver" and to "pursue . . . all suits, actions, claims and demands . . .

which may be brought by . . . the Receivership Estates." (Order App. Rec. (Dkt. # 88) ¶¶ 7.I, 7.J.)  Further, the court has broad equitable authority to determine the appropriate action in the administration and supervision of an equity receivership.  *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005).  Based on the representations of the Receiver and the SEC (*see* MFA at 1-5, 6-8; SEC Resp. at 2), the court concludes that, in pursuing the described claims against Ms. Zhou, the Receiver is acting within his business judgment and within the scope of the authority this court has previously granted to him.  *See Donnell v. Kowell*, 533 F.3d 762, 776-777 (9th Cir. 2007) (finding that while a receiver may not have standing to bring claims on behalf of investors and creditors of the estate, a receiver is entitled to bring claims on behalf of the receivership entities).  Thus, the court grants the Receiver's motion to pursue a lawsuit against Ms. Zhou as described in his moving papers.  The merits of the Receiver's claims and Ms. Zhou's defenses will be resolved in the Receiver's anticipated lawsuit and not in the present action.

The court also finds unpersuasive Ms. Zhou's argument that the Receiver seeks a double recovery.  Ms. Zhou asserts that Mr. Dargey has already repaid the funds at issue under his plea agreement and related pleadings.  (Zhou Resp. at 6.)  Indeed, the final judgment against Mr. Dargey recites that he "is liable for disgorgement in the amount of $17,600,000[.00] . . . together with prejudgment interest . . . , but . . . this amount shall be deemed satisfied by:  (1) [Mr. Dargey's] relinquishment of all legal and equitable right, title, and interest in all properties, businesses, funds and assets currently controlled by the Court Appointed Receiver in this action . . . and (2) the order of restitution . . . of the Plea

Agreement." (Consent Judg. (Dkt. # 507) ¶ IV.) Ms. Zhou argues that the $1.4 million the Receiver seeks in his suit against her is included within the $17.6 million that the final judgment against Mr. Dargey states is "deemed satisfied." (*See id.*; *see also* Zhou Resp. at 6.) Although the final judgment recites that Mr. Dargey's obligation to disgorge funds is satisfied by the occurrence of certain events, there is no evidence that Mr. Dargey actually made any disgorgement payment to the Receivership or the various entities that the Receivership controls. Further, although the final judgment recites that Mr. Dargey's obligation to disgorge is "deemed satisfied," there is no provision concerning the rights or obligations of others vis-à-vis the Receivership or its various entities. To the extent that Ms. Zhou has a valid offset defense to the Receiver's suit, she will have the opportunity to raise and fully litigate that defense in the context of the Receiver's suit. As noted above, this action is not the appropriate forum to resolve that defense on the merits. Thus, the court is not persuaded that the specter of a double recovery warrants denial of the Receiver's motion.

### III. CONCLUSION

Based on the foregoing analysis, the court GRANTS Ms. Zhou's motion to intervene in this action for the limited purpose of responding to the Receiver's motion for

//
//
//
//
//

authority to bring suit against her (Dkt. # 519). The court also GRANTS the Receiver's motion for authority to pursue certain claims against Ms. Zhou (Dkt. # 512).

Dated this 16th day of May, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge