UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>PATH AMERICA, LLC, et al.,<br><br>　　　　　　　　Defendants, and<br><br>POTALA SHORELINE, LLC, et al.,<br><br>　　　　　　　　Relief Defendants. | CASE NO. C15-1350JLR<br><br>ORDER GRANTING MOTION FOR FINAL APPROVAL OF THE DISPOSTION OF THE MARKETPLACE PROJECT |

Before the court is Receiver Michael A. Grassmueck's ("the Receiver") motion for final approval of the disposition of the Marketplace Project. (Mot. (Dkt. # 526).) Although the SEC and certain interested entities filed responses to the Receiver's motion (*see* SEC Resp. (Dkt. # 532); 46 Investors Resp. (Dkt. # 531); Eluri Resp. (Dkt. # 528)), no party or interested entity has filed an opposition to the motion. (*See generally* Dkt.)

ORDER - 1

The court has considered the Receiver's motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the Receiver's motion for final approval of the disposition of the Marketplace Project.

Plaintiff Securities and Exchange Commission ("SEC") filed a "statement of non-opposition" in response to the Receiver's motion but ultimately stated that it "supports the Receiver's [m]otion." (SEC Resp. at 2.) Forty-six Chinese nationals who invested $500,000.00 each in the Marketplace Project through the EB-5 immigrant-investor program ("46 Investors") also filed a memorandum in support of the Receiver's motion. (46 Investors Resp. (Dkt. # 531).)

Mr. Eswar Eluri, a creditor who holds a 20% membership interest in Path America, LLC, which is one of the Receivership entities, filed a response in which he states that he "does not object to entry of the Receiver's proposed [o]rder approving the Marketplace Project sale." (Eluri Resp. (Dkt. # 528) at 2.) However, "he expects that the proceeds of this and other sales of Path America's assets will be fully accounted for and properly reflected in the amount ultimately paid to Mr. Eluri with respect to his 20% ownership in Path America." (*Id.*) As the Receiver noted, issues relating to the appropriate distribution of Receivership funds will be addressed in the claims process previously approved by the court. (*See* 8/30/16 Order (Dkt. # 415).) The Receiver states that Mr. Eluri submitted a timely claim which will be reviewed and determined by the Receiver in due course. (Reply (Dkt. # 530) at 1-2.) If a dispute arises concerning Mr. Eluri's claim that the Receiver cannot resolve, then the dispute will be submitted to the court by motion. (*Id*.) The Receiver also represents that any transaction related to the

final disposition of the Marketplace Project "will be reflected in the Receiver's books and records in the normal course, and the funds will be maintained by the Receiver for the benefit of the Receivership Estate, in the same manner as all other funds and assets of the [R]eceivership." (*Id.* at 2.)

Although no party or entity has filed an opposition to the Receiver's motion, the court has nevertheless independently reviewed the Receiver's motion, and finds that there is good cause to grant the Receiver's motion. Accordingly, the court ORDERS, ADJUDGES, and DECREES as follows:

1. The court finds that the Receiver gave proper, timely, adequate, and sufficient notice of the Receiver's motion, and of the proposed relief described therein, and such notice was reasonable and appropriate under the circumstances and comports in all regards with the requirements of due process and no further notice is appropriate or necessary;

2. The court GRANTS the Receiver's motion (Dkt. # 526);

3. The court APPROVES the final terms of the Restructuring Transaction as memorialized in the Master Agreement ("Master Agreement") and all related additional agreements necessary for completion of the transaction, copies of which are appended as Exhibit A to the Receiver's declaration (Grassmeuck Decl. (Dkt. # 526-1)) and as Exhibit A to the Notice of Errata Re: Motion for Final Approval of Disposition of the Marketplace Project (Errata (Dkt. # 527)) (the Master Agreement and all additional agreements are referred to herein as the "Final Agreements");

4. The court APPROVES the Final Agreements;

5. Upon the closing of the Restructuring Transaction as contemplated by the Final Agreements ("Closing"):

a. Path America shall absolutely and unconditionally assign all of its right, title, and interest in and to the limited liability company membership interest in Path America SnoCo, LLC ("SnoCo") to EB5 Group, LLC ("EB5G"), and EB5G shall accept the same;

b. Except as otherwise provided in the Master Agreement, each of SnoCo, Path America Farmer's Market, LP ("PAFM"), and Path Farmer's Market, LLC ("PFM"), including their assets and equity interests, shall be free and clear of all security interests, liens, claims, pledges, encumbrances or other rights or claims of any other Person (as defined in the Master Agreement), including without limitation any Limited Partners (as defined in the Master Agreement), or any preemptive or similar rights, other than those encumbrances identified in Schedule 1 to the Master Agreement;

c. Path America, LLC ("Path America") shall not have any further ownership, management, economic, voting, or other interest in SnoCo whatsoever;

d. Liabilities not retained by SnoCo, PAFM, and PFM pursuant to Schedule 1 to the Master Agreement shall be deemed claims against the estate of the Receivership Entities ("Receivership Estate");

e. The Receiver shall transfer $500,000.00 from the account of PAFM for the benefit of the Receivership Estate, in satisfaction of any and all administrative expenses attributable to PAFM, PFM and/or SnoCo;

//

1    f. All assets identified as "Intercompany Loans" and "Other – Syndication Costs, etc." on the balance sheet of PAFM as of the Closing Date, and all of PAFM's or PFM's rights, title and interest therein, shall be deemed assigned to the Receiver for the benefit of the Receivership Estate;

6. The court APPROVES the Receiver's proposed treatment of potential claims that may be held by individual investors in the Marketplace Project who sought a green card through the EB-5 program ("EB-5 Investors") against the Receivership Estate, and any and all claims that such investors might assert against the Receivership Estate shall be deemed waived upon Closing;

7. The court APPROVES the Receiver's proposed procedure to determine the appropriate disposition of certain EB-5 Investors' funds that remain in escrow accounts held by Central Escrow Inc. ("Central Escrow") pending conditional approval of the investors' I-526 petitions by United States Citizenship and Immigration Services, and

a. Within two (2) business days of entry of this Order, the Receiver shall send an "Escrow Option Letter" (as defined in the Motion), to the ten EB-5 Investors for whom $100,000.00 of each of their respective $500,00.00 capital contributions remains in escrow accounts held by Central Escrow;

b. The Escrow Option Letter shall be sent by the Receiver to each of these ten EB-5 Investors' addresses and e-mail addresses identified in available investor records, as well as to all legal counsel that have notified the Receiver of their representation of one or more of these ten investors;

//

| | |
|---|---|
| 1 |     c. The ten EB-5 Investors shall have thirty (30) days to respond and inform |
| 2 | the Receiver regarding whether they wish to recover the $100,000.00 from escrow or |
| 3 | release it to the Marketplace Project; |

    c. The ten EB-5 Investors shall have thirty (30) days to respond and inform the Receiver regarding whether they wish to recover the $100,000.00 from escrow or release it to the Marketplace Project;

    d. Should any of these ten EB-5 Investors fail to respond within the time allotted, they shall be deemed to have chosen to release their $100,000.00 in escrowed funds to the Marketplace Project;

    e. Following the expiration of the allotted time for these ten EB-5 Investors to respond to the Escrow Option Letter, the Receiver shall promptly review any and all responses received and, depending on the investors' responses, shall instruct Central Escrow in writing to either return specified funds remaining in escrow to individual investors or release such funds to the Marketplace Project;

    f. Upon receipt of written instructions from the Receiver, Central Escrow shall, with all reasonable diligence, transfer these ten EB-5 Investors' funds remaining in escrow in accordance with the Receiver's instructions;

  8. The court MODIFIES the preliminary injunction (PI (Dkt. # 68)) to lift the freeze imposed over monies in financial accounts to the extent necessary to carry out the terms of the Restructuring Transaction as described and specified in the Receiver's motion, the Final Agreements, and this order;

  9. The court AUTHORIZES the Receiver to take any and all action to effectuate the terms and provisions of the Restructuring Transaction as described and specified in the motion, the Final Agreements, and this order;

//

10. Notwithstanding any prior orders of the court, the Restructuring Transaction shall be closed on or before May 30, 2017; and

11. Within five (5) business days of the Closing of the Restructuring Transaction, the Receiver shall submit a declaration to inform this court of the Closing.

IT IS SO ORDERED.

Dated this 16th day of May, 2017.

JAMES L. ROBART
United States District Judge