UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PATH AMERICA, LLC., et al.,<br><br>Defendants, and<br><br>POTALA SHORELINE, LLC, et al.,<br><br>Relief Defendants. | CASE NO. C15-1350JLR<br><br>ORDER GRANTING MOTION FOR ORDER APPROVING SALE OF PROPERTY |

The court, having reviewed Receiver Michael A. Grassmueck's[1] ("the Receiver") Motion for Order Approving Sale of Property ("Motion") (Mot. (Dkt. # 549)) and good cause appearing therefor, hereby ORDERS as follows:

---

[1] Mr. Grassmueck is the court-appointed Receiver for Path America, LLC; Path America SnoCo, LLC; Path America Farmer's Market, LP; Path America KingCo, LLC; Path America Tower, LP; Path Tower Seattle, LP; Path Tower Seattle, LLC; Potala Shoreline, LLC; Potala

ORDER - 1

1. The Motion (Dkt. # 549) is hereby GRANTED;

2. The sale of the real property located at 1008 Lake Street South, Kirkland, Washington 98033 ("the Property"), more specifically described in the Purchase and Sale Agreement and Joint Escrow Instructions ("the Agreement") attached as Exhibit A to the Receiver's Declaration submitted concurrently with the Motion (Dkt. # 549-1), to Aegis Senior Communities, LLC ("Buyer") is CONFIRMED and APPROVED;

3. The purchase and sale of the Property to Buyer shall be on an "As-Is, Where-Is" basis, as set forth in the Agreement;

4. The court further finds as follows:

   a. The negotiation, execution, delivery, and consummation of the Agreement was conducted in a manner appropriate under applicable law;

   b. The Receiver provided adequate and sufficient notice for the Motion;

   c. The consummation of the sale of the Property is in the best interests of the estate of the Receivership Entities;

   d. Buyer has acted in good faith, the purchase and sale is undertaken by Buyer and the Receiver at arm's length, without collusion and in good faith, and Buyer is entitled to appropriate protections on account thereof;

5. The purchase price of $10,100,000.00 for the Property is CONFIRMED and APPROVED;

---

Village Kirkland, LLC; Dargey Development, LLC; Dargey Enterprises, LLC; Path Farmer's Market, LLC; and Dargey Holdings, LLC (collectively, "the Receivership Entities" or, individually, "the Receivership Entity"). (*See* Receivership Order (Dkt. # 88); Order Modifying Receivership (Dkt. # 375).)

6. The Receiver is authorized, empowered, and directed to immediately pay, upon closing of the sale, a commission of 1% of the final purchase price to broker Berkadia Real Estate Advisors;

7. If applicable, the Receiver is authorized, empowered, and directed to pay Buyer's "Break-Up Costs" as defined in the Agreement within ten (10) business days following closing to a third-party;

8. The sale of the Property to Buyer (i) is legal, valid, and effectively transfers the Property; (ii) will vest Buyer with all right, title, and interest to the Property free and clear of all "Removable Liens," other than "Permitted Exceptions," as those terms are defined in the Agreement; and (iii) constitutes a transfer for reasonably equivalent value and fair consideration under the laws of Washington state;

9. Upon and after the closing of the purchase and sale contemplated herein, claims arising out of any security interests or other liens, if any, against the Property shall attach to the net proceeds of the purchase and sale in the same amount and priority as such security interests and other liens had against the Property prior to the purchase and sale, and the rights of creditors against third parties, such as claims against guarantors of any debt owed by a Receivership Entity shall not be affected by this purchase and sale;

10. All persons holding or asserting a claim, of any nature, against a Receivership Entity, shall be barred from taking any actions against Buyer (as they existed immediately prior to closing of the purchase and sale) or the Property to recover such claim;

//

11. Upon and after the closing of the purchase and sale contemplated herein, Buyer shall not be deemed to be (i) a successor to any Receivership Entity; (ii) a continuation of any Receivership Entity; or (iii) to have assumed any liability with respect to any claim, known or unknown, against any Receivership Entity or the estate of the Receivership Entities, except those expressly assumed in the Agreement;

12. The provisions of this Order are non-severable and mutually dependent;

13. The Receiver is immediately authorized, empowered, and directed to complete, consummate, and close the sale transaction, including executing any and all documents as may be necessary and appropriate to do so;

14. The Receiver is further authorized, empowered, and directed to executing and acknowledge the deed in the form attached in the Agreement as Exhibit D;

15. The Receiver is further authorized, empowered, and directed to transfer title and possession of the Property to Buyer and turn over possession of the Property to Buyer upon closing;

16. The Receiver may amend or otherwise modify the Agreement if Buyer or its designee consents in writing;

17. The terms of this Order shall be controlling but for subsequent immaterial amendments or modifications to this Agreement;

18. This Order shall be recorded; and

//
//
//

19. This court retains exclusive jurisdiction to interpret and enforce the provisions of the Agreement and this Order, in all respects.

IT IS SO ORDERED.

Dated this 11th day of July, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 5