UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PATH AMERICA, LLC, et al.,<br><br>Defendants, and<br><br>POTALA SHORELINE, LLC, et al.,<br><br>Relief Defendants. | CASE NO. C15-1350JLR<br><br>SEVENTH ORDER REGARDING FEE APPLICATIONS |

Before the court are seven quarterly fee applications: **(1)** the seventh interim fee application of Receiver Michael A. Grassmueck ("the Receiver") for $30,893.00 in fees and $965.39 in costs (Dkt. # 575); **(2)** the sixth interim fee application of Caron Architecture, LLC ("Caron"), which is the architect for the Potala Shoreline and Potala Village Kirkland projects, for $12,306.00 in fees, $425.60 in costs, $12,784.56 in hold

ORDER- 1

backs for the Potala Village Kirkland Project, and $18,617.41 in hold backs for the Potala Shoreline Project (Dkt. # 573); **(3)** the seventh interim fee application of the Receiver's general counsel, Allen Matkins Leck Gamble Mallory & Natsis, LLP ("Allen Matkins"), for $421,848.45 in fees and $2,851.05 in costs (Dkt. # 572); **(4)** the seventh interim fee application of Financial Forensics, the Receiver's forensic accountant, for $10,746.00 in fees and $14.70 in costs (Dkt. # 574); **(5)** the seventh fee application of the Receiver's immigration counsel, Baker Donelson, for $5,547.00 in fees, $22.41 in costs, and $19,838.95 in hold backs (Dkt. # 580); **(6)** the seventh quarterly fee application for the Receiver's local counsel, Karr Tuttle Campbell, P.S. ("Karr Tuttle"), for $6,525.50 in fees and $1,217.95 in costs (Dkt. # 578); and **(7)** the fourth interim fee application of Peterson Sullivan LLP, tax accountants for the Receiver, for $15,741.50 in fees and $883.88 in costs (Dkt. # 576). As described below, the court GRANTS the fee applications of the Receiver, Allen Matkins, Financial Forensics, Karr Tuttle, and Peterson Sullivan (Dkt. ## 572, 574-76, 578) and GRANTS in part and DENIES in part the fee applications of Caron and Baker Donelson (Dkt. ## 573, 580).

Counsel for the Receiver filed all of the foregoing motions on August 14, 2017, and noted them for the court's consideration on September 1, 2017. (*See* Dkt. ## 572-76, 578, 580.) Any opposition to the motions was due no later than Monday, August 28, 2017. *See* Local Rules W.D. Wash. LCR 7(d)(3) ("Any opposition papers shall be filed and served no later than the Monday before the noting date."). No party filed an opposition to any of the motions. (*See generally* Dkt.)

ORDER- 2

With respect to the fee applications of the Receiver, Allen Matkins, Financial Forensics, Karr Tuttle, and Peterson Sullivan, the court finds that (1) the fees and costs requested in each of the fee applications listed above are reasonable and necessary, (2) the notice of the fee applications was appropriate, (3) the fee applications are made in accordance with the Order Appointing Receiver (*see* Order Appointing Receiver ("OAR") (Dkt. # 88) ¶¶ 55-59), and (4) the services provided were of substantial benefit to the Receivership Estate. Each of the foregoing applicants seeks a distribution of only 80% of the approved fees and costs at this time. (*See* Order Appointing Receiver ("OAR") ¶ 58 ("Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court."); *see also* Dkt. # 572 at 2; Dkt. # 574 at 4; Dkt. # 575 at 2; Dkt. # 576 at 4; Dkt. # 578 at 2.)

Accordingly, the court GRANTS these fee applications (Dkt. ## 572, 574-76, 578) and APPROVES on an interim basis the following application amounts for the period of April 1, 2017, through June 30, 2017:

| Applicant: | Fees: | Costs: | Total Allowed: |
|---|---|---|---|
| Receiver Michael A. Grassmueck | $30,893.00 | $965.39 | $31,858.39 |
| Allen Matkins | $421,848.45 | $2,851.05 | $424,699.50 |
| Financial Forensics | $10,746.00 | $14.70 | $10,760.70 |
| Karr Tuttle | $6,525.50 | $1,217.95 | $7,743.45 |
| Peterson Sullivan | $15,741.50 | $883.88 | $16,625.38 |

ORDER- 3

With respect to the fee applications of Caron and Baker Donelson, the court finds that (1) the fees and costs requested in Caron's and Baker Donelson's fee applications are reasonable and necessary, (2) the notice of the fee applications was appropriate, and (3) the services provided were of substantial benefit to the Receivership Estate.

However, Caron's and Baker Donelson's applications are not made in accordance with the Order Appointing Receiver (OAR ¶¶ 55-59). Caron seeks 100% of its fees and costs for the foregoing quarterly period, along with the 20% holdback from all of its previous disbursements because (1) the Receiver has sold the Potala Village Kirkland Project[1] and Caron will not continue any work for that Project and (2) Caron's contractual obligations on the Potala Shoreline Project are complete. (*See* Wilbur Decl. (Dkt. # 573-1) ¶ 6.) Baker Donelson also seeks 100% of its fees and costs for the foregoing quarterly period, along with the 20% hold back from previous disbursements, because the EB-5 projects are now off the Receivership's books, and the Receiver will no longer need extensive EB-5 immigration services or counsel. (*See* Divine Decl. (Dkt. # 581) ¶¶ 2-3.)

The Order Appointing Receiver provides that all Quarterly Fee Applications are "interim" and "subject to cost benefit and final reviews at the close of the [R]eceivership." (OAR ¶ 57.) The Order also states: "The total amounts held back [from each Quarterly Fee Application] during the course of the [R]eceivership will be paid out at the discretion of the [c]ourt as part of the final fee application submitted at the

---

[1] (*See* Order Approving Sale (Dkt. # 569).)

ORDER- 4

close of the [R]eceivership." (*Id.* ¶ 58.)  This is not the close of the Receivership, and therefore, Caron's and Baker Donelson's requests for payment of their holdback amounts are premature.

Accordingly, the court GRANTS in part and DENIES in part Caron's and Baker Donelson's fee applications (Dkt. ## 573, 580).  The court denies their requests for disbursement of 100% of their fees and costs for the foregoing quarterly period.  Their present Quarterly Fee Applications are subject to a 20% holdback just as all of their previous fee applications have been subject to this holdback.  (OAR ¶ 57.)  At this time, the court also denies their requests for payment of the amounts held back from their previous Quarterly Fee Applications.[2]  These amounts are subject to a final cost-benefit review at the close of the Receivership and payable at the discretion of the court as part of the Receiver's final fee application.  (*See id.* ¶¶ 57-58.)  The court, however, grants their request for quarterly fees and costs, but subject to a 20% withholding pursuant to the Order Appointing Receiver.  (OAR ¶ 58.)

Based on the foregoing, the court APPROVES the following application amounts for the period April 1, 2017, through June 30, 2017, as described below:

| Applicant: | Fees: | Costs: | Hold Backs: | Total Allowed: |
|---|---|---|---|---|
| Caron | $12,306.00 | $425.60 | $31,401.97 (DENIED at this time) | $12,731.60 |
| Baker Donelson | $5,547.00 | $22.41 | $19,838.95 (DENIED at this time) | $5,569.41 |

---

[2] Caron and Baker Donelson may renew their application for their respective hold back amounts at the close of the Receivership.  (*See* OAR ¶¶ 57-58.)

Finally, the court AUTHORIZES the Receiver to disburse the following percentages of the foregoing approved fees and costs at this time:

(1) The court AUTHORIZES the Receiver to disburse $25,486.71 to the Receiver, which is 80% of the approved fees and costs;

(2) The court AUTHORIZES the Receiver to disburse $10,185.28 to Caron, which is 80% of the approved fees and costs;

(3) The court AUTHORIZES the Receiver to disburse $339,759.60 to Allen Matkins, which is 80% of the approved fees and costs;

(4) The court AUTHORIZES the Receiver to disburse $8,608.56 to Financial Forensics, which is 80% of the approved fees and costs;

(5) The court AUTHORIZES the Receiver to disburse $4,455.53 to Baker Donelson, which is 80% of the approved fees and costs;

(6) The court AUTHORIZES the Receiver to disburse $6,194.76 to Karr Tuttle, which is 80% of the approved fees and costs; and

(7) The court AUTHORIZES the Receiver to disburse $13,300.30 to Peterson Sullivan, which is 80% of the approved fees and costs.

Dated this 11th day of September, 2017.

JAMES L. ROBART
United States District Judge