UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PATH AMERICA, LLC, et al.,<br><br>Defendants, and<br><br>POTALA SHORELINE, LLC,<br><br>Relief Defendants. | CASE NO. C15-1350JLR<br><br>ORDER GRANTING AMENDED MOTION SEEKING APPROVAL OF THIRD AMENDED SHORELINE PROPERTY PURCHASE AND SALE AGREEMENT |

Before the court is the Receiver Michael A. Grassmueck's ("the Receiver") amended motion for an order approving the third amendment to the purchase and sale agreement for the Shoreline Property. (Am. Mot. (Dkt. # 640).) The motion is noted for the court's consideration on September 7, 2018. (*See id*. at title page.) No party has filed

//

ORDER - 1

an opposition to the motion.[1]  (*See generally* Dkt.)  The court has reviewed the motion, the relevant portions of the record, and the applicable law.  Being fully advised, the court GRANTS the motion (Dkt. # 640) and ORDERS as follows:

    1.    The sale of the commercial property located at 15560 Westminster Way North, Shoreline, Washington 98133 ("the Property"), more specifically described in the Purchase and Sale Agreement and Joint Escrow Instructions as amended by the First Amendment to Purchase and Sale Agreement and Joint Escrow Instructions, Second Amendment to Purchase and Sale Agreement and Joint Escrow Instructions and Third Amendment to Purchase and Sale Agreement and Joint Escrow Instructions (collectively, "the Purchase and Sale Agreement"), attached as Exhibits A, B, and C to the Receiver's Declaration (*see* Grassmeuck Decl. (Dkt. # 640-1) ¶¶ 4-5, 7, Exs. A-C), is CONFIRMED and APPROVED;

    2.    The purchase and sale of the Property to Maple Multi-Family Land TX, LP ("Buyer") shall be on an "As-Is, Where-Is" basis, as set forth in the Purchase and Sale Agreement;

    3.    The court further finds as follows:

    a.    The negotiation, execution, delivery, and consummation of the Purchase and Sale Agreement was conducted in a manner appropriate under applicable law;

---

[1] Because Monday, September 3, 2018, was Labor Day, opposition to the motion was due on Tuesday, September 4, 2018.  *See* Local Rules W.D. Wash. LCR 7(d)(3) ("Any opposition papers shall be filed and served not later than the Monday before the noting date."); *see id.* LCR 7(d)(5) ("If the deadline for a party's response . . . falls on a date that is a legal holiday . . . , the party's response . . . is due on the following day that is not a Saturday, Sunday, or legal holiday.").

b. The Receiver has provided adequate and sufficient notice for the unopposed motion;

c. The consummation of the sale of the Property is in the best interests of the estate of the Receivership Entities;[2]

d. Buyer has acted in good faith, the purchase and sale is undertaken by Buyer and the Receiver at arm's length, without collusion and in good faith, and Buyer is entitled to appropriate protections on account thereof;

4. The purchase price of $11,500,000 for the Property is CONFIRMED and APPROVED;

5. The Receiver is authorized, empowered and directed to immediately pay, upon closing of the sale, a commission of 1% of the final purchase price to broker Berkadia Real Estate Advisors;

6. If applicable, the Receiver is authorized, empowered and directed to pay the "Buyer's Costs" as defined in the Purchase and Sale Agreement within ten (10) business days following closing to a third-party or delivery of Buyer's Termination Notice as defined in the Purchase and Sale Agreement;

7. The sale of the Property to Buyer (i) is legal, valid and effectively transfers the Property; (ii) will vest Buyer with all right, title and interest to the Property free and clear of all "Removable Liens," other than "Permitted Exceptions," as those terms are

---

[2] The Receivership Entities include Path America LLC, Potala Shoreline, LLC and related entities under the control of the Receiver. (*See* Am. Mot. at 1.)

defined in the Purchase and Sale Agreement; and (iii) constitutes a transfer for reasonably equivalent value and fair consideration under the laws of Washington state;

8. Upon and after the closing of the purchase and sale contemplated herein, claims arising out of any security interests or other liens, if any, against the Property shall attach to the net proceeds of the purchase and sale in the same amount and priority as such security interests and other liens had against the Property prior to the purchase and sale, and the rights of creditors against third parties, such as claims against guarantors of any debt owed by a Receivership Entity shall not be affected by this purchase and sale;

9. All persons holding or asserting a claim, of any nature, against a Receivership Entity, shall be barred from taking any actions against Buyer (as it existed immediately prior to closing of the purchase and sale) or the Property to recover such claim;

10. Upon and after the closing of the purchase and sale contemplated herein, Buyer shall not be deemed to be (i) a successor to any Receivership Entity; (ii) a continuation of any Receivership Entity; or (iii) to have assumed any liability with respect to any claim, known or unknown, against any Receivership Entity or the estate of the Receivership Entities, except those expressly assumed in the Purchase and Sale Agreement;

11. The provisions of this Order are non-severable and mutually dependent;

12. The Receiver is immediately authorized, empowered and directed to complete, consummate, and close the sale transaction, including executing any and all documents as may be necessary and appropriate to do so;

13. The Receiver is further authorized, empowered and directed to execute and acknowledge the deed in the form attached to the Purchase and Sale Agreement as Exhibit D;

14. The Receiver is further authorized, empowered and directed to transfer title and possession of the Property to Buyer and turnover possession of the Property to Buyer upon closing;

15. The Receiver may amend or otherwise modify the Purchase and Sale Agreement if Buyer or its designee consents in writing;

16. The terms of this Order shall be controlling but for subsequent immaterial amendments or modifications to the Purchase and Sale Agreement;

17. This order shall be recorded; and

18. This court retains exclusive jurisdiction to interpret and enforce the provisions of the Purchase and Sale Agreement and this order, in all respects.

**IT IS SO ORDERED**.

Dated this 5th day of September, 2018.

JAMES L. ROBART
United States District Judge