The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:15-cv-01350-JLR |
| Plaintiff, | NOTICE OF MOTION AND MOTION FOR APPROVAL OF RECEIVER'S RECOMMENDED DISTRIBUTION PLAN AND AUTHORIZATION TO PROCEED WITH CLOSING TASKS |
| v. | |
| PATH AMERICA, LLC; PATH AMERICA SNOCO LLC; PATH AMERICA FARMER'S MARKET, LP; PATH AMERICA KINGCO LLC; PATH AMERICA TOWER, LP; PATH TOWER SEATTLE, LP; POTALA TOWER SEATTLE, LLC; and LOBSANG DARGEY, | NOTED ON MOTION CALENDAR: NOVEMBER 16, 2018 |
| Defendants, and, | |
| POTALA SHORELINE, LLC; POTALA VILLAGE KIRKLAND, LLC; DARGEY DEVELOPMENT, LLC; DARGEY ENTERPRISES, LLC; and PATH OTHELLO, LLC,, | |
| Relief Defendants. | |

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

-1-

1

## TABLE OF CONTENTS

2

**Page**

3  I.     **INTRODUCTION** ........................................................................................... 6

4  II.    FACTUAL BACKGROUND ........................................................................... 7

5         A.     Receiver's Appointment and Dargey's Plea and Consent Judgments .................... 7

6         B.     Liquidation and Recovery of Receivership Assets on Behalf of
                 Investors ........................................................................................................ 8

7
         C.     Claims Review and Allowance ................................................................. 9

8
         D.     Administrative Expenses and Reserves ...................................................... 9

9
   III.   DISTRIBUTION PLAN ................................................................................ 10

10
   IV.    ARGUMENT ................................................................................................. 11

11
         A.     The Distribution Plan Should Be Approved .............................................. 12

12
         B.     The Receivership Entities' Assets Should Be Pooled For Distribution ................ 12

13
         C.     Payments Will Be Based Upon Previously Allowed Claims .............................. 13

14
         D.     The Receiver Should Be Authorized To Make Distributions ............................. 14

15  V.     CONCLUSION ............................................................................................. 15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

-2-

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

<u>Cases</u>

4

*CFTC v. Topworth Int'l, Ltd.,*
        205 F.3d 1107 (9th Cir. 1999) ........................................................................................... 11

5

*In re North American Coin & Currency LTD.,*
        767 F.2d 1573 (9th Cir. 1985) ........................................................................................... 12

6

7

*SEC v. Capital Consultants, LLC,*
        397 F.3d 733 (9th Cir. 2005) ....................................................................................... 11, 12

8

*SEC v. Credit Bancorp, Ltd.,*
        290 F.3d 80 (2d Cir. 2002) ................................................................................................ 12

9

10

*SEC v. Elliot,*
        953 F.2d 1560 (11th Cir. 1992) ......................................................................................... 11

11

*SEC v. Forex Asset Mgmt., LLC,*
        242 F.3d 325 (5th Cir. 2001) ............................................................................................. 12

12

13

*SEC v. Hardy,*
        803 F.2d 1034 (9th Cir 1986) ............................................................................................ 11

14

*SEC v. Wencke,*
        622 F.2d 1363 (9th Cir. 1980) ........................................................................................... 11

15

16

*Securities and Exchange Commission v. Path America, LLC, et al,,*
        in the United States District Court, Western District of Washington, Case
        No. 2:15-cv-01350-JLR ...................................................................................................... 7

17

18

*United States v. Real Property Located at 13328 and 13324 State Highway 75
North,*
        89 F.3d 551 (9th Cir. 1996) ............................................................................................... 12

19

20

21

22

23

24

25

26

27

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01

-3-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1  **TO ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

2      **PLEASE TAKE NOTICE** that Michael A. Grassmueck (the "Receiver"), the court-

3  appointed Receiver for Path America LLC; Path America SnoCo LLC; Path America Farmer's

4  Market, LP; Path America KingCo, LLC; Path America Tower, LP; Path Tower Seattle, LP;

5  Potala Tower Seattle, LLC; Potala Shoreline, LLC; Potala Village Kirkland, LLC; Dargey

6  Development, LLC; Dargey Enterprises, LLC; Path Farmer's Market, LLC; and Dargey Holdings,

7  LLC (collectively, "Receivership Entities"), hereby files this Motion For Approval of Receiver's

8  Distribution Plan ("Motion"), which Distribution Plan is attached hereto as <u>Exhibit A</u> and

9  incorporated herein by this reference.  Following the Court granting of this Motion and approval

10  of the Distribution Plan, the Receiver will conclude the final dispositions of assets, and address the

11  remaining tax and administrative issues.  At such time as the Receiver has completed these tasks,

12  the Receiver will file his closing motions including one seeking authority to distribute the

13  receivership proceeds to investors and creditors in accordance with the Distribution Plan.

14      The Motion and Distribution Plan is posted on the Receiver's website:

15  (http://www.grassmueckgroup.com/ pathamerica.php).  A hard copy of the Motion can also be

16  obtained by emailing a request to the Receiver through the website or by sending a written request

17  to the Receiver at Grassmueck Group, PO Box 230091, Portland, Oregon 97281.

18      This Motion is made on the grounds that the Receiver has completed processing of and

19  obtained the Court's approval of the allowed claims against the Receivership Entities submitted in

20  accordance with summary claims procedures also approved by this Court.  The Receiver has

21  completed his accounting as to the Receivership Entities, the Receiver has liquidated or is in the

22  process of liquidating the remaining assets of the receivership estate, a judgment against the

23  individual defendant was entered and the receivership entity consent judgments are in process.[1]

24  Accordingly, the Receiver requests that the Court approve the Receiver's Distribution Plan and

25  authorize the Receiver to make distributions.

26

27    [1]  In the Joint Status Report submitted to the Court on September 12, 2018 [Dkt. No. 645], counsel for the
Securities and Exchange Commission estimated that the internal consent judgment approval process

28  would be completed in approximately eight weeks.

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1    This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

2    Points and Authorities, the supporting Receiver Declaration, the documents and pleadings already

3    on file in this action, and upon such further oral and documentary evidence as may be presented at

4    the time of the hearing.

5    **If you oppose this Motion, you are required to file a written opposition with the Office**

6    **of the Clerk, United States District Court, 700 Stewart Street, Suite 2310, Seattle,**

7    **Washington 98101, and serve the same on the undersigned no later than four (4) calendar**

8    **days prior to the hearing on this Motion.  If you fail to serve a written opposition by the**

9    **above deadline, the Court may grant the Receiver's requested relief without further notice.**

10

11   Dated:  October 31, 2018                      ALLEN MATKINS LECK GAMBLE MALLORY
                                                   & NATSIS LLP

12

13                                        By:   */s/ David R. Zaro*
                                                David R. Zaro, Esq. #124334 (CA)
14                                              *(Pro Hac Vice Granted Oct 26, 2015)*
                                                Michael R. Farrell, Esq. #173831 (CA)
15                                              *(Pro Hac Vice Granted Nov. 6, 2015)*
                                                Allen Matkins Leck Gamble Mallory & Natsis LLP
16                                              865 S. Figueroa Street, Suite 2800
                                                Los Angeles, CA  90017-2543
17                                              213.622.5555 P | 213.620.8816 F
                                                E-mail:  dzaro@allenmatkins.com
18                                                       mfarrell@allenmatkins.com
                                                *Attorneys for Receiver*
19                                              *MICHAEL A. GRASSMUECK*

20

21

22

23

24

25

26

27

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01                                              -5-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1       <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2   **I.      INTRODUCTION.**

3           Having completed disposition of the assets of the Receivership Entities (save the Shoreline

4   Property), the claims allowance process, and the Court having determined that certain of the

5   Defendants violated federal securities laws, the Receiver requests approval of his proposed

6   Distribution Plan, which is attached hereto as **Exhibit A**.  The Distribution Plan provides for

7   priority payment of all allowed administrative expenses, with all other allowed claims being paid

8   *pro rata* from the remaining assets.

9           Upon the Court's approval of the Distribution Plan, the Receiver will complete the

10  remaining work of the receivership including the filing of tax returns, closing the sale of real

11  property and prepare the final accounting in anticipation of closing the receivership.  Thereafter,

12  the Receiver will file a motion seeking authority to, among other things, make a distribution to

13  investors and creditors and to close the receivership (the "Closing Motion".)

14          In preparing the Plan, the Receiver considered the fact that Defendant Lobsang Dargey

15  ("Dargey") and the Receivership Entities made extensive transfers of cash and purported loans

16  between and among themselves to create liquidity necessary to pay expenses, to pursue new

17  projects and to fund the individual defendant's lifestyle.  Such transfers were part of the fraudulent

18  scheme which resulted in the filing of the underlying civil action and related criminal action

19  against Dargey.  In light of the commingling of assets, the Receiver concluded early on that

20  unwinding of these transactions was not possible.  While most EB-5 Investor claimants remained

21  with the projects in which they originally invested, it is recognized that it would be entirely unfair

22  to the remaining investors and creditors to make distributions on an entity by entity basis.

23          Accordingly, the proposed Distribution Plan provides all receivership assets be pooled and

24  allowed claimants receive a *pro rata* distribution from the pool in accordance with the Distribution

25  Plan terms, rather than allowing investors and creditors that benefitted from intercompany

26  transfers to receive a greater share of receivership assets at the expense of other investors and

27

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01
                                    -6-
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1   creditors.  In other words, the Distribution Plan attempts to equalize creditor recoveries regardless

2   of the timing of the investments or the debt, or the specific project invested in or worked upon.

3   **II.      FACTUAL BACKGROUND.**

4        **A.      Receiver's Appointment and Dargey's Plea and Consent Judgments.**

5        The Receiver was appointed the federal equity receiver in the enforcement action brought

6   by the U.S. Securities and Exchange Commission (the "Commission"), known as *Securities and*

7   *Exchange Commission v. Path America, LLC, et al,*, in the United States District Court, Western

8   District of Washington, Case No. 2:15-cv-01350-JLR ("SEC Action"), pursuant to Order

9   Appointing Receiver entered on October 22, 2015, as subsequently expanded by an order entered

10  on July 15, 2016 (together , the Appointment Orders.") [Dkt. No. 88 and 375.] (Declaration of

11  Michael A. Grassmueck ("Grassmueck Decl."), ¶ 1-3).

12       Mr. Grassmueck was appointed as Receiver for Path America, LLC, Path America SnoCo,

13  LLC, Path America Farmer's Market, LP, Path America KingCo, LLC, Path America Tower, LP,

14  Path Tower Seattle, LP, Potala Tower Seattle, LLC, Potala Shoreline, LLC, Potala Village

15  Kirkland, LLC, Dargey Development, LLC, Dargey Enterprises, LLC, Path Farmer's Market,

16  LLC, and Dargey Holdings, LLC (collectively, the "Receivership Entities").  (Id.)

17       Dargey owned and operated Path America SnoCo LLC and Path America KingCo LLC,

18  two EB-5 regional centers approved by the United States Immigration and Citizenship Services.

19  (See, Dargey Plea Agreement in WAWD Case No. CR17-001TSZ ("Plea Agreement") at ¶ 7(b),

20  attached to the Declaration of David R. Zaro ("Zaro Decl."), Ex. A.)  Using these regional centers,

21  Dargey promoted two so-called EB-5 projects to immigrant investors; Path America Farmer's

22  Market and Potala Tower.  (Plea Agreement at ¶ 7(c), at Zaro Decl. Ex. A.)  In the investment

23  offerings, Dargey made material misrepresentations and omissions concerning the EB-5 Projects.

24  (Plea Agreement at ¶ 7(d)-(i), Zaro Decl. Ex. A.)  Among other things, contrary to representations

25  in the offerings, immigrant investor capital contributions were fraudulently diverted to non-EB-5

26  projects and for personal expenses of Dargey.  (*Id.* at ¶ 7(h)).  In addition, funds raised for one

27

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01                              -7-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

project were commingled with funds raised for other projects.  As part of the scheme, Dargey attempted to disguise the commingling of assets through purported inter-company loans.

Ultimately, Dargey plead guilty to criminal conduct related to certain matters alleged in the complaint in the SEC Action, including wire fraud, and the diversion and commingling of investor funds.  See, Consent to Final Judgment as to Defendant Lobsang Dargey and Relief Defendant Path Othello, ¶ 2, [Docket. No. 506] and Plea Agreement.

### B.    Liquidation and Recovery of Receivership Assets on Behalf of Investors.

As previously reported, the primary assets of the Receivership Entities ("Receivership Assets") consisted of: the Potala Tower project in Seattle, Washington ("Tower Project"); the Potala Market Place Project in Everett, Washington ("Market Place Project"); the Potala Shoreline Project in Seattle, Washington ("Shoreline Project"), and the Potala Village Kirkland Project in Kirkland, Washington ("Kirkland Project").[2]  Grassmueck Decl. ¶ 4.  The transaction by which the Receiver disposed of the Tower Project closed during the third quarter of 2016.  The transaction by which the Receiver disposed of the Market Place Project closed during the second quarter of 2017.  The sale of Kirkland Project closed during the third quarter of 2017.  With respect to the Shoreline Project, the Receiver negotiated and documented an amendment to the purchase and sale agreement and expects the sale will close in the fourth quarter of 2018.

These foregoing transactions, along with successful conclusion of several lawsuits have generated cash recoveries for the Receivership Estate in excess of $15 million.  Id. ¶ 5.  Moreover, 157 Tower Project EB-5 investors, with $78 million invested, and 80 Market Place Project investors, with $40 million invested, all opted-in with regard to restructuring of these two projects.  Id.  In addition to furthering their goals of citizenship, these investors have improved their economic positions over those provided in their original agreements and it is reasonably likely that they will ultimately be made whole.  Id.

Based upon the sale and disposition of the foregoing Projects, along with recoveries from other asset sales and litigation, the Receiver anticipates that he will have approximately

---

[2]    The Tower Project, the Market Place Project, the Shoreline Project, and the Kirkland Project are sometimes collectively referred to as the "Projects."

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01                                                    -8-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1  $3.6 million to distribute after payment of Administrative Expenses, taxes, and the planned

2  Reserve.  This estimate may be reduced depending upon the resolution of certain tax issues, the

3  closing of the Shoreline Project sale, and administrative expense claims.

4  **C.     Claims Review and Allowance.**

5  On June 16, 2016, the Receiver filed a motion for Court approval of a proposed claims

6  process [Docket 352].  After discussions with counsel, the Receiver withdrew his motion and filed

7  a new motion on July 28, 2016 [Docket 385].  The motion was granted by order of the Court dated

8  August 30, 2016 ("Claims Order") [Docket 415].  Pursuant to the Claims Order, the Receiver set

9  and published a claims bar date of November 30, 2016 and published/distributed claim forms and

10  instructions.  The Receiver's office received approximately forty (40) claims as of the claims bar

11  date, asserting various amounts owed by, and interests held in, Receivership Entities.  The

12  monetary claims had a face value of approximately $40 million.  The Receiver reviewed each

13  claim and its supporting documentation, made preliminary determinations as to validity and value,

14  and attempted to resolve disputed claims with the applicable claimants.  The Receiver filed motion

15  papers with the Court on November 9, 2017 seeking approval of proposed allowed claim amounts

16  and treatment recommendations with respect to various claimants ("Omnibus Motion") [Dkt. 588],

17  and separately as to Zhou Yan ("Zhou Motion") [Dkt. 590].  The Court granted the Omnibus

18  Motion on December 1, 2017 [Dkt. 602], approving allowed claim amounts as set forth therein.

19  The Zhou Motion was resolved through a settlement which was the subject of a motion filed

20  herein [Dkt. 607].

21  **D.     Administrative Expenses and Reserves**.

22  As is customary and consistent with the Appointment Orders, the Distribution Plan calls

23  for payment of administrative expenses of the Receiver his professionals; in this case, Allen

24  Matkins, Karr Tuttle, Financial Forensics, and Peterson Sullivan LLP (collectively, the

25  "Professionals.")  These Professionals provided legal, accounting and tax services required by the

26  Receiver and Receivership Entities.

27

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01
-9-
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1    Over the course of this case, the Receiver and Professionals submitted interim fee

2    applications to the Court for work performed over a set period of time.  In each case, the

3    Professionals requested approval of 100% of their fees but payment of only 80%.  This 20% was

4    held back pending the conclusion of the receivership case.

5    To date, the Receiver and Professionals have recovered over $15 million in cash and

6    successfully concluded transactions involving the Tower and Marketplace Projects where it is

7    possible that $118,500,000 will be returned to investors.  Grassmueck Decl. ¶ 5.  Given the overall

8    success of the receivership, the Receiver and Professionals will file a motion requesting payment

9    of their final fee applications and payment of the 20% hold back at such time as the closing

10   motions are filed.  Id.

11   The Distribution Plan calls for setting aside funds as a reserve for concluding the

12   receivership (the "Reserve.")  The amount of the Reserve will be proposed in the Closing Motion

13   once the amounts available for distribution are finalized and will cover the expenses of closing the

14   case such as document destruction, distribution processing, the Receiver's and Professionals fees.

15   While the Receiver and Professionals believe that they have correctly analyzed and prepared tax

16   returns, the IRS and State taxing agencies maintain certain audit rights.  If not resolved prior to the

17   Closing Motion, then the Receiver may need to set aside funds to address a tax audit.  The

18   Receiver may ask the Court to approve the specific amount of the Reserve as part of the Closing

19   Motion.  After a reasonable period of time, as set forth in the Distribution Plan, the Receiver will

20   turn over  any remaining reserves, along with uncashed distributions to the Commission.

21   **III.    <u>DISTRIBUTION PLAN.</u>**

22   The Distribution Plan, attached hereto as **<u>Exhibit A</u>**, lays out the Receiver's proposed

23   distribution of receivership assets to holders of allowed claims.  The Distribution Plan provides for

24   the establishment of a Reserve, in an amount approved by the Court, to cover allowed

25   administrative expenses through completion of the receivership.  As noted above, the Distribution

26   Plan generally provides for (a) pooling of receivership estate assets, (b) payment of priority or

27   administrative claims, and (c) *pro rata* distributions from the pool to all holders of allowed claims

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01
                                            -10-
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1   (investors and non-investors).  The Distribution Plan pro rata payments will be based upon the

2   allowed claims set forth in Claims Order [Docket No. 601-602] as well as the below described

3   Tower Master Agreement.  Under the Distribution Plan, the Court retains exclusive jurisdiction to

4   resolve all matters relating to the Distribution Plan and receivership case in the event such issues

5   arise after the Distribution Plan is approved and the case is closed.

6   **IV.**     <u>**ARGUMENT.**</u>

7         "The power of a district court to impose a receivership or grant other forms of ancillary

8   relief does not in the first instance depend on a statutory grant of power from the securities laws.

9   Rather, the authority derives from the inherent power of a court of equity to fashion effective

10  relief."  *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980).  The "primary purpose of equity

11  receiverships is to promote orderly and efficient administration of the estate by the district court

12  for the benefit of creditors."  *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir 1986).  As the

13  appointment of a receiver is authorized by the broad equitable powers of the court, any distribution

14  of assets must also be done equitably and fairly.  *See SEC v. Elliot*, 953 F.2d 1560, 1569 (11th Cir.

15  1992).

16        District courts have the broad power of a court of equity to determine the appropriate

17  action in the administration and supervision of an equity receivership.  *See SEC v. Capital*

18  *Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005).  The Ninth Circuit explained:

19              A district court's power to supervise an equity receivership and to
            determine the appropriate action to be taken in the administration of

20              the receivership is extremely broad.  The district court has broad
            powers and wide discretion to determine the appropriate relief in an

21              equity receivership.  The basis for this broad deference to the district
            court's supervisory role in equity receiverships arises out of the fact

22              that most receiverships involve multiple parties and complex
            transactions.  A district court's decision concerning the supervision

23              of an equitable receivership is reviewed for abuse of discretion.

24  *Id.* (citations omitted); *see also CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999)

25  ("This court affords 'broad deference' to the court's supervisory role, and 'we generally uphold

26  reasonable procedures instituted by the district court that serve th[e] purpose' of orderly and

27

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01

-11-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1   efficient administration of the receivership for the benefit of creditors.").  Accordingly, the Court

2   has broad discretion in approving a plan of distribution and authorizing distributions.

3         **A.**      **The Distribution Plan Should Be Approved**

4         The Distribution Plan is designed to provide an orderly and fair distribution of receivership

5   estate assets.  Priority is given to fees and costs of the receivership approved by the Court and

6   other administrative claims, as is customary  in federal equity receiverships.  All other claimants

7   will receive a *pro rata* distribution of cash in the receivership estate in accordance with the

8   Distribution Plan terms, except for those payments which are the subject of prior district court

9   orders.  Where the assets of a receivership estate are insufficient to pay all claims, pro rata is the

10  most fair and equitable method of distributing receivership estate assets to similarly situated

11  claimants.  *See Capital Consultants*, 397 F.3d at 750; *SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80,

12  88-89 (2d Cir. 2002) (endorsing *pro rata* distribution of receivership assets).

13        **B.**      **The Receivership Entities' Assets Should Be Pooled For Distribution**

14        Where, as here, there is extensive movement of cash and assets between and among

15  entities involved in securities violations, equity demands that assets of all Receivership Entities be

16  pooled for purposes of distribution so as not to favor creditors or investors in one Receivership

17  Entity that happened to benefit from inter-company transfers at the expense of investors in other

18  Receivership Entities.  *See United States v. Real Property Located at 13328 and 13324 State*

19  *Highway 75 North*, 89 F.3d 551 (9th Cir. 1996); *In re North American Coin & Currency LTD.*,

20  767 F.2d 1573 (9th Cir. 1985); *SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80 (2d Cir. 2002); *SEC v.*

21  *Forex Asset Mgmt., LLC*, 242 F.3d 325 (5th Cir. 2001).

22        A claimant's chances of being paid at the time the Receiver was appointed was almost

23  entirely fortuitous.  Had the scheme been stopped a month earlier or a month later, the assets in

24  each entity or fund might have been very different.  In other words, the value of each of the assets

25  and one's investment were in a state of flux such that some projects were on the verge of

26  completion while others were heading toward potential insolvency.  Accordingly, given the

27  established commingling of funds, the happenstance of where assets lied at the commencement of

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01
-12-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1   the receivership should not result in one group of investors or creditors being favored over

2   another.

3         Moreover, it would not be possible at this stage to unwind these numerous inter-fund

4   transactions.  Even if it were possible, such unwinding would not produce a more equitable result

5   than creating a single pool of assets and distributing the pool on a pro rata basis as provided in the

6   Distribution Plan.

7         **C.    Payments Will Be Based Upon Previously Allowed Claims**

8         Except for the Binjiang claim, which was addressed in the below described Tower Master

9   Agreement, each investor and non-investor is deemed to have an allowed claim consistent with the

10  Claims Order.  As such, each claimant shall receive their pro rata distribution based upon the

11  allowed claim.  With regard to Binjiang, its claims were addressed in connection with the

12  restructuring transaction involving the Tower Project Entities, which transaction was

13  memorialized in that certain Master Agreement (as amended, the "Tower Master Agreement"),

14  subsequently approved by the Court.  [Dkt. No. 357-2]  The Potala Shoreline, LLC Membership

15  Investment Rescission Agreement ("Shoreline Rescission Agreement"), an exhibit to the Tower

16  Master Agreement, provided that Binjiang Shoreline Corp. ("Binjiang Shoreline") would have an

17  allowed claim in the amount of $10,228,154.06, which was to be paid as follows:

18          As set forth in the [Tower] Master Agreement, Binjiang Shoreline
            will have an allowed claim in the amount of $10,228,154.06 against
19          [Potala Shoreline, LLC], to be paid from the proceeds of the sale of
            the Shoreline property.  Within five (5) days of the issuance of the
20          Claims Order (as defined in the [Tower] Master Agreement) from
            the Court, assuming the Shoreline property has been sold, the net
21          proceeds of such sale shall be paid to Binjiang Shoreline on its
            allowed claim, pro rata with any other unsecured allowed claims
22          relating to the Shoreline property.  If the Shoreline property has not
            been sold before the issuance of the Claims Order, the payment shall
23          be made within five (5) days after the sale of the Shoreline property.
            Payment of the full amount of $10,228,154.06 from the proceeds
24          will satisfy the allowed claim.  Any amount less than
            $10,228,154.06 paid from the Shoreline sale proceeds to Binjiang
25          Shoreline will remain as an allowed claim against [Potala Shoreline,
            LLC].

26

27

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01                                               -13-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1    As of the date of this Motion, the Shoreline Property has not yet been sold.  The closing is

2    currently scheduled to occur by December 31, 2018.  If the contemplated sale closes, the Receiver

3    anticipates the net proceeds will be sufficient to pay Binjiang Shoreline's entire allowed claim, as

4    the "other unsecured allowed claims relating to the Shoreline property" are de minimis.

5    In the event buyer fails to close the pending sale transaction, Binjiang Shoreline's allowed

6    claim will remain unpaid.  At that point, the Receiver can either re-market the property for sale,

7    which may delay the closing of the receivership, or propose an alternative disposition.  Given the

8    fact that almost all of the value of the property is effectively pledged to Binjiang Shoreline, one

9    alternative disposition the Receiver considers viable is to transfer title to the property to Binjiang

10   Shoreline in full satisfaction of its claim.

11       **D.**       **The Receiver Should Be Authorized To Make Distributions**

12   The Distribution Plan contemplates a distribution be made as soon as practicable and

13   provides for the creation of a cash reserve.  As of October 31, 2018 there was a total of

14   approximately $4,200,000 on hand in the estate.  The Receiver anticipates recovering an additional

15   $1,175,000 from the Potala Village Settlement and the sale of the Shoreline Property. Following

16   receipt of these last proceeds, the Receiver will seek authority to distribute approximately

17   $3,600,000, with the remaining cash going into a cash reserve for use to pay taxes and

18   administrative expenses.  The cash reserve, as with all cash in the receivership estate, will be

19   maintained in federally-insured bank accounts and U.S. treasury securities.

20   The Receiver will review actual and projected administrative expenses and evaluate the

21   amount necessary to cover those expenses through conclusion of the receivership.  If, at the

22   conclusion of the case, the cash reserve exceeds administrative expenses, the Receiver shall

23   turnover the remaining funds in Reserve to the Commission.

24   \\\

25   \\\

26   \\\

27   \\\

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01
-14-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1  **V.      <u>CONCLUSION</u>**

2         Based on the foregoing, the Receiver requests an order approving the Distribution Plan

3  attached as **<u>Exhibit A</u>** and authorizing the Receiver to proceed with the closing tasks as described

4  herein.

5

6  Dated:  October 31, 2018                 ALLEN MATKINS LECK GAMBLE
                                                     MALLORY & NATSIS LLP
7

8                                             By:      _/s/  David R. Zaro_____
                                                      David R. Zaro, Esq. #124334 (CA)
9                                                     *(Pro Hac Vice Granted Oct 26, 2015)*
                                                      Michael R. Farrell, Esq. #173831 (CA)
10                                                    *(Pro Hac Vice Granted Nov. 6, 2015)*
                                                      Allen Matkins Leck Gamble Mallory & Natsis LLP
11                                                    865 S. Figueroa Street, Suite 2800
                                                      Los Angeles, CA  90017-2543
12                                                    213.622.5555 P | 213.620.8816 F
                                                      E-mail:  dzaro@allenmatkins.com
13                                                    E-mail:  mfarrell@allenmatkins.com
                                                      *Attorneys for Receiver*
14                                                    *MICHAEL A. GRASSMUECK*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01                                        -15-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2018, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.


Dated:  October 31, 2018          *s/ David R. Zaro*
David R. Zaro, Esq. #124334 (CA)
*(Pro Hac Vice Granted October 26, 2015)*

NOTICE AND MOTION FOR APPROVAL OF DISTRIBUTION PLAN
AND AUTHORIZATION TO MAKE DISTRIBUTION
Case No. 2:15-cv-01350-JLR
1133868.01

-16-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

# EXHIBIT A

1                                           The Honorable James L. Robart

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   WESTERN DISTRICT OF WASHINGTON

10                            SEATTLE DIVISION

11 SECURITIES AND EXCHANGE       |  Case No. 2:15-cv-01350-JLR
COMMISSION,

12                                  RECEIVER'S [PROPOSED] DISTRIBUTION
             Plaintiff,              PLAN FOR PATH AMERICA, LLC

13                                RECEIVERSHIP ENTITIES
        v.

14
PATH AMERICA, LLC; PATH AMERICA

15 SNOCO LLC; PATH AMERICA FARMER'S
MARKET, LP; PATH AMERICA KINGCO

16 LLC; PATH AMERICA TOWER, LP; PATH
TOWER SEATTLE, LP; POTALA TOWER

17 SEATTLE, LLC; and LOBSANG DARGEY,

18              Defendants, and,

19 POTALA SHORELINE, LLC; POTALA
VILLAGE KIRKLAND, LLC; DARGEY

20 DEVELOPMENT, LLC; DARGEY
ENTERPRISES, LLC; and PATH OTHELLO,

21 LLC,,

22              Relief Defendants.

23

24

25

26

27

28                                                     **Exhibit A - Page 17**

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

I. **DEFINITIONS**

Unless the context otherwise requires, the following terms have the following meanings when used in their capitalized forms herein.  Such meanings are equally applicable to both the singular and plural forms of the terms.

**Administrative Claim**.  Claims arising from post-Receivership Date services and activities such as services rendered by the Receiver and for the Receiver by attorneys and accountants, goods and services provided by vendors; as well as certain state and federal taxes not addressed by the below described Claim Order.

**Allowed Claim**.  Any Claim allowed by the Court pursuant to that Order Approving Receiver's Recommended Treatment of Claims ("Claim Order") entered in the Receivership Case on December 1, 2017 [Docket 601-602].  The amount of each Allowed Claim is set forth on Exhibits A and B of the Claim Order.

**Claims Bar Date**.  November 30, 2016.

**Cash**.  All cash and cash equivalents of the Receivership Entities held by the Receiver.

**Claim**.  Any right to payment from the Receivership Entities whether or not such right is reduced to judgment, liquidated, unliquidated, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

**Claimant**.  Holder of an Allowed Claim.

**Court**.  United States District Court for the Western District of Washington, Seattle Division.

**EB-5 Investor Claimant**.  Holder of a claim that arises from one or more investments with the Receivership Entities by an individual investor in the Marketplace Project or the Tower Project who sought a green card through the EB-5 program.

**Estate or Receivership Estate**.  All assets, including Cash, loans, licenses, claims, causes of action, or rights of recovery held by the Receiver on behalf of the Receivership Entities.

**Pro Rata Share**.  A proportionate share such that the ratio of the consideration distributed on account of an Allowed Claim to the amount of such Allowed Claim is the same as the ratio of

**Exhibit A - Page 18**

RECEIVER'S [PROPOSED]  DISTRIBUTION PLAN FOR PATH
AMERICA, LLC RECEIVERSHIP ENTITIES
Case No. 2:15-cv-01350-JLR
1140622.01                                    -2-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1  the consideration distributed on account of all Allowed Claims to the amount of all Allowed

2  Claims.  In other words, in calculating each Pro Rata Share, the total Allowed Claims will be

3  added together to arrive at a denominator, and each individual Allowed Claim will be used as a

4  numerator, to arrive at the percentage of the Pro Rata distribution amount of each Allowed Claim.

5       **Receiver**.  Michael Grassmueck

6       **Receivership Case**.  That certain litigation, pending in the Court, known as *Securities and*

7  *Exchange Commission v. Path America, LLC, et. al.*, Case No. 2:15-cv-01350-JLR, the Honorable

8  James L. Robart, presiding.

9       **Receivership Date**.  October 22, 2015.

10      **Reserve Cash**.  Cash in an amount approved by the Court to satisfy Administrative Claims

11 including but not limited to Receiver's and professional's fees, Qualified Settlement Fund and

12 other taxes that may be due or owing.  The Receiver will apply to the Court to establish the

13 amount of the Reserve at such time as the Receiver files the motion seeking authority to, among

14 other things, make a distribution to investors and creditors and to close the receivership (the

15 "Closing Motion".)

16 **II.      TREATMENT OF CLAIMS**

17       **A.      Administrative Claims**

18       Administrative Claims will be paid in full from Cash after proper application and approval

19 by the Court.  Notwithstanding the foregoing, Administrative Claims, <u>not</u> including fees and costs

20 of the Receiver and his professionals, that represent tax liabilities or liabilities incurred in the

21 ordinary course of administration of the Receivership Estate shall be paid by the Receiver in the

22 ordinary course, without approval of the Court.  The Receiver may apply to the Court for approval

23 of the payment of taxes in his reasonable discretion.  Cash coming into the Receivership Estate

24 after approval of this Distribution Plan shall be added to Reserve Cash.  Administrative Claims

25 arising on and after approval of the Distribution Plan, after proper application and approval by the

26 Court, shall be paid directly from Reserve Cash.

27

28

RECEIVER'S [PROPOSED]  DISTRIBUTION PLAN FOR PATH
AMERICA, LLC RECEIVERSHIP ENTITIES
Case No. 2:15-cv-01350-JLR
1140622.01

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

-3-

**B.** **Allowed Claims**

1. **EB-5 Investor Claims.**

The EB-5 Investors were not asked to submit claims because the Receiver had previously verified the amount of each claim of the EB-5 Investor Claimants.  As such, EB-5 investors were not required to submit claims.  Except for certain opt-out EB-5 Investors addressed in the Claims Order, EB-5 Investor Claimants' interests and claims were already addressed through the orders entered in connection with the restructuring of Path America SnoCo, LLC and Path America Farmer's Market LP (collectively, "Farmer's Market Entities"), involving the project known as Everett Farmers Market ("PAFM Project") [Docket 546]; and Path America Tower, LP, Path America KingCo LLC, and Path Tower Seattle, LP (collectively "Tower Project Entities") involving the proposed hotel and condominium project in downtown Seattle ("Tower Project") [Docket 377.]  As such, aside from those EB-5 Investor Claims set forth as allowed claims in Exhibit B of the Claim Order, no distributions will be made to EB-5 Investor Claimants.

2. **Non-EB-5 Claims.**

Distributions shall be made to non-EB-5 Claimants consistent with their Allowed Claims as set forth on Exhibit A to the Claim Order.

Claimants, both allowed EB-5 and non-EB-5 Claimants, shall receive Cash in an amount equal to such Claimant's Pro Rata Share of total funds to be distributed to all Allowed Claimants.

**III.** **DISTRIBUTIONS**

**A.** **Distribution Payments**

The total distribution shall be in a set amount approved by the Court following entry of an order approving this Distribution Plan and at such time as Receiver files the Closing Motion. Distributions shall be made following entry of a separate order authorizing the Receiver to make distributions pursuant to Receiver's Motion to Approve Final Distributions ("Distribution Motion") (collectively, "Approval Order").  The Receiver anticipates filing the Distribution Motion seeking approval to make the final distribution by the end of the first quarter of 2019. Claimants shall receive a Pro Rata Share distribution from Cash other than Reserve Cash as soon

**Exhibit A - Page 20**

RECEIVER'S [PROPOSED]  DISTRIBUTION PLAN FOR PATH
AMERICA, LLC RECEIVERSHIP ENTITIES
Case No. 2:15-cv-01350-JLR
1140622.01

-4-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1    as practicable after the Court has entered the Approval Order.  All distributions shall be made in

2    Cash in the form of either a check or wire transfer in U.S. dollars.  Claimants shall be responsible

3    for any and all wire charges.  Unless the Claimant requests otherwise, Distributions shall be

4    directed to the name and address stated on the proof of claim form submitted to the Receiver.

5         At or near the filing of the Distribution Motion, the Receiver shall seek final approval of

6    all fees and costs incurred by himself and his professionals, approval of a specified amount of

7    Reserve Cash necessary to close the Receivership Case, approval of the Receiver's Closing

8    Motion..

9         **B.**     **Uncashed Distributions**

10        The Receiver shall conduct a reasonable investigation into distribution payments that

11   remain uncashed 60 days after they were issued for the purpose of identifying correct addresses

12   for the applicable Claimants.  If a correct address can be identified, the payment shall be reissued.

13   If a correct address cannot be identified, the Claimant's Claim will be automatically and

14   permanently extinguished.  Any funds remaining in receivership accounts 90 days after all

15   distribution checks have been issued shall be transferred to the United States Treasury care of the

16   Commission.

17   **IV.**   **RETENTION OF JURISDICTION**

18        The Court shall have and retain exclusive jurisdiction over matters arising out of, or related

19   to the receivership and the Distribution Plan including but not limited to, the following:

20        1.     To consider any modifications to the Distribution Plan, to cure any defect or

21   omission, or reconcile any inconsistency in the Distribution Plan to address tax issues or any order

22   of the Court;

23        2.     To hear and determine any objection or other dispute with respect to Claims or

24   distribution amounts;

25        3.     To protect the property of the Receivership Estate and the Receiver from adverse

26   claims or interference with the Distribution Plan;

27

28                                                                              **Exhibit A - Page 21**

RECEIVER'S [PROPOSED]  DISTRIBUTION PLAN FOR PATH
AMERICA, LLC RECEIVERSHIP ENTITIES
Case No. 2:15-cv-01350-JLR
1140622.01                                                    -5-

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1        4.      To issue such orders in aid of execution of the Distribution Plan as may be

2  necessary and appropriate;

3        5.      To hear and determine all applications for compensation and reimbursement of

4  expenses of the Receiver and his professionals;

5        6.      To recover all assets of the Receivership Estate, wherever located;

6        7.      To hear and determine all litigation, causes of action and all controversies, suits,

7  and disputes that may arise in connection with the interpretation, implementation, or enforcement

8  of the Distribution Plan; and

9        8.      To consider Receiver's closing motions and enter a final decree closing the

10  Receivership Case and discharging the Receiver.

11  **V.**      **MISCELLANEOUS PROVISIONS**

12        The Distribution Plan supersedes all prior discussions, understandings, agreements, and

13  documents pertaining or relating to any subject matter of the Distribution Plan.  The headings used

14  herein are inserted for convenience only and neither constitute a portion of the Distribution Plan

15  nor in any manner shall they affect the provisions or interpretation(s) of the Distribution Plan.  All

16  notices, requests, and demands to or upon the Receiver to be effective shall be in writing

17  (including, without limitation, by email or facsimile transmission) addressed as follows:

18  \\\

19  \\\

20  \\\

21  \\\

22  \\\

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28

RECEIVER'S [PROPOSED] DISTRIBUTION PLAN FOR PATH
AMERICA, LLC RECEIVERSHIP ENTITIES
Case No. 2:15-cv-01350-JLR
1140622.01

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

-6-

1   Michael A. Grassmueck
    PO Box 230091
2   Portland, OR  97281

3   with a copy to:

4   David R. Zaro, Esq.
    Allen Matkins Leck Gamble Mallory & Natsis LLP
5   865 S. Figueroa Street, Suite 2800
    Los Angeles, CA 90017-2543
6

7   Dated: November 1, 2018          ALLEN MATKINS LECK GAMBLE MALLORY
                                              & NATSIS LLP
8

9
                                     By:    /s/ David R. Zaro
10                                          David R. Zaro, Esq. #124334 (CA)
                                            *(Pro Hac Vice Granted Oct 26, 2015)*
11                                          Michael R. Farrell, Esq. #173831 (CA)
                                            *(Pro Hac Vice Granted Nov. 6, 2015)*
12                                          Allen Matkins Leck Gamble Mallory & Natsis LLP
                                            865 S. Figueroa Street, Suite 2800
13                                          Los Angeles, CA  90017-2543
                                            213.622.5555 P | 213.620.8816 F
14                                          E-mail:dzaro@allenmatkins.com
                                            E-mail:mfarrell@allenmatkins.com
15                                          *Attorneys for Receiver*
                                            *MICHAEL A. GRASSMUECK*
16

17

18

19

20

21

22

23

24

25

26

27

28
                                                          **Exhibit A - Page 23**

RECEIVER'S [PROPOSED]  DISTRIBUTION PLAN FOR PATH                ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
AMERICA, LLC RECEIVERSHIP ENTITIES                                         865 S. Figueroa Street, Suite 2800
Case No. 2:15-cv-01350-JLR                                                  Los Angeles, CA  90017-2543
1140622.01                                                                 213.622.5555 P | 213.620.8816 F
                              -7-