1

2

The Honorable James L. Robart

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           WESTERN DISTRICT OF WASHINGTON

10                   SEATTLE DIVISION

11 | SECURITIES AND EXCHANGE                | Case No. 2:15-cv-01350-JLR
   | COMMISSION,                            |
12 |                                        | UNOPPOSED MOTION FOR ORDER
   |                    Plaintiff,          | APPROVING FOURTH AMENDMENT TO
13 |                                        | PURCHASE AND SALE AGREEMENT FOR
   |        v.                              | SALE OF SHORELINE PROPERTY;
14 |                                        | [PROPOSED] ORDER
   | PATH AMERICA, LLC; PATH AMERICA        |
15 | SNOCO LLC; PATH AMERICA FARMER'S       | NOTE ON MOTION CALENDAR:
   | MARKET, LP; PATH AMERICA KINGCO        | December 28, 2018
16 | LLC; PATH AMERICA TOWER, LP; PATH      |
   | TOWER SEATTLE, LP; POTALA TOWER        |
17 | SEATTLE, LLC; and LOBSANG DARGEY,      |
   |                                        |
18 |                    Defendants, and,    |
   |                                        |
19 | POTALA SHORELINE, LLC; POTALA          |
   | VILLAGE KIRKLAND, LLC; DARGEY          |
20 | DEVELOPMENT, LLC; DARGEY               |
   | ENTERPRISES, LLC; PATH OTHELLO,        |
21 | LLC; PATH FARMER'S MARKET, LLC; and    |
   | DARGEY HOLDINGS, LLC,                  |
22 |                                        |
   |                    Relief Defendants.  |
23

24

25

26

27

28

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
865 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071-3309
213.622.5555 P | 213.620.8816 F

1  **TO ALL INTERESTED PARTIES, THEIR COUNSEL OF RECORD**
2  **AND THIS HONORABLE COURT:**

3      Michael A. Grassmueck ("Receiver"), the court-appointed Receiver for Path
4  America LLC, Potala Shoreline, LLC ("Shoreline") and related entities
5  ("Receivership Entities"), hereby moves this Court for an order approving the
6  purchase and sale agreement and all related amendments and terms set forth therein,
7  for the pending sale of that certain commercial property in Shoreline, Washington,
8  defined below.  This Court has previously approved the purchase and sale
9  agreement for this pending sale, as well as three amendments thereto.  The
10 agreement has since been amended again by the parties, subject to Court approval,
11 to allow buyer one additional option to extend the closing by sixty (60) days, and
12 this motion thus seeks approval of the purchase and sale agreement and its terms, as
13 amended.

14 I.    **INTRODUCTION AND RELEVANT FACTS**

15      The Receiver was appointed by this Court with full powers of an equity
16 receiver, and ordered, among other things, to take possession of and assume
17 authority and control over the assets of the receivership estate, including that certain
18 commercial property located at 15560 Westminster Way North, Shoreline,
19 Washington 98133 ("Property"); title to which is presently held by Shoreline.
20 Declaration of Michael A. Grassmueck filed herewith ("Grassmueck Decl."), ¶ 3.

21      Shortly after his appointment, the Receiver took possession of the Property
22 and, thereafter, marketed the property for sale through a licensed broker, resulting in
23 the acceptance of an offer from Maple Multi-Family Land TX, L.P. ("Buyer"). *Id.*
24 at ¶ 4.  On August 4, 2017, the Receiver filed a motion seeking approval of the sale
25 of the Property ("Sale Motion", Dkt No. 571) to Buyer and approval of the related
26 Purchase and Sale Agreement and Joint Escrow Instructions ("Purchase and Sale
27 Agreement") and First Amendment to Purchase and Sale Agreement and Joint
28

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA                                    -1-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F

1  Escrow Instructions ("First Amendment to PSA") submitted as Exhibit A to the
2  Declaration of Michael A. Grassmueck filed concurrently herewith ("Grassmueck
3  Decl.") as Docket No. 571-1. *Id.* On September 13, 2017, this Court entered an
4  Order Granting Motion for Order Approving Sale of Shoreline Property as Docket
5  No. 585 (the "Approval Order"), granting the Receiver's Sale Motion and approving
6  the Purchase and Sale Agreement and the First Amendment to PSA, and the terms
7  set forth therein.

8        The Court previously approved two additional amendments to the PSA
9  pursuant to which Buyer received options to extend the closing date in exchange for
10 extension fees, additional earnest money deposits, and/or the release of escrowed
11 funds to the Receiver.[1] See Docket Nos. 618, 643. Grassmueck Decl., ¶¶ 5-6. As
12 of the date of this filing, the Buyer has exercised all of the extension options,
13 thereby extending the closing date to December 31, 2018, and has requested an
14 additional option to further extend the closing to March 1, 2019. *Id.* at ¶ 7.

15       Buyer has informed the Receiver that the lender with whom it had been
16 negotiating for some time with respect to financing the acquisition and development
17 of the Property recently and unexpectedly decided not to proceed with the loan.
18 Grassmueck Decl., ¶ 8. Buyer requested an additional sixty (60) days to line up
19 replacement financing. Buyer confirmed its commitment to close the transaction,
20 noting that it had already committed almost $3.5 million to the project in the form of
21 earnest money deposits of $1.5 million and close to $2 million in development costs
22 (plans, permits, attorneys' fees, etc.). *Id.* Buyer also provided documentation to the
23 Receiver concerning the development expenditures, and agreed to provide additional
24 consideration to the receivership estate. *Id.*

25

26  [1]  Such amendments were the Second Amendment to Purchase and Sale Agreement and Joint
27  Escrow Instructions ("Second Amendment to PSA"), a true and correct copy of which is attached to the Grassmueck Decl. as Exhibit B, and the Third Amendment to Purchase and
28  Sale Agreement and Joint Escrow Instructions ("Third Amendment to PSA"), a true and correct copy of which is attached to the Grassmueck Decl. as Exhibit C.

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA       -2-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F

1    Thus, the Receiver and Buyer have agreed, subject to this Court's approval, to
2 allow Buyer an additional extension option to extend the closing of the transaction
3 by 60 days in exchange for the delivery of a further non-refundable deposit of
4 $100,000.00 as well as extension fees in the amount of $1,000.00 per day, which
5 agreement is memorialized in a Fourth Amendment to Purchase and Sale Agreement
6 and Joint Escrow Instructions ("Fourth Amendment to PSA"). *Id.* at ¶ 9, Ex. D.
7 Given this option, assuming Buyer exercises it and submits the additional deposit
8 and $60,000.00 in prospective extension fees to escrow, the final closing date of the
9 transaction would be on or before March 1, 2019. *Id.* at ¶ 10. If Buyer exercises the
10 extension option but fails to close the transaction by March 1, 2019, Receiver will
11 be entitled to keep the non-refundable deposits in the aggregated amount of
12 $1,600,000.00. *Id.*

13    The Receiver consulted with counsel for the Securities and Exchange
14 Commission ("Commission") with respect to the relief sought in this motion, and
15 counsel confirmed the Commission has no objection. *Id.*, ¶ 13.

16 **II.    ARGUMENT**

17    "The power of a district court to impose a receivership or grant other forms of
18 ancillary relief does not in the first instance depend on a statutory grant of power
19 from the securities laws. Rather, the authority derives from the inherent power of a
20 court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369
21 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly
22 and efficient administration of the estate by the district court for the benefit of
23 creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir 1986). As the appointment
24 of a receiver is authorized by the broad equitable powers of the court, any
25 distribution of assets must also be done equitably and fairly. *See SEC v. Elliot*,
26 953 F.2d 1560, 1569 (11th Cir. 1992).

27

28

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA                                    -3-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F

District courts have the broad power of a court of equity to determine the appropriate action in the administration and supervision of an equity receivership. *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005). The Ninth Circuit explained:

> A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership. The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions. A district court's decision concerning the supervision of an equitable receivership is reviewed for abuse of discretion.

*Id.* (citations omitted); *see also CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the court's supervisory role, and 'we generally uphold reasonable procedures instituted by the district court that serve th[e] purpose' of orderly and efficient administration of the receivership for the benefit of creditors.").

Accordingly, this Court has broad equitable powers and discretion in formulating procedures, schedules and guidelines for administration of the receivership estate and disposition of receivership assets.

In addition, it is generally conceded that a court of equity having custody and control of property has power to order a sale of the same in its discretion. *See, e.g., Elliott, supra*, 953 F.2d at 1566 (finding that the District Court has broad powers and wide discretion to determine relief in an equity receivership). "The power of sale necessarily follows the power to take possession and control of and to preserve property." *See also SEC v. American Capital Invest., Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), *cert. denied* 520 U.S. 1185 (decision abrogated on other grounds) (*citing* 2 Ralph Ewing Clark, Treatise on Law & Practice of Receivers § 482 (3d ed. 1992) (citing *First Nat'l Bank v. Shedd*, 121 U.S. 74, 87 (1887)).

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA                                    -4-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F

1  "When a court of equity orders property in its custody to be sold, the court itself as
2  vendor confirms the title in the purchaser." 2 Ralph Ewing Clark, Treatise on
3  Law & Practice of Receivers § 487).

4        "A court of equity, under proper circumstances, has the power to order a
5  receiver to sell property free and clear of all encumbrances." *Miners' Bank of*
6  *Wilkes-Barre v. Acker*, 66 F.2d 850, 853 (2d Cir. 1933). *See also*, 2 Ralph Ewing
7  Clark, Treatise on Law & Practice of Receivers § 500. To that end, a federal court
8  is not limited or deprived of any of its equity powers by state statute. *Beet Growers*
9  *Sugar Co. v. Columbia Trust Co.*, 3 F.2d 755, 757 (9th Cir. 1925) (state statute
10  allowing time to redeem property after a foreclosure sale not applicable in a
11  receivership sale).

12        Generally, when a court-appointed receiver is involved, the receiver, as agent
13  for the court, should conduct the sale of the receivership property. *Blakely Airport*
14  *Joint Venture II v. Federal Sav. and Loan Ins. Corp.*, 678 F. Supp. 154, 156
15  (N.D. Tex. 1988). The receiver's sale conveys "good" equitable title enforced by an
16  injunction against the owner and against parties to the suit. *See* 2 Ralph Ewing
17  Clark, Treatise on Law & Practice of Receivers §§ 342, 344, 482(a), 487, 489, 491.
18  "In authorizing the sale of property by receivers, courts of equity are vested with
19  broad discretion as to price and terms." *Gockstetter v. Williams*, 9 F.2d 354, 357
20  (9th Cir. 1925).

21  **III.    DISCUSSION**

22        Here, the Receiver believes, in his reasonable business judgment, that the
23  terms of the Fourth Amendment to PSA providing an additional 60 day extension
24  option in exchange for an additional nonrefundable deposit of $100,000.00 and
25  extension fees of up to $60,000.00, are in the best interests of the receivership estate.
26  Grassmueck Decl. ¶ 11.

27

28

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA                                            -5-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F

1       The Receiver has carefully considered numerous factors in reaching this

2  conclusion, including the goal of expeditiously winding up the receivership and

3  making distributions, the potential risks and benefits of extending the closing date as

4  compared to putting the Property back on the market, the likelihood of the current

5  transaction closing, and the net effect of various scenarios on the amount of funds to

6  be distributed to allowed claimants.  A key consideration in the Receiver's analysis

7  is the fact that the net proceeds from the existing transaction, if it closes, will be

8  sufficient to satisfy in full the allowed claim of Binjiang Shoreline Corp. ("BSC") in

9  the amount of $10,228,154.06.  Conversely, if the existing transaction does not close

10  and the net proceeds of a new sale are considerably less, BSC would have a

11  significant allowed claim that could result in a 10-20% reduction in the value of the

12  claims held by all other claimants.  Weighing all of the foregoing factors and others,

13  the Receiver determined that the current amendment is in the best interests of the

14  receivership estate.  *Id.*

15       Accordingly, the Receiver requests this Court grant this Motion and approve

16  the Purchase and Sale Agreement as amended by the First Amendment to PSA,

17  Second Amendment to PSA, Third Amendment to PSA, Fourth Amendment to PSA

18  and all terms set forth therein.

19       As with the prior amendment, the Receiver respectfully requests the Court

20  issue an order in a form substantially similar to and consistent with the Approval

21  Order.  Based on his experience in real estate transactions and consultation with

22  counsel, the Receiver believes a substantially similar order approving the terms of

23  the Purchase and Sale Agreement as amended by the four amendments, and all

24  terms set forth therein, is necessary to avoid potential complications in securing title

25  insurance and addressing other administrative matters associated with closing the

26  sale.  *Id*. at ¶ 12.  Accordingly, the Receiver submits with this Motion, a Proposed

27

28

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA          -6-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F

1 Order containing substantially the same terms as the Court's prior Approval Order

2 but revised to provide for approval of the terms of the Fourth Amendment to PSA.

3 **IV.** **CONCLUSION**

4      For the reasons set forth herein, the Receiver respectfully requests entry of an

5 order approving the Purchase and Sale Agreement, as amended by the First

6 Amendment to PSA, Second Amendment to PSA, Third Amendment to PSA,

7 Fourth Amendment to PSA, and all terms set forth therein, on substantially the same

8 terms as this Court's Approval Order entered on September 13, 2017.

9

10 Dated: December 13, 2018

        ALLEN MATKINS LECK GAMBLE
           MALLORY & NATSIS LLP

11

12         By:       */s/ Michael R. Farrell*

13            David R. Zaro, Esq. #124334 (CA)
           *(Pro Hac Vice Granted Oct. 26, 2015)*

14            Michael R. Farrell, Esq. #173831
           (CA)

15            *(Pro Hac Vice Granted Nov. 6, 2015)*
           Allen Matkins Leck Gamble Mallory

16            & Natsis LLP
           865 S. Figueroa Street, 28th Floor

17            Los Angeles, CA 90017-2543
           213.622.5555 P | 213.620.8816 F

18            E-mail: dzaro@allenmatkins.com
                   mfarrell@allenmatkins.com

19

20            *Attorneys for Receiver*
           *MICHAEL A. GRASSMUECK*

21

22

23

24

25

26

27

28

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA

-7-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F

1

## [PROPOSED] ORDER

2      Before the court is the Receiver ("Receiver") Michael A. Grassmueck's

3 Unopposed Motion for Order Approving Fourth Amendment to Purchase and Sale

4 Agreement for Sale of Shoreline Property. ("Unopposed Motion", (Dkt. #__).). The

5 motion is noted for the court's consideration on December 28, 2018. (*See id.* at title

6 page.) No party has filed an opposition to the motion. (*See generally* Dkt.) The

7 court has reviewed the motion, the relevant portions of the record, and the

8 applicable law. Being fully advised, the court GRANTS the motion and ORDERS

9 as follows:

10      1.     The sale of the commercial property located at 15560 Westminster

11 Way North, Shoreline, Washington 98133 (the "Property"), more specifically

12 described in the Purchase and Sale Agreement and Joint Escrow Instructions as

13 amended by the First Amendment to Purchase and Sale Agreement and Joint

14 Escrow Instructions, Second Amendment to Purchase and Sale Agreement and Joint

15 Escrow Instructions, Third Amendment to Purchase and Sale Agreement and Joint

16 Escrow Instructions and Fourth Amendment to Purchase and Sale Agreement and

17 Joint Escrow Instructions (collectively, the "Purchase and Sale Agreement"),

18 attached as Exhibits A, B, C and D to the Receiver's Declaration (*see* Grassmueck

19 Decl. (Dkt # ___ ) ¶¶ 4,5,6 and 9, Exs. A-D), is CONFIRMED and APPROVED;

20      2.     The purchase and sale of the Property to Maple Multi-Family Land TX,

21 LP ("Buyer") shall be on an "As-Is, Where-Is" basis, as set forth in the Purchase and

22 Sale Agreement;

23      3.     The court further finds as follows:

24            a.     The negotiation, execution, delivery, and consummation of the

25                 Purchase and Sale Agreement was conducted in a manner

26                 appropriate under applicable law;

27

28

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1143616.01/LA

-8-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F

b.     The Receiver has provided adequate and sufficient notice for the Unopposed Motion;

c.     The consummation of the sale of the Property is in the best interests of the estate of the Receivership Entities;

d.     Buyer has acted in good faith, the purchase and sale is undertaken by Buyer and the Receiver at arm's length, without collusion and in good faith, and Buyer is entitled to appropriate protections on account thereof;

4.     The purchase price of $11,500,000 for the Property is CONFIRMED and APPROVED;

5.     The Receiver is authorized, empowered and directed to immediately pay, upon closing of the sale, a commission of 1% of the final purchase price to broker Berkadia Real Estate Advisors;

6.     If applicable, the Receiver is authorized, empowered and directed to pay the "Buyer's Costs" as defined in the Purchase and Sale Agreement within ten (10) business days following closing to a third-party or delivery of Buyer's Termination Notice as defined in the Purchase and Sale Agreement;

7.     The sale of the Property to Buyer (i) is legal, valid and effectively transfers the Property; (ii) will vest Buyer with all right, title and interest to the Property free and clear of all "Removable Liens," other than "Permitted Exceptions," as those terms are defined in the Purchase and Sale Agreement; and (iii) constitutes a transfer for reasonably equivalent value and fair consideration under the laws of Washington state;

8.     Upon and after the closing of the purchase and sale contemplated herein, claims arising out of any security interests or other liens, if any, against the Property shall attach to the net proceeds of the purchase and sale in the same amount and priority as such security interests and other liens had against the Property prior

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA

-9-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F

1  to the purchase and sale, and the rights of creditors against third parties, such as
2  claims against guarantors of any debt owed by a Receivership Entity shall not be
3  affected by this purchase and sale;

4      9.      All persons holding or asserting a claim, of any nature, against a
5  Receivership Entity, shall be barred from taking any actions against Buyer (as they
6  existed immediately prior to closing of the purchase and sale) or the Property to
7  recover such claim;

8      10.     Upon and after the closing of the purchase and sale contemplated
9  herein, Buyer shall not be deemed to be (i) a successor to any Receivership Entity;
10 (ii) a continuation of any Receivership Entity; or (iii) to have assumed any liability
11 with respect to any claim, known or unknown, against any Receivership Entity or
12 the estate of the Receivership Entities, except those expressly assumed in the
13 Purchase and Sale Agreement;

14     11.     The provisions of this Order are non-severable and mutually dependent;

15     12.     The Receiver is immediately authorized, empowered and directed to
16 complete, consummate, and close the sale transaction, including executing any and
17 all documents as may be necessary and appropriate to do so;

18     13.     The Receiver is further authorized, empowered and directed to execute
19 and acknowledge the deed in the form attached in the Purchase and Sale Agreement
20 as Exhibit D;

21     14.     The Receiver is further authorized, empowered and directed to transfer
22 title and possession of the Property to Buyer and turnover possession of the Property
23 to Buyer upon closing;

24     15.     The Receiver may amend or otherwise modify the Purchase and Sale
25 Agreement if Buyer or its designee consents in writing;

26     16.     The terms of this Order shall be controlling but for subsequent
27 immaterial amendments or modifications to the Purchase and Sale Agreement;

28

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA

-10-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA  90017-2543
213.622.5555 P | 213.620.8816 F

1      17.    This Order shall be recorded; and

2      18.    This Court retains exclusive jurisdiction to interpret and enforce the

3   provisions of the Purchase and Sale Agreement and this Order, in all respects.

4

5      **IT IS SO ORDERED.**

6

7   Dated: December 31 , 2018

8                                                    Hon. James L. Robart
                                                     Judge, United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA
-11-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F

1

## **CERTIFICATE OF SERVICE**

2

   I hereby certify that on December 13, 2018, I caused the foregoing document

3

to be electronically filed with the Clerk of the Court using the CM/ECF system

4

which will send notification of the filing to all counsel of record.

5

6   Dated:  December 13, 2018                          _/s/ Michael R. Farrell_____

7                                                      Michael R. Farrell, Esq. #173831 (CA)
                                                       *(Pro Hac Vice Granted Nov. 6, 2015)*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNOPPOSED MOTION FOR ORDER APPROVING
FOURTH AMENDMENT TO PURCHASE AND SALE
AGREEMENT FOR SALE OF SHORELINE PROPERTY
1145616.01/LA                                    -12-

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
213.622.5555 P | 213.620.8816 F