UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>PATH AMERICA, LLC, et al.,<br><br>　　　　　　　Defendants and<br><br>POTALA SHORELINE, LLC, et al.,<br><br>　　　　　　　Relief Defendants. | CASE NO. C15-1350JLR<br><br>FINAL ORDER REGARDING FEE APPLICATIONS |

　　　Before the court are several final fee applications for fees and costs incurred in the final application period covering July 1, 2019, through December 4, 2019, and for payments previously held back from prior fee applications, including : (1) Receiver Michael A. Grassmueck's ("the Receiver") final fee application for $1,286.50 in fees, $884.20 in costs, and $134,840.06 in holdbacks (Dkt. # 700); (2) Allen Matkins Leck

Gamble Mallory & Natsis, LLP's ("Allen Matkins")[1] final fee application for $35,810.10 in fees, $2,045.83 in costs, and $787,295.79 in holdbacks (Dkt. # 701); (3) Financial Forensics'[2] final fee application for $3,972.00 in fees, which includes a reasonable estimate of the fees necessary to assist with the filing of final tax returns, and $53,577.34 in holdbacks (Dkt. # 702); (4) Peterson Sullivan LLP's ("Peterson Sullivan")[3] final fee application for $15,340.00 in fees, which includes a reasonable estimate of the fees necessary to assist with the filing of the Receivership's 2019 tax return, filing the final 2020 short-year tax return, and dealing with any Internal Revenue Service ("IRS") correspondence, and $63,854.77 in holdbacks (Dkt. # 703); (5) Baker Donelson's[4] final fee application for $661.00 in fees and $20,978.17 in holdbacks (Dkt. # 704);[5] (6) Caron Architecture LLC's ("Caron")[6] final fee application for $33,948.29 in holdbacks (Dkt. # 705); and (7) Karr Tuttle Campbell, P.S.'s ("Karr Tuttle")[7] final fee application for $3,264.00 in fees and $61,008.92 in holdbacks (Dkt. # 707).

//

//

---

[1] Allen Matkins is the Receiver's general counsel.

[2] Financial Forensics is the Receiver's forensic account.

[3] Peterson Sullivan is the Receiver's tax accountant.

[4] Baker Donelson is the Receiver's immigration counsel.

[5] Baker Donelson also asks the court to authorize it to apply $813.00 that remains in its trust account to the balance of the fees. (*See* Dkt. # 704-1 at 2.)

[6] Caron is the Receiver's contracted architect.

[7] Karr Tuttle is the Receiver's local counsel.

In addition to the foregoing final fee applications, the Receiver moves for an order (a) approving his final accounting and report; (b) granting him the authority to distribute the Receivership's proceeds to all claimants in accordance with his motion and the previously approved Distribution Plan;[8] (c) granting him the authority to destroy the books and records and delete the digital records of the Receivership Entities;[9] (d) granting him the authority to retain a reserve of $62,350.00 to pay for any future costs to administer the distribution, file tax returns, destroy records, and the close the Receivership; (e) granting him the authority to proceed with BDO U.S.A., LLP ("BDO") as the Receiver's tax accountant for the preparation and filing of the final tax returns for the Receivership Entities; (f) granting him the authority to pay any unclaimed funds or un-negotiated checks after 90 days and any funds received following the final distribution to the Securities and Exchange Commission ("SEC") for turnover to the United States Treasury; and (g) and discharging the Receiver and his Professionals[10] from all further duties, liabilities and responsibilities upon the filing of a declaration that he has faithfully

//

---

[8] (*See* 10/31/18 Mot. (Dkt. # 649) Ex. A (attaching copy of Receiver's Distribution Plan); 11/19/18 Order (Dkt. # 651) (granting Receiver's motion seeking approval of his Distribution Plan).)

[9] The Receivership Entities include Path America LLC; Path America SnoCo LLC; Path America Farmer's Market, LP; Path America KingCo, LLC; Path America Tower, LP; Path Tower Seattle, LP; Potala Tower Seattle, LLC; Potala Shoreline, LLC; Potala Village Kirkland, LLC; Dargey Development, LLC; Dargey Enterprises, LLC; Path Farmer's Market, LLC; and Dargey Holdings, LLC.

[10] The "Professionals" which have assisted the Receiver in the discharge of his duties for the Receivership include: Allen Matkins; Karr Tuttle; Financial Forensics; Baker Donelson PC; Caron Architecture; Peterson Sullivan LLP; and BDO U.S.A., LLP. (*See* Receiver's 12/20/19 Mot. (Dkt. # 710) at 7.)

completed his duties as ordered ("Receiver's Final Motion"). (*See* Receiver's Final Mot. (Dkt. # 710).)

As described below, the court GRANTS the fee applications of the Receiver, Allen Matkins, Financial Forensics, Peterson Sullivan, Baker Donelson, Caron, and Karr Tuttle (Dkt. ## 700-05, 707). In addition, the court GRANTS the Receiver's Final Motion (Dkt. # 710).

The Receiver's counsel filed all of the foregoing motions on December 20, 2019, and properly noted them for the court's consideration on January 10, 2020. (*See id.*; *see also* Dkt. ## 700-05, 707.) Any opposition to the motions was due no later than Monday, January 6, 2020. *See* Local Rules W.D. Wash. LCR 7(d)(3) ("Any opposition papers shall be filed and served no later than the Monday before the noting date."). No party filed an opposition to any of the motions. (*See generally* Dkt.) Under the court's local rules, the court may consider the lack of any opposition "as an admission that the motion has merit." *See* Local Rules W.D. Wash. LCR 7(b)(2).

The court finds that (1) the fees and costs requested in each of the fee applications listed above are reasonable and necessary, (2) the notice of the fee applications was appropriate, (3) the fee applications are made in accordance with the Order Appointing Receiver (*see* OAR (Dkt. # 88) ¶¶ 55-60),[11] and (4) the services provided were of

---

[11] There are two exceptions to this statement related to the timing of both Baker Donelson's and Karr Tuttle's fee applications. In its fee application, Baker Donelson requests for $661.00 for the fee application period of July 1, 2017, through September 30, 2017. (*See* Dkt. # 701-1 at 2.) Kar Tuttle requests $3,264.00 for the period "January 1, 2019, through closing." (*See* Dkt. # 707 at 4.) The Order Appointing Receiver states that "[w]ithin forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply

substantial benefit to the Receivership Estate.  (*See* Dkt. ## 700-05, 707.)  Further, the court approves the requests in each application for the Receiver to pay the amounts previously held back from each applicant pursuant to the Order Appointing Receiver.  (*See id.*; *see also* OAR ¶ 58 ("Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back . . . will be paid out at the discretion of the Court as part of the final fee application at the close of the [R]eceivership.").)

Accordingly, the court GRANTS the fee applications (Dkt. ## 700-05, 707) and APPROVES the Receiver's payment of the following fees, expenses, and holdbacks to each applicant as listed below:

| Applicant: | Fees: | Costs: | Holdback: |
| --- | --- | --- | --- |
| The Receiver | $1,286.50 | $884.20 | $134,840.06 |
| Allen Matkins | $35,810.10 | $2,045.83 | $787,295.79 |
| Financial Forensics | $3,972.00 | $00.00 | $53,577.34 |
| Peterson Sullivan | $15,340.00 | $00.00 | $63,854.77 |
| Baker Donelson | $661.00 | $00.00 | $20,978.17 |
| Caron | $00.00 | $00.00 | $33,948.29 |
| Karr Tuttle | $3,264.00 | $00.00 | $61,008.92 |

The court AUTHORIZES the Receiver to pay the following total amounts to each of the foregoing applicants as follows:

//

---

to the Court for compensation and expense reimbursement from the Receivership Estates . . . ."  (OAR ¶ 56.)  Thus, Baker Donelson's fee request from the calendar quarter July 1, 2017, through September 30, 2017, is more than two years late.  In addition, Karr Tuttle's fee request for a period spanning most or all of 2019 also violates the same provision of the Order Appointing Receiver.  Nevertheless, the court will allow and approve both fee requests because they are for relatively small amounts and because neither the Receiver nor any other party objected to the requests as untimely.  (*See generally* Dkt.)

1         (1) $137,010.76 to the Receiver;

2         (2) $825,151.72 to Allen Matkins;

3         (3) $57,549.34 to Financial Forensics;

4         (4) $79,194.77 to Peterson Sullivan;

5         (5) $20,826.17 to Baker Donelson;[12]

6         (6) $33,948.29 to Caron; and

7         (7) $64,272.92 to Karr Tuttle.

In addition, the court has considered the Receiver's Final Motion and all related submissions and GRANTS the Receiver's Final Motion (Dkt. # 710). Accordingly, the court AUTHORIZES the Receiver to:

    (1) distribute Receivership proceeds to all claimants in accordance with the Receiver's Final Motion and his Distribution Plan;

    (2) destroy the books and records and delete the digital records of the Receivership Entities;

    (3) retain a reserve of $62,350.00 to be used to pay for future costs to administer the distribution, file tax returns, destroy records, and close the Recievership;

    (4) proceed with BDO U.S.A., LLP as the Receiver's tax accountant for the preparation and filing of the final tax returns for the Receivership Entities; and

//

---

[12] The amount that the court authorizes the Receiver to pay Baker Donelson is reduced by the amount that Baker Donelson represents remains in its trust account applicable to the fees it requests. *See supra* n. 5. Pursuant to Baker Donelson's request, the court authorizes Baker Donelson to apply the $813.00 that remains in its trust account to the fees stated in its fee application. (*See* Dkt. # 704-1 at 2.)

(5) pay any unclaimed funds or un-negotiated checks after 90 days, and any funds received following the final distribution, to the SEC for turnover to the United States Treasury.

Finally, upon the filing of a declaration with the court affirming the Receiver's faithful completion of his duties as ordered and authorized herein, the court will discharge the Receiver and his professionals from all further duties, liabilities, and responsibilities imposed under the Order Appointing Receiver and otherwise by this court.

Dated this 13th day of January, 2020.

JAMES L. ROBART
United States District Judge